**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> *vs.* <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-00596 |

**MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION, AND/OR 5 U.S.C. § 705 STAY**

Pursuant to Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705, Plaintiffs American Federation of State, County and Municipal Employees, AFL-CIO; Alliance for Retired Americans; and American Federation of Teachers (together, "Plaintiffs"), on behalf of their members, hereby move for a temporary restraining order, preliminary injunction, and/or 5 U.S.C. § 705 stay:

1. Enjoining or staying the U.S. DOGE Service, U.S. DOGE Service Temporary Organization, and Defendants Musk and Gleason's (collectively, "DOGE Defendants") access, inspection, disclosure, or use of any information, including but not limited to return information, personally identifiable information, or non-anonymized information, that is contained in or obtained, derived, copied, or exported from SSA information systems and systems of record;

2. Enjoining or staying all Defendants' access, inspection, disclosure, or use of any SSA information system or system of record, or data contained in or obtained, derived, copied, or exported therefrom, for any purpose other than those permitted by the Privacy Act, a published

1

System of Records Notice, the Internal Revenue Code, and the Federal Information Security Modernization Act;

      3.      Enjoining or staying DOGE Defendants' or purported Acting Commissioner Dudek's direction or control of access, inspection, disclosure, or use of any SSA information system or system of record, or data contained in or obtained, derived, copied, or exported therefrom, including but not limited to return information, personally identifiable information, and non-anonymized information;

      4.      Directing all Defendants to file, within 24 hours of the issuance of any grant of injunctive relief, a notice confirming that DOGE Defendants no longer have access to SSA information systems or systems of record or any data contained in or obtained, derived, copied, or exported therefrom;

      5.      Ordering DOGE Defendants to disgorge or delete all unlawfully obtained, disclosed, or accessed data, including but not limited to return information, personally identifiable information, or non-anonymized data, from any SSA information system or system of record they could not lawfully access prior to January 20, 2025;

      6.      Prohibiting DOGE Defendants from installing any software on SSA devices, information systems, or systems of record and ordering that any software previously installed be removed; and

      7.      Prohibiting DOGE Defendants from accessing, altering, or disclosing any SSA computer or software code.

As set forth in more detail in the accompanying memorandum, SSA Defendants have unlawfully provided access to, and DOGE Defendants have unlawfully accessed, SSA's systems of record and the highly sensitive, personally identifiable, and non-anonymized information of

Plaintiffs' members contained therein. Defendants act in violation of the Privacy Act, the Social Security Act, the Internal Revenue Code, and the Administrative Procedure Act, as well as in a manner that is *ultra vires*. Plaintiffs and their members have suffered and will continue to suffer injuries absent injunctive relief.

Plaintiffs respectfully request a hearing on this emergency motion at the Court's earliest convenience. They further request that the Court exercise its discretion to waive or set at $0 the security requirement of Fed. R. Civ. P. 65(c) because Defendants will face no monetary injury from any relief ordered by the Court. *See Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013) ("[T]he district court retains the discretion to set the bond amount as it sees fit or waive the security requirement." (citations omitted)); *see Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, No. 25-CV-333, 2025 WL 573764, at *29 (D. Md. Feb. 21, 2025) (setting a nominal bond of zero dollars).

Dated: March 7, 2025

Respectfully submitted,

*/s/ Alethea Anne Swift*
Alethea Anne Swift (Bar No. 30829)
Mark B. Samburg (Bar No. 31090)
Karianne M. Jones*[+]
Robin F. Thurston*[+]
Emma R. Leibowitz*[+]
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
aswift@democracyforward.org
msamburg@democracyforward.org
kjones@democracyforward.org
rthurston@democracyforward.org
eleibowitz@democracyforward.org

*Counsel for Plaintiffs*

* Admission to this Court pending
[+] Admitted *pro hac vice*

3

## **CERTIFICATE OF SERVICE**

I, Alethea Anne Swift, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Northern Division, by using the CM/ECF system, which sent a notice of such filing to all registered CM/ECF users who have appeared in this case. I also emailed a copy of the motion and all its attachments to counsel at the Department of Justice.

/s/ Alethea Anne Swift
*Counsel for Plaintiffs*