IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERTION OF
STATE, COUNTY AND
MUNICIPAL EMPLOYEES, AFL-
CIO, *et al.*

   *Plaintiffs,*

v.

SOCIAL SECURITY
ADMINISTRATION, *et al.*

   *Defendants.*

Civil Action No. ELH-25-0596

**TEMPORARY RESTRAINING ORDER**

For the reasons set forth in the accompanying Memorandum Opinion, it is this 20th day of March 2025, at 2:12 p.m. by the United States District Court for the District of Maryland,

**ORDERED**:

1. Plaintiffs' Motion for Temporary Restraining Order ("TRO," ECF 21) is **GRANTED**.

    a. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the United States Social Security Administration ("SSA"), Leland Dudek, and Michael Russo (collectively, "SSA Defendants"), and any and all of their agents and employees, and any person working in concert with them, directly or indirectly, are **ENJOINED** and **RESTRAINED** from granting access to any SSA system of record containing personally identifiable information ("PII"), as defined in paragraph 10 hereof, or PII obtained, derived, copied, or exposed from any SSA system of record, including, but not limited to, records known as the Enterprise Data Warehouse ("EDW"), Numident, Master Beneficiary Record ("MBR"), and Supplemental Security Record ("SSR"), to the Department of Government

1

Efficiency ("DOGE"); the United States DOGE Service; the United States DOGE Service Temporary Organization; members of the DOGE Team established at the Social Security Administration, as defined in ¶ 10(a); Elon Musk; Amy Gleason; and/or any DOGE Affiliate, as defined in ¶ 10(b);

b. U.S. DOGE Service, U.S. DOGE Service Temporary Organization, Elon Musk, and Amy Gleason (collectively, "DOGE Defendants"), as well as all SSA DOGE Team members and DOGE Affiliates, shall disgorge and delete all non-anonymized PII data in their possession or under their control, provided from or obtained, directly or indirectly, from any SSA system of record to which they have or have had access, directly or indirectly, since January 20, 2025;

c. All DOGE Defendants, as well as all SSA DOGE Team members and DOGE Affiliates, are **ENJOINED** and **RESTRAINED** from installing any software on SSA devices, information systems, or systems of record, and shall remove any software that they previously installed since January 20, 2025, or which has been installed on their behalf;

d. All DOGE Defendants, as well as all SSA DOGE Team members and DOGE Affiliates, are **ENJOINED** and **RESTRAINED** from accessing, altering, or disclosing any SSA computer or software code.

2. This Order does not preclude SSA from providing members of the DOGE Team with access to redacted or anonymized data and records of SSA. However, no data shall be provided unless and until the persons to whom access is to be provided have received all training that is typically required of individuals granted access to SSA data systems, including training regarding federal laws, regulations, and policies governing the privacy

of PII; a background investigation is completed, comparable to the quality of background investigation conducted for SSA employees whose duties involve access to PII; detailing agreements are completed for any individual who is assigned to the DOGE Team from another agency; and all required Agency paperwork is completed, including execution of the SSA documents acknowledging the Systems Sanctions Policy and the duty to protect PII.

3. SSA may provide members of the DOGE Team with access to discrete, particularized, and non-anonymized data, in accordance with the Privacy Act, and in accordance with the conditions set forth herein: SSA must first comply with the provisions in ¶ 2 of this Order and, in addition, SSA must first obtain from the DOGE Team member, in writing, and subject to possible review by the Court, a detailed explanation as to the need for the record and why, for said particular and discrete record, an anonymized or redacted record is not suitable for the specified use. The general and conclusory explanation that the information is needed to search for fraud or waste is not sufficient to establish need.

4. On or before March 24, 2025, at 1:00 p.m. EDT, the SSA Defendants **SHALL FILE** a Status Report documenting the actions that they have taken to comply with this Order, and certifying the following:

    a. That no DOGE Defendant, DOGE Team member, or DOGE Affiliate shall be provided with access to any SSA systems, whether or not anonymized, unless and until these persons have been provided with all training that is typically required of individuals granted access to the SSA data systems, including training regarding federal laws, regulations, and policies governing the privacy of personally identifiable information;

    b. That no DOGE Defendant, DOGE Team member, or DOGE Affiliate shall have access to any SSA system of records, whether or not anonymized, unless and until a background investigation is completed, comparable to the quality of investigation for SSA employees whose duties involve access to PII, and that all required Agency paperwork is completed, including execution of the SSA documents acknowledging the Systems Sanctions Policy and the duty to protect PII;

    c. As to individuals detailed to SSA from another agency, only DOGE Team members whose detail agreements are complete shall have access to any SSA records;

    d. An explanation of why each DOGE Defendant, DOGE Team member, and/or DOGE Affiliate is in need of non-anonymized access to the PII in each SSA data system to which access is sought.

5. The Court may require further Status Reports, which may, in turn, require the SSA Defendants and the DOGE Defendants to provide further detail as to their compliance activities. The Court may also enter further orders as necessary to ensure compliance with this Order.

6. This Order applies to SSA at every and any place where record systems are located, maintained, accessed, or available.

7. Pursuant to Fed. R. Civ. P. 65(c), each plaintiff organization **SHALL POST BOND** with the Clerk of the Court in the sum of $250, for a total of $750, due by 12:00 p.m. EDT on March 24, 2025.

8. Unless the Court orders otherwise, pursuant to a motion for extension, this Order **SHALL EXPIRE** fourteen (14) days after entry. *See* Rule 65(b)(2).

9. The parties shall meet and confer to discuss a schedule for any request for limited discovery, and a briefing schedule for a preliminary injunction motion, if necessary, and shall file a joint status report on these matters by 5:00 p.m. on March 27, 2025.

10. For purposes of this Order, the following definitions apply:

    a. The Court has not been provided with the names of the people who are assigned to SSA to implement the DOGE agenda. Because the number of people and the people themselves may change, the definition of the term is fluid. But, as used herein, the term "DOGE Team" refers to any person assigned to SSA to fulfill the DOGE agenda, including Executive Order 14,158.

    b. "DOGE Affiliate" shall mean any employee, agent, officer, contractor, special government employee, or consultant employed by or affiliated in any way with the Department of Government Efficiency, the United States DOGE Service, the United States DOGE Service Temporary Organization, members of the DOGE Team established at the Social Security Administration; any SSA employee, contractor, special government employee, or consultant working on or implementing the DOGE agenda; anyone who has been granted access by SSA to SSA records for the purpose of implementing the DOGE agenda with respect to SSA; and any persons working, directly or indirectly, in concert with any of the above individuals;

    c. "Personally identifiable information" or "PII" shall mean "information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual," and shall include, *inter alia*, Social Security numbers; medical records; mental health

records; medical provider information; medical and mental health treatment records; employer and employee payment records; employee earnings; addresses; bank records; tax information.

/s/ Ellen L. Hollander
Ellen Lipton Hollander
United States District Judge