**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00596-ELH |

**DEFENDANTS' STATUS REPORT AND CERTIFICATION**

The Social Security Administration files this Status Report as required by paragraph 4 of the Court's March 20, 2025, Temporary Restraining Order, ECF No. 48. As confirmed by the attached declaration of Leland Dudek, the SSA's Acting Commissioner, SSA has taken all necessary steps to implement the Court's Order.

Specifically, SSA has revoked all SSA DOGE Team members' access to SSA systems of records, including but not limited to the Enterprise Data Warehouse, Numident, Master Beneficiary Record, and Supplemental Security Record. Declaration of Leland Dudek ("Dudek Decl.") ¶ 4. SSA understands that the "Department of Government Efficiency" is a general term used to describe the President's initiatives to modernize Federal technology and maximize governmental efficiency and productivity. It does not exist as an entity apart from the U.S. DOGE Service and therefore could not have access to SSA systems of records. SSA has never granted

access to SSA systems of records to the United States DOGE Service, the U.S. DOGE Service Temporary Organization, Elon Musk, or Amy Gleason (collectively "DOGE Defendants"). *Id.*[1]

The DOGE Defendants have never had the ability to install any software on SSA devices, information systems, or systems of record, or to access, alter, or disclose any SSA computer or software code. *Id.* ¶ 9. Any software installed since January 20, 2025, by SSA DOGE Team members or DOGE Affiliates on SSA devices, information systems, or systems of records, or installed on their behalf or on behalf of the DOGE Defendants, has been removed. *Id.* ¶ 10. Further, SSA DOGE Team members and DOGE Affiliates do not have the ability to access, alter, or disclose any SSA computer or software code. *Id.* ¶ 9.

In addition, SSA certifies that, while the Court's Order remains in effect:

(1) No DOGE Defendants, SSA DOGE Team member, or DOGE Affiliate shall be provided with access to any SSA system, whether or not anonymized, unless and until these persons have been provided with all training that is typically required of individuals granted access to SSA data systems, including training regarding federal laws, regulations, and policies governing the privacy of personally identifiable information. *Id.* ¶ 11.

(2) No DOGE Defendants, SSA DOGE Team member, or DOGE Affiliate shall have access to any SSA system of records, whether or not anonymized, unless and until a background investigation is completed, comparable to the quality of investigation for SSA employees whose duties involve access to PII, and that all required Agency paperwork is completed, including

---

[1] Paragraph 4 of the Court's Order directed only the SSA Defendants to file a status report documenting the actions that they have taken to comply with the Order and certifying the information contained in paragraphs 4.a through 4.d. However, counsel for the government has also informed the DOGE Defendants, through counsel, of the Court's Order and the requirement to "disgorge and delete all non-anonymized PII data in their possession or under their control, provided form or obtained directly or indirectly, from any SSA system of record to which they have or have had access, directly or indirectly, since January 20, 2025."

execution of the SSA documents acknowledging the Systems Sanctions Policy and the duty to protect PII. *Id.*

(3) As to individuals detailed to SSA from another agency, only SSA DOGE Team members whose detail agreements are complete shall have access to any SSA records. *Id.*

(4) At this time, in light of the Court's Order, SSA does not seek to provide SSA DOGE Team Members with access to "discrete, particularized, and non-anonymized data" as permitted under the conditions contained in paragraph 3 of the Order.

Defendants also write to address the issues raised in the Court's letters to counsel on March 21, 2025. ECF Nos. 50, 51, and 52. On its face, the definition of "DOGE Affiliate" could be read to apply to a large number of SSA employees. That is because the President's "DOGE Agenda" is not defined, either in the Executive Order or the Court's Order, and implementing the President's priorities is broadly the responsibility of all federal agency employees. Defendants appreciate the Court's clarification that the term "DOGE Affiliate" was included in the Temporary Restraining Order "to address the possibility that others at SSA could be working at DOGE's direction or added to the [SSA DOGE] Team," ECF No. 52, and SSA is complying with the Temporary Restraining Order consistent with that clarification.

In particular, the SSA DOGE Team members are not directing, or involved in, any SSA projects, including those that the SSA DOGE Team members previously led or worked on. Consistent with the Court's Order as clarified, however, SSA may continue work on those projects without the SSA DOGE Team members' involvement.

In addition, the Acting Commissioner, the OCIO, and other SSA employees are not accessing SSA records at the direction of, or for, the SSA DOGE Team members or the DOGE

Defendants.  But the Acting Commissioner, Mr. Russo, and other SSA employees may continue to access SSA records for other official SSA duties.

Dated:  March 24, 2025                    Respectfully submitted,

                                          YAAKOV M. ROTH
                                          Acting Assistant Attorney General
                                          Civil Division, Federal Programs Branch

                                          */s/ Elizabeth J. Shapiro*
                                          ELIZABETH J. SHAPIRO
                                          Deputy Branch Director
                                          Civil Division, Federal Programs Branch

                                          BRADLEY P. HUMPHREYS
                                          Senior Trial Counsel
                                          MARIANNE F. KIES
                                          BENJAMIN S. KURLAND
                                          SIMON G. JEROME
                                          Trial Attorneys
                                          Civil Division, Federal Programs Branch
                                          United States Department of Justice
                                          1100 L Street NW
                                          Washington, DC 20005
                                          Telephone: (202) 305-0878
                                          Bradley.Humphreys@usdoj.gov

                                          Kelly O. Hayes
                                          Interim United States Attorney

                                          MICHAEL J. WILSON
                                          USDC Md Bar No. 18970
                                          Assistant United States Attorney
                                          36 S. Charles St., 4th Floor
                                          Baltimore, Maryland 21201
                                          Tel: (410) 209-4941
                                          Fax: (410) 962-2310
                                          Michael.Wilson4@usdoj.gov

                                          *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 24, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

 */s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO