IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br> *vs.* <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br> *Defendants*. | Civil Action No. 1:25-cv-00596 |

## DECLARATION OF LELAND DUDEK

I, Leland Dudek, hereby declare upon penalty of perjury:

1. I am the Acting Commissioner at the Social Security Administration (SSA), in Woodlawn, Maryland, and I have served in this role since February 16, 2025.

2. In my role as Acting Commissioner, I am responsible for the exercise of all powers and the discharge of all duties of the agency and have authority and control over all personnel and activities thereof. This includes assigning duties and authority to act to officers and employees of the agency, including information and systems access by SSA's DOGE Team.

3. I provide this declaration in support of the Status Report and Certification required by the Court's March 20, 2025 Temporary Restraining Order (Order). This declaration outlines what actions SSA has taken to comply with the Order. These statements are made with my personal knowledge, discussion with SSA staff, and review of documents and information furnished to me in the course of my official duties.

4. As of Monday, March 24, 2025, SSA revoked all SSA DOGE Team[1] members' access to SSA systems containing personally identifiable information (PII) or systems of record, including the Enterprise Data Warehouse, Numident, Master Beneficiary Record, and Supplemental Security Record. *See* Order ¶ 1.a. The DOGE Defendants have never had access to SSA systems of record.

5. As of March 24, the SSA DOGE Team is not directing, or involved, in any SSA projects, including those that the SSA DOGE Teams previously led or were involved that include use of, access to, or otherwise involve systems containing personally identifiable information (PII) or systems of record. However, these agency projects may continue without the SSA DOGE Team members' involvement.

6. As of March 24, SSA employees, including myself, are not accessing SSA records at the direction of, or for, the SSA DOGE Team or the U.S. DOGE Service, the U.S. DOGE Service Temporary Organization, Elon Musk, and Amy Gleason (collectively "DOGE Defendants"). However, SSA employees continue to access SSA records for other official SSA duties.

7. SSA has directed DOGE Team members and DOGE Affiliates to delete all non-anonymized PII in their possession or control, if any, to the extent obtained from prior access to an SSA system. *See* Order ¶ 1.b.

8. The DOGE Defendants, as well as the SSA DOGE Team and DOGE Affiliates, do not have access to non-anonymized PII derived, contained, copied, or exposed from any SSA system. Order ¶ 1.a. Any non-anonymized PII previously obtained by the SSA DOGE

---

[1] Currently, SSA's DOGE Team consists of eleven members, one of which we began onboarding on March 17, 2025.

Team or DOGE Affiliates since January 20, 2025 has been permanently deleted. Order ¶ 1.b.

9. As of March 24, the DOGE Defendants, SSA DOGE Team members, and DOGE Affiliates do not have the ability to install any software on SSA devices, information systems, or systems of record, or to access alter, or disclose any SSA computer or software code. Order ¶¶ 1.c, d. The DOGE Defendants have never had the ability to do so.

10. Any software on SSA devices, information systems, or systems of record installed since January 20, 2025 by the SSA DOGE Team members, or DOGE Affiliates, or anyone acting on their behalf or on behalf of the DOGE Defendants, has been removed. *See* Order ¶ 1.c.

11. Before seeking to provide access to systems or records containing PII any DOGE Defendant, SSA DOGE Team member, or DOGE Affiliate, SSA will ensure that the individual seeking access has been provided all training required for such access; that a background investigation has been completed comparable to the quality of an investigation for SSA employees with similar access, including execution of SSA documents acknowledging the duty to protect PII; and that any agreement concerning the individual's employment at SSA (such as detail agreements) is complete. Order ¶¶ 4.a, b, c. Moreover, before seeking to provide any SSA DOGE Team member access to non-anonymized data from SSA systems containing PII, SSA will obtain from the SSA DOGE Team member, in writing, a detailed explanation as to the need for the record and why, for said particular and discrete record, an anonymized or redacted record is not suitable for the specified use. Order ¶ 3.

12. Before seeking to provide a DOGE Defendant, DOGE Team member, or DOGE Affiliate access to non-anonymized PII in an SSA system, SSA will provide the Court with an

explanation of why the person for whom access is sought is in need of non-anonymized access to the PII in the relevant SSA data system.  Order ¶ 4.d.

I declare the foregoing to be true and correct, upon penalty of perjury.

Date: _____3/24/2025_____              Signed: ___/S/ Leland Dudek_____

                                                                              Leland Dudek
                                                                              Acting Commissioner
                                                                              Social Security Administration