IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*,

        Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION, *et al.*,

        Defendants.

Case No. 1:25-cv-00596-ELH

**DEFENDANTS' MOTION FOR A STAY PENDING APPEAL AND
MEMORANDUM IN SUPPORT OF THE MOTION**

**INTRODUCTION**

Defendants respectfully move for a stay of this Court's Memorandum Opinion and Order, as clarified, *see* ECF Nos. 48–52. For the reasons stated in Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and/or 5 U.S.C. § 705 Stay, Defendants are likely to prevail on appeal. This Court lacks jurisdiction because Plaintiffs have not alleged a concrete harm and because the data access decisions Plaintiffs challenge are not reviewable under the Administrative Procedure Act. Moreover, on the merits, and assuming jurisdiction, Defendants are likely to prevail on Plaintiffs' claims that Defendants acted in violation of the Privacy Act and arbitrarily and capriciously. The equities also weigh in favor of a stay. Neither Plaintiffs nor their members will be harmed during the pendency of an appeal, and the Court's injunction intrudes on the basic operation of federal agencies and thwarts implementation of a critical Presidential directive.

Plaintiffs oppose this motion.

**ARGUMENT**

**THE COURT SHOULD STAY ITS INJUNCTION PENDING APPEAL**

Defendants request a stay pending appeal of the Court's injunction under Federal Rule of Civil Procedure 62. In evaluating whether to grant a stay pending appeal, courts consider four factors: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

For the reasons stated in Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and/or 5 U.S.C. § 705 Stay, Defendants are likely to

1

prevail on appeal. *See* Defs.' Opp'n to Pls.' Mot. for TRO, Prelim. Inj., and/or Stay, ECF No. 36 ("Defs.' Opp'n"). First, Plaintiffs lack Article III standing because they fail to allege concrete injury. *Id.* at 6–13; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). Plaintiffs claim a purely intangible form of injury—namely, they allege that the disclosure of their personal information to DOGE team members at the agencies constitutes an invasion of privacy. That injury is not concrete. Nor does the tort of intrusion upon seclusion have a "close relationship" to Plaintiffs' claimed injury. *TransUnion*, 594 U.S. at 417. Mere access to data housed by a government agency by government employees is not an unwarranted intrusion in the home, or otherwise into Plaintiffs' members solitude or seclusion. *See O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 246 (4th Cir. 2023). *Compare Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) (finding standing based on "irritating intrusions" caused by unwanted text messages, which is "analogous to [the] type of "intrusive invasion of privacy" covered by the tort of intrusion upon seclusion); *Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 919, 922 (4th Cir. 2022) (finding standing where defendants had obtained plaintiffs information to mail unsolicited advertising materials to the plaintiffs' homes). There is no intrusion at all into Plaintiffs' members' seclusion, much less one that would be "highly offensive" to a reasonable person. Restatement (Second) of Torts § 652B.

The Court also lacks jurisdiction because Plaintiffs do not challenge final agency action reviewable under the APA. Defs.' Opp'n. at 13–19. Plaintiffs sought, and have now received, an injunction that manages the day-to-day operations of the defendant agencies. But the APA does not provide oversight of the types of decisions such as which agency employees get access to which data systems. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 899 (1990); *Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004). And personnel decisions about which

2

particular agency personnel have access to any particular agency data system is not "final" because they are not decisions by which "rights and obligations have been determined" or from which "legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

On the merits, Plaintiffs fail to show any violation of the Privacy Act because the DOGE team members of the Social Security Administration are employed (or effectively employed through detail arrangements) by their respective agencies and have a "need to know" within the meaning of 5 U.S.C. § 552a(b)(1). Defs.' Opp'n. at 19–23. The Court's contrary conclusion is inconsistent with federal agency practice broadly and imposes obligations on agencies beyond what the Privacy Act requires. Defendants are also likely to prevail on Plaintiffs' claim that Defendants acted arbitrarily and capriciously. It was not arbitrary and capricious for Defendants to grant access to data systems to agency personnel engaged in implementing the President's Executive Order of "improv[ing] the quality and efficiency of government-wide software, network infrastructure, and information technology (IT) systems." 90 Fed. Reg. 8441, § 4. It is sufficient and reasonable that members of the agency DOGE teams were employed by the relevant agency and that Defendants, in their broad discretion to manage agency operations, found it appropriate to grant access so that those employees could perform duties within the scope of their employment, including detecting fraud, waste, and abuse in SSA programs.

The remaining factors—irreparable harm, the balance of harms, and the public interest—likewise favor the requested stay. In their motion for injunctive relief and reply brief in support thereof, Plaintiffs repeatedly claim that the continued disclosure of the Plaintiffs' members' personal information *within* each agency is irreparable harm that money damages cannot rectify. ECF Nos. 21-1, 39. But as other courts have found in cases addressing similar issues, that kind of harm is not irreparable because the mere possibility of misuse of data is conjectural, and Plaintiffs

fail to provide evidence that their information has been improperly made public. *See* Defs.' Opp'n. at 28–29 (citing similar cases denying injunctions based on lack of irreparable harm)

By contrast, the preliminary injunction causes direct irreparable injuries to the government and the public, whose interests "merge" in this context. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). As described in the accompanying declaration of Acting Commissioner Leland Dudek, the injunction harms the agency's operations by halting ongoing efforts to detect and eliminate fraud. *See* Declaration of Leland Dudek (appended). Preventing the SSA DOGE Team from continuing their work, moreover, deprives the agency of valuable expertise and effectively stops work on projects that could otherwise reduce improper payments to the tune of millions of dollars per day. *Id.* ¶¶ 5–8.

More broadly, the Court's injunction impinges on the President's broad authority over and responsibility for directing agency employees. It is therefore "an improper intrusion by a federal court into the workings of a coordinate branch of the Government." *Immigr. & Naturalization Serv. v. Legalization Assistance Project of the L.A. Cty. Fed'n of Labor*, 510 U.S. 1301, 1305–06 (1993) (O'Connor, J., in chambers). By instructing the government who can and cannot access the Defendant agencies' data systems, the Court curtails the Executive Branch's core duty to manage the day-to-day operations of its agencies. *See City of New York v. United States Dep't of Def.*, 913 F.3d 423, 431 (4th Cir. 2019) ("This distinction between discrete acts, which are reviewable, and programmatic challenges, which are not, is vital to the APA's conception of the separation of powers."); *see also Walmart Inc. v. U.S. Dep't of Just.*, 517 F. Supp. 3d 637, 655 (E.D. Tex. 2021) (finding that challenges to agency action "must identify specific and discrete governmental conduct, rather than launch a 'broad programmatic attack' on government's operations.'"), *aff'd*, 21 F.4th 300 (5th Cir. 2021).

## CONCLUSION

For these reasons, and for the reasons stated in Defendants' opposition to Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and/or 5 U.S.C. § 705 Stay, Defendants ask the Court to stay its temporary restraining order pending resolution on appeal. Defendants intend to seek relief from the Fourth Circuit later today.

Dated: March 26, 2025                    Respectfully submitted,

                                              YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

BRADLEY P. HUMPHREYS
Senior Trial Counsel

 /s/ Marianne F. Kies
MARIANNE F. KIES
BENJAMIN S. KURLAND
SIMON G. JEROME
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 353-1819
Marianne.F.Kies@usdoj.gov

KELLY O. HAYES
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4941

                                        Fax: (410) 962-2310
                                        Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on March 26, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

/s/ *Marianne F. Kies*
MARIANNE F. KIES