**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 26, 2025

LETTER TO COUNSEL

    Re:    *American Federation of State, County and Municipal Employees,*
             *AFL-CIO, et al. v. Social Security Administration, et al.*
             Civil Action No. ELH-25-0596

Dear Counsel:

As you know, at approximately 2:12 p.m. on March 20, 2025, I issued a Temporary Restraining Order ("TRO") in this case. ECF 48. Two letters from the Court to counsel followed on March 21, 2025. ECF 51; ECF 52.

As directed by the TRO, the government submitted a status report (ECF 56) and Declaration of Leland Dudek (ECF 56-1) on March 24, 2025, advising the Court of the efforts of the Social Security Administration ("SSA") to comply with the TRO. And, of relevance here, on March 24, 2025, the government noted an appeal to the Fourth Circuit. ECF 57.

At approximately 11:15 a.m. today, almost a week after I issued the TRO, defendants filed a motion to stay the TRO, "as clarified" by ECF 51 and ECF 52, pending appeal. ECF 60 ("Motion").[1] In the Motion, the government does not address the issue of whether this Court retains jurisdiction with respect to the Motion, in light of the pendency of the appeal.

In general, when a notice of appeal is filed, a trial court is divested of jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). In *Griggs*, the Supreme Court also said, *id.*: "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals . . . ." Similarly, in *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014), the Fourth Circuit recognized that, in general, a notice of appeal "transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *See also Fed. Trade Comm'n v. Lin*, 66 F.4th 164, 166 (4th Cir. 2023); *In re GNC Corp.*, 789 F.3d 505, 512 n.5 (4th Cir. 2015). However, there are "limited exceptions to the general rule that permit district courts to take subsequent action on matters that are collateral to the appeal . . . or to take action that aids the appellate process[.]" *Doe*, 749 F.3d at 258 (citations omitted).

---

[1] ECF 51 and ECF 52 sought to inform the government of the Court's view that Mr. Dudek's construction of the scope of the TRO, as reported by the press, was incorrect.

Therefore, by **2:00 p.m. on March 27, 2025**, I ask defendants to provide the Court with a memorandum that addresses the jurisdictional issue. Plaintiffs shall respond by **10:00 a.m. on March 28, 2025**. If the government seeks to reply, I ask that you notify Chambers by **11:00 a.m. on March 28, 2025**. If the government wishes to file a reply, I will then set a deadline for the submission.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge

2