IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00596-ELH |

**NOTICE OF COMPLIANCE WITH PARAGRAPHS 2-3**

The Social Security Administration files this Notice to inform the Court that four employees of the agency who are members of the agency's DOGE Team now satisfy the criteria for data access established in paragraphs 2 and 3 of the Court's Temporary Restraining Order, ECF No. 48.

Specifically, as described in the accompanying declaration of Deputy Commissioner of Human Resources Florence Felix-Lawson, those four employees have fully signed and completed agreements onboarding them as agency employees. Declaration of Florence Felix-Lawson ¶ 4, appended. All four employees have also completed all training typically required of individuals granted access to SSA systems, including privacy training, ethics training, and completion of signed acknowledgments regarding SSA information security and privacy awareness. *Id.* ¶ 5. Although the full background investigation for the four employees is not complete, those

employees have completed all steps in the background investigation process that SSA would ordinarily require before granting access to personally identifiable information. *Id*. ¶¶ 6–12.

Further, SSA has obtained from each of those four DOGE Team members, in writing, and subject to possible review by this Court, a detailed explanation as to the need for access to specific data in the Enterprise Data Warehouse necessary to perform their job duties. Those explanations are summarized in the accompanying declaration of Acting Commissioner of the Social Security Administration Leland Dudek. *See* Declaration of Leland Dudek, appended.

In particular, Employees 1 and 9 are working on a project to ensure SSA records accurately reflect whether an individual is alive or deceased. *Id*. ¶ 9. That project is aimed at preventing improper payments and fraud, waste, and abuse, and, to perform work on the project, Employees 1 and 9 need access to individuals' Social Security numbers (SSNs), demographics, benefits status, and contact information, among other fields. *Id.* ¶ 9. Access is necessary to examine whether the agency has assigned SSNs to all individual records and to research and conduct outreach (as needed) to confirm a person's status as living or deceased. *Id.* Because Employee 1 and Employee 9 are working on individual cases and may be reaching out to individuals in connection with those cases, data anonymization would make it impractical for those employees to conduct their work. The data schemas to which Employee 1 and Employee 9 seek access is the lowest level of access available that would still allow them to perform their work on behalf of the agency. *Id.*

Employee 5 is working on a separate project, focusing on ensuring that death records can be updated based on information currently available in agency records where SSA has sufficient confidence that would allow it to conclude a person is deceased. *Id.* ¶ 10. To work on that project, Employee 5 needs access to data such as SSNs, names, dates of birth, dates of death, and benefits information indicating signs of life. *Id.* Because the project involves updates to individual-level

records, anonymization is not feasible. *Id.* The data access sought by Employee 5 is the lowest level access available containing the information needed for the work to be performed. *Id.* ¶ 10.

Finally, Employee 8 is working on a project aimed at finding new ways to identify fraud with respect to direct deposits, new claims, and wage reporting. *Id.* ¶ 11. The project involves looking for patterns of fraud in these filings on an individual case level, and anonymization is not feasible because it could obscure information useful for identifying fraud. *Id.* The data access to which Employee 8 needs access to obtain information necessary for the project are the most restrictive possible to perform the work. *Id.*

SSA has fully complied with paragraphs 2 and 3 of the Court's Order as to these employees with respect to the specific projects described above and in Acting Commissioner Dudek's declaration. Accordingly, SSA believes it is appropriate and consistent with the Court's Order to provide the access described above to the four DOGE Team members. Out of an abundance of caution, however, SSA will not provide access until 1:00 p.m. on March 27, 2025. Counsel for the government is available to answer any questions regarding such access and compliance with the Court's order if the Court finds it appropriate to arrange a telephonic conference.

Dated: March 27, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division, Federal Programs Branch

*/s/ Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch
Elizabeth.Shapiro@usdoj.gov
202-514-5302

BRADLEY P. HUMPHREYS

Senior Trial Counsel

Marianne F. Kies
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005

Kelly O. Hayes
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4941
Fax: (410) 962-2310
Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I certify that on March 27, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

                                              */s/ Elizabeth J. Shapiro*
                                              ELIZABETH J. SHAPIRO