**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 27, 2025

LETTER TO COUNSEL

Re:   *American Federation of State, County and Municipal Employees, AFL-CIO et al. v. Social Security Administration et al.*
Civil No.: ELH-25-00596

Dear Counsel:

As you know, the Court held an emergency hearing beginning at 12:15 p.m. on March 27, 2025, in response to the government's filing of ECF 62 at about 10:00 a.m. Given that the government has filed an appeal in this case with the Fourth Circuit, the question of the Court's jurisdiction to hear the matter remains unresolved.

I shall assume, *arguendo*, that the Court has jurisdiction. Therefore, this letter confirms the following schedule, to which the parties have agreed.

1. The government's memorandum addressing this Court's jurisdiction is due by **4:00 p.m. today**.
2. Plaintiffs shall respond by **noon on March 28, 2025**. The government indicated that it does not anticipate a need to reply.
3. With respect to ECF 62, the plaintiffs' opposition is due by **9:00 a.m. on March 31, 2025**.
4. The government's reply is due by **10:00 a.m. April 1, 2025**.

During the hearing, Mr. Dudek addressed the subject matter of his Declaration, docketed at ECF 62-1. Among other things, he indicated that ¶ 11 of his Declaration did not accurately reflect what he meant to convey. Therefore, I ask the government to submit a Supplemental Declaration from Mr. Dudek, due by **Friday, March 28, 2025, at 4:00 p.m.**, clarifying ¶ 11.

In addition, Mr. Dudek avers in ¶ 11 that the Fraud Detection Project is "aimed at finding new ways to identify fraud . . . ." ECF 62-1 at 5. And, Mr. Dudek claims that "[a]nonymization is not feasible" in regard to the Fraud Detection Project. *Id.* He adds that "name matching would not be possible." *Id.*

As I understand ¶ 11, the Fraud Detection Project appears to amount to an attempt to uncover fraud, without particular, specific grounds that suggest fraud. With the Privacy Act in mind, as addressed in ECF 49, it is unclear to me why there is any need to disclose PII before there is a basis to believe that fraud has occurred. Therefore, the Supplemental Declaration should also clarify the work of the Fraud Detection Project, to include whether there are known, identifiable instances of fraud for which particular PII is sought. And, if there are no such specific, identifiable instances of fraud, then Mr. Dudek should address the need for the disclosure of non-anonymized data before there is a factual basis to support a belief that fraud has occurred or is occurring.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge