**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 27, 2025

LETTER TO COUNSEL

    Re:    *American Federation of State, County and Municipal Employees,*
               *AFL-CIO, et al. v. Social Security Administration, et al.*
               Civil Action No. ELH-25-0596

Dear Counsel:

       As you know, at approximately 2:12 p.m. on March 20, 2025, I issued a Temporary Restraining Order ("TRO") in this case. ECF 48. Two letters from the Court to counsel followed on March 21, 2025. ECF 51; ECF 52. On March 24, 2025, the government noted an appeal to the Fourth Circuit. ECF 57.

       At approximately 11:15 a.m. on March 26, 2025, almost a week after I issued the TRO, defendants filed in this Court a motion to stay the TRO, "as clarified" by ECF 51 and ECF 52. ECF 60 ("Stay Motion").[1] In view of the appeal, however, I asked the parties to address the question of this Court's jurisdiction to consider the Stay Motion. ECF 61. Those submissions have not yet been filed.

       In the meantime, during the evening of March 26, 2025, defendants filed with the Fourth Circuit a motion to stay the TRO pending appeal ("Fourth Circuit Stay Motion"). The government did not provide this Court with the courtesy of notice of the filing. Although the Stay Motion filed in this Court is six pages in length, including a cover page (ECF 60), the Fourth Circuit Stay Motion is approximately twenty-eight pages in length, exclusive of attachments.

       In the Fourth Circuit Stay Motion, defendants audaciously assert that this Court merely "piggyback[ed] on" the opinion in *American Federation of Teachers, at al., v. Scott Bessent, et al.*, DLB-25-0430, 2025 WL 582063 (D. Md. Feb. 24, 2025), "adopting" that court's reasoning "nearly wholesale." *See* Fourth Circuit Stay Motion at 1. The 135-page Memorandum Opinion (ECF 49) that I issued speaks for itself.

---

[1] ECF 51 and ECF 52 were only intended to correct Acting Commissioner Dudek's interpretation of the TRO.

      The defendants' approach of simultaneously filing two stay motions in two courts does not promote judicial economy.  And, I am hard pressed to rule on the Stay Motion when the very same matter is under consideration in the Fourth Circuit.

                                                  Very truly yours,


                                                        /s/
                                            Ellen Lipton Hollander
                                            United States District Judge

cc:  Nwamaka C. Anowi, Clerk,
      United States Court of Appeals
      for the Fourth Circuit