IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL
EMPLOYEES, AFL-CIO, *et al.*,

        Plaintiffs,

   v.

SOCIAL SECURITY
ADMINISTRATION, *et al.*,

        Defendants.

Case No. 1:25-cv-00596-ELH

**DEFENDANTS' RESPONSE TO COURT'S MARCH 26, 2025 ORDER**

On March 20, 2025, this Court entered a temporary restraining order ("TRO") that, *inter alia*, enjoined certain SSA employees from accessing personally identifiable information ("PII") on SSA systems. *See generally* ECF 48–49. The TRO will expire on April 3, 2025, but may be extended for good cause until April 17, 2025. *See* ECF 48; Fed. R. Civ. P. 65(b)(2). In accordance with the terms of the TRO, Defendants filed a status report certifying compliance on March 24, 2025. ECF 56. That same day, Defendants appealed the TRO to the Court of Appeals for the Fourth Circuit (ECF 57) and have moved to stay the TRO pending that appeal (ECF 60).[1] The motion to stay is pending. On March 27, 2025, Defendants also filed a notice of compliance with the TRO (ECF 62), which was the subject of a telephone conference held at 12:15 p.m. ET that day (ECF 64).

---

[1] Defendants also filed a motion to stay in the appellate court. Case No. 25-1291, Dkt. 5 (filed Mar. 26, 2025).

1

After Defendants filed their motion to stay the TRO, this Court entered a letter order in which it asked the parties to file a memorandum addressing whether the District Court has jurisdiction to take subsequent actions in this case while Defendants' appeal of the injunction is pending. ECF 61. During today's telephone conference, the District Court further clarified its interest in examining the jurisdictional effect, if any, of Defendants' pending motion to stay in the Fourth Circuit (*see* footnote 1), and whether the Court may resolve Defendants' recently filed notice of compliance with the TRO (*see* ECF 62). Defendants now respond.

## DISCUSSION

"The filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, a district court can still "take subsequent action on matters that are collateral to the appeal or to take action that aids the appellate process." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014).

### I.    The Court Has Jurisdiction to Enforce Its TRO.

This Court retains jurisdiction to enforce its TRO—such as by assessing compliance with the TRO—even while an appeal of the injunction is pending. *See Springs v. Ally Fin. Inc.*, 657 F. App'x 148, 151 (4th Cir. 2016) (per curiam) ("Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment." (cleaned up)); *Hudson v. Pittsylvania Cnty.*, 774 F.3d 231, 234 (4th Cir. 2014) ("[T]he court's continuing power to enforce its injunction order does not render appellate review of that order premature."). Because district courts retain jurisdiction to enforce their orders while an appeal is pending, this Court has jurisdiction to consider and assess Defendants' efforts to comply with the conditions of the TRO (*see* ECF 62).

2

## II. The Court Has Jurisdiction to Enter a Stay Pending Appeal.

This Court has jurisdiction to rule on Defendants' motion to stay pending appeal (ECF 60), even though a motion to stay is also pending with the Fourth Circuit. Such an act is in aid of the appellate process, as the Federal Rules of Appellate Procedure and Fourth Circuit precedent reflect. *See* Fed. R. App. P. 8(a)(1)(A) (requiring parties to first seek a stay from the district court); *Wolfe v. Clarke*, 718 F.3d 277, 281 n.3 (4th Cir. 2013) (noting that a district court retains jurisdiction to "address in the first instance a motion for stay pending appeal"); *see also, e.g.*, *Matter of Miranne*, 852 F.2d 805, 806 (5th Cir. 1988) ("[W]e are persuaded that the district court retained jurisdiction to grant appellant's request for a stay despite the fact that a notice of appeal to this Court was filed prior to the request for a stay."); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (explaining that the district court "retains jurisdiction over tangential matters . . . [including] issuing stays . . . pending the appeal."); *Project Vote/Voting for Am., Inc. v. Long*, 275 F.R.D. 473, 475 (E.D. Va. 2011) (granting a stay of judgment pending appeal); *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp 35, 37–38 (D.D.C. 1994) (determining it had jurisdiction to decide motion to stay preliminary injunction pending appeal).

And even though a motion to stay is also pending with the appellate court, the motion to stay in this Court is not moot. An issue is moot only "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007). The issue of whether to grant a "stay" is still a live controversy, because neither court has ruled on it yet. And until the Fourth Circuit rules on the stay motion, this Court can still provide defendants with "effectual relief" in the form of a stay. *See id.*

### III.  The Court Has Jurisdiction to Adjudicate a Motion for Preliminary Injunction.

This Court also has jurisdiction to decide a motion for preliminary injunction pending appeal of its TRO.  The Fourth Circuit has held that, even while an appeal is pending, a district court may take further action on matters "collateral" to the appeal.  *Doe*, 749 F.3d at 258.  Other circuits have concluded that, absent a stay by the district or appellate court, an interlocutory appeal of a preliminary injunction does not divest the district court of jurisdiction to proceed with deciding the merits of a case.  *See Pinson v. Pacheco*, 424 F. App'x 749, 754 (10th Cir. 2011); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) (same); *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, No. 2009-1168, 2009 WL 790105, at *1 (Fed. Cir. Mar. 25, 2009) (same).

The Court's TRO is collateral to a motion for preliminary injunction.  A TRO is a short-term remedy with a fixed duration aimed at preserving the status quo.  By contrast, a preliminary injunction has no fixed duration.  And that is true even if, as the government asserts on appeal, the TRO qualifies as an independently appealable order under 28 U.S.C. § 1292(a)(1) that has the "practical effect" of an order granting an injunction.  *Abbott v. Perez*, 585 U.S. 579, 594 (2018).  Just as summary judgment is a different form of relief than a preliminary injunction— such that consideration of the former can continue while a challenge to the latter is pending on appeal—so too a TRO and a preliminary injunction are different forms of relief subject to different limitations and requirements.  In particular, the short-term nature of a TRO sufficiently differentiates it from a preliminary injunction, allowing this Court to conduct further proceedings collateral to the TRO presently on appeal, such as consideration of a motion for preliminary injunction.

## CONCLUSION

For these reasons, this Court has jurisdiction to assess compliance with the TRO, rule on Defendants' motion to stay pending appeal, and decide Plaintiffs' forthcoming motion for preliminary injunction.

Dated: March 27, 2025   Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

BRADLEY P. HUMPHREYS
Senior Trial Counsel

*/s/ Marianne F. Kies*
MARIANNE F. KIES
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 353-1819
marianne.f.kies@usdoj.gov

KELLY O. HAYES
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4941
Fax: (410) 962-2310
Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on March 27, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

*/s/ Marianne F. Kies*
MARIANNE F. KIES