## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, | |
| *Plaintiffs*, | |
| *vs.* | Civil Action No. 1:25-cv-00596 |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | |
| *Defendants*. | |

### PLAINTIFFS' RESPONSE TO COURT'S MARCH 26, 2025, ORDER

Plaintiffs consider Defendants' appeal premature and, as such, do not have any concerns about this Court's jurisdiction. However, even were the appellate court to deem Defendants' appeal proper, Plaintiffs would agree with Defendants' assessment of this Court's jurisdiction.[1] This Court has jurisdiction to enforce and ensure compliance with its Temporary Restraining Order, to adjudicate Plaintiffs' forthcoming motion for a preliminary injunction, and to rule on Defendants' (premature) Motion for Stay Pending Appeal, ECF No. 60.

### I.    Brief Procedural History

On March 20, 2025, this Court entered a TRO enjoining Defendants from taking and requiring them to take certain actions with regard to the highly sensitive, personally identifiable information contained in Social Security Administration ("SSA") data systems. *See* ECF Nos. 48-49. On March 24, Defendants filed two documents with this Court. The first was a "Status Report and Certification" required by the TRO. *See* ECF No. 56. The second was a Notice of Appeal to

---

[1] As requested by the U.S. Court of Appeals for the Fourth Circuit, Plaintiffs will submit an opposition to Defendants' motion for a stay by 5:00 PM ET today. *See* Notice, No. 25-1291, Dkt. No. 6.

the Fourth Circuit. *See* ECF No. 57. Two days later, Defendants filed a Motion to Stay this Court's Order Pending Appeal. *See* ECF No. 60. Later the same day—and before this Court had ruled on or even set a briefing schedule for the motion for stay filed here—they filed a separate "Time-Sensitive Motion for a Stay Pending Appeal and An Immediate Administrative Stay" with the Fourth Circuit. Appellate Mot., No. 25-1291, Dkt. No. 5. Between those two filings, this Court directed the parties to brief questions regarding the impact of Defendants' appeal on this Court's jurisdiction. *See* ECF No. 61.

## II.    Discussion

Plaintiffs strongly oppose Defendants' efforts to circumvent well-settled law regarding the narrow and extraordinary circumstances in which a party may appeal a temporary restraining order. But Plaintiffs agree with Defendants' position that this Court retains jurisdiction over this matter, including for purposes of enforcing its TRO, ruling on Defendants' meritless motion for a stay pending appeal, and adjudicating any forthcoming motion for a preliminary injunction. This is a classic instance of the district court being positioned to "proceed as to matters in aid of the appeal." *See In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991) (citations omitted). The district court "may render such aid, for example, by . . . addressing in the first instance a motion for stay pending appeal." *Wolfe v. Clarke*, 718 F.3d 277, 281 n.3 (4th Cir. 2013) (citation omitted). Resolving outstanding questions regarding Defendants' compliance (or lack thereof) with this Court's TRO will, similarly, aid in the "appeal by relieving [the Fourth Circuit] from considering the substance of an issue begotten merely from" interpretive disagreement over the meaning of the TRO. *See Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir. 2001). And the "mere filing of an appeal of a preliminary injunction 'does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending,' including

proceeding to discovery and a trial on the merits." *International Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) (quoting *Contour Design, Inc. v. Chance Mold Steel Co., Ltd.*, 649 F.3d 31, 34 (1st Cir. 2011)). The same is true with regard to Plaintiffs' impending preliminary injunction motion. Treating appeal of a temporary restraining order as divesting a trial court of jurisdiction to consider a preliminary injunction would neither "promote judicial efficiency [nor] facilitate the division of labor between trial and appellate courts." *See Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014).

Plaintiffs submit this separate response to emphasize two distinct points:

*First*, Defendants' appeal is premature. Although briefing on the appropriateness of Defendants' appeal is proceeding before the Fourth Circuit, it bears repeating that Defendants have appealed a TRO, a ruling "not appealable" barring a few limited circumstances, none of which are applicable here. *See OPM v. Am. Fed. of Gov't Emps., AFL-CIO*, 473 U.S. 1301, 1303–04 (1985). Plaintiffs intend to advance that argument before the Fourth Circuit. *See* n. 1, *supra*.

While Plaintiffs maintain that this Court would retain jurisdiction even if Defendants' current appeal were a proper interlocutory appeal—for instance, from the entry of a preliminary injunction—the procedural infirmity of Defendants' appeal from a garden variety temporary restraining order emphasizes the importance of this Court retaining jurisdiction. If parties could temporarily divest trial courts of jurisdiction simply by filing an appeal of a patently unappealable interlocutory order, it could effectively grind ordinary litigation to a halt through unending, defective appeals.

*Second*, for the avoidance of doubt, Plaintiffs note that this Court does not merely have jurisdiction to, as Defendants characterize it, "Enter a Stay Pending Appeal." Defs.' Br. at 3, ECF No. 66. Defendants acknowledge that this Court retains jurisdiction to "*rule* on Defendants' motion

to stay pending appeal." *Id*. (emphasis added). The jurisdiction to rule on the motion for stay includes the jurisdiction to deny the motion. If this Court concludes that no stay is warranted, it can and should enter such a ruling and clarify or enforce its TRO as necessary to ensure compliance.

### III.    Conclusion

This Court should conclude that it retains jurisdiction, even during the pendency of Defendants' premature interlocutory appeal.

Dated: March 28, 2025                            Respectfully submitted,

*Alethea Anne Swift*

Alethea Anne Swift (Bar No. 30829)
Karianne M. Jones[*+]
Emma R. Leibowitz[*+]
Mark B. Samburg (Bar No. 31090)
Robin F. Thurston[*+]
Carrie Y. Flaxman[+]
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
aswift@democracyforward.org
kjones@democracyforward.org
eleibowitz@democracyforward.org
rthurston@democracyforward.org
msamburg@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

* Admission to this Court pending
+ Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I, Alethea Anne Swift, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Northern Division, by using the CM/ECF system, which sent a notice of such filing to all registered CM/ECF users who have appeared in this case.

/s/ Alethea Anne Swift
*Counsel for Plaintiffs*