IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERTION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*<br><br>    *Plaintiffs*,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*<br><br>    *Defendants*. | Civil Action No. ELH-25-0596 |

**MEMORANDUM**

This Court issued a Temporary Restraining Order ("TRO") on March 20, 2025. ECF 48. On March 24, 2025, the government noted an appeal to the Fourth Circuit. ECF 57. And, in this Court, on March 26, 2025, defendants filed a Motion for Stay Pending Appeal. ECF 60 ("Motion"). Plaintiffs oppose the Motion. ECF 71 ("Opposition"). The government has not replied.

On March 26, 2025, several hours after defendants moved for a stay in this Court, they also moved for a stay in the Fourth Circuit. *See* Case No. 25-1291, Docket Entry No. 5 ("Fourth Circuit Stay Motion"). On March 28, 2025, in accordance with a directive of the Fourth Circuit, *id.*, Docket Entry No. 6, plaintiffs filed an opposition to the Fourth Circuit Stay Motion. *Id.*, Docket Entry No. 11. And, the government filed a reply on March 31, 2025. *Id.*, Docket Entry No. 13. To my knowledge, the Fourth Circuit Stay Motion is pending.

In the meantime, in a "Joint Status Report" filed on March 27, 2025 (ECF 68), defendants agreed to extend the TRO through April 17, 2025, pursuant to Fed. R. Civ. P. 65(b)(2). ECF 68 at

1

1; *see also* ECF 69 (Order extending TRO through April 17, 2025). A preliminary injunction hearing is scheduled for April 15, 2025. ECF 69.

No hearing is necessary to decide the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## Discussion

Courts must consider four factors in deciding whether to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted).

As the *Nken* Court observed, there is "substantial overlap between these and the factors governing preliminary injunctions" and TROs. *Id.*; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction [or TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction [or TRO] is in the public interest."). For that reason, it "is generally logically inconsistent for a court to issue a TRO or preliminary injunction and then stay that order, as the findings on which those decisions are premised are almost perfect opposites." *Maryland v. United States Dep't of Agric.*, JKB-25-0748, 2025 WL 800216, at *26 (D. Md. Mar. 13, 2025); *see also PFLAG, Inc. v. Trump*, BAH-25-337, 2025 WL 685124, at *32 (D. Md. Mar. 4, 2025) (granting a request for a preliminary injunction, then denying a request for a stay pending appeal "[f]or all the [same] reasons").

In general, when a notice of appeal is filed, a trial court is divested of jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*,

2

459 U.S. 56, 58 (1982). In *Griggs*, the Supreme Court also said, *id.*: "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals . . . ." Similarly, in *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014), the Fourth Circuit recognized that, in general, a notice of appeal "transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *See also Fed. Trade Comm'n v. Lin*, 66 F.4th 164, 166 (4th Cir. 2023); *In re GNC Corp.*, 789 F.3d 505, 512 n.5 (4th Cir. 2015).

However, there are "limited exceptions to the general rule that permit district courts to take subsequent action on matters that are collateral to the appeal . . . or to take action that aids the appellate process[.]" *Doe*, 749 F.3d at 258 (citations omitted). The Fourth Circuit has explained that "these exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Id.* (citing cases). In dicta, the Fourth Circuit stated that "addressing in the first instance a motion for a stay pending appeal" is an example of a district court rendering aid to the appellate process. *Wolfe v. Clarke*, 718 F.3d 277, 281 n.3 (2013). And, other circuits have reached similar conclusions. *See, e.g.*, *Matter of Miranne*, 852 F.2d 805, 806 (5th Cir. 1988) (per curiam) ("[W]e are persuaded that the district court retained jurisdiction to grant appellant's request for a stay despite the fact that a notice of appeal to this Court was filed prior to the request for a stay."); *Stewart v. Donges*, 915 F.2d 572, 575 n.3 (10th Cir. 1990) (Following a notice of appeal, the "district court only retains jurisdiction over tangential matters such as . . . 'issuing stays or injunctions pending the appeal.'") (citation omitted).

Defendants assert that this Court retains jurisdiction to address the Motion. ECF 66. The government asserts, *id.* at 3: "This Court has jurisdiction to rule on Defendants' [Motion], even

3

though a motion to stay is also pending with the Fourth Circuit." According to the government, a stay pending appeal falls under the "aid" exception to the general rule divesting a trial court of jurisdiction over issues in a case that are implicated by an appeal. *Id.* Plaintiffs agree. *See* ECF 70 at 2 ("Plaintiffs agree with Defendants' position that this Court retains jurisdiction over this matter, including for purposes of . . . ruling on Defendants' meritless motion for a stay pending appeal . . . ."). Indeed, this is perhaps one of the only matters on which the parties have agreed. Both sides cite the Fourth Circuit's decision in *Wolfe*, 718 F.3d 277. ECF 66 at 3; ECF 70 at 2.

I am satisfied that the Court has jurisdiction to decide the Motion.

As to the merits, defendants largely rehash the same arguments that the Court rejected in its Memorandum Opinion (ECF 49) issued about one week before the filing of the Motion. Indeed, in support of the Motion, defendants cite to their opposition to plaintiffs' motion for a TRO (ECF 36). *See* ECF 60.

As to likelihood of success on the merits, defendants make no new arguments as to why they are likely to succeed on the Privacy Act or APA claims lodged by plaintiffs.[1] Therefore, for

---

[1] Defendants attached as an exhibit to the Motion the Declaration of Acting SSA Commissioner Leland Dudek. ECF 60-1. In the Declaration, Dudek explains the purported "operational burden on the [SSA] to continue to comply with the" TRO. *Id.* ¶ 3; *see also id.* ¶ 8 ("SSA's most senior leadership, including myself, have and continue to spend a substantial amount of time ensuring compliance with and response to the [TRO]. This time has significantly impacted SSA's ability to complete work necessary to otherwise manage the agency and complete our mission work."). Dudek also explains that the SSA DOGE Team features "world-class professionals such as highly-skilled engineers," who are only "appointed to work and consult with SSA on a time limited basis." *Id.* ¶ 5. According to Dudek, the SSA DOGE Team members are essential to advancing the goals of Executive Order 14,158, *id.* ¶ 4, and are working on projects such as "Direct Deposit Fraud"; "Wage Reporting Fraud"; "Improved Fraud Detection"; and "Extreme Age Records." *Id.* ¶ 6. Dudek states, *id.* ¶ 7: "Every day that SSA must stop work on the above key projects risks increased and continued fraud, waste, or abuse in government programs that could have been addressed."

The Declaration does not alter the Court's conclusion that plaintiffs are likely to succeed on the merits of their Privacy Act claim. In fact, defendants do not even cite to the Dudek

4

the reasons set forth in the Memorandum Opinion of March 20, 2025 (ECF 49), defendants have not "made a strong showing" that they are "likely to succeed on the merits." *Nken*, 556 U.S. at 434; *see Casa de Maryland, Inc. v. Trump*, PWG-19-2715, 2019 WL 7565389, at *2 (D. Md. Nov. 14, 2019) (defendants did not show that they were likely to succeed on the merits when the arguments they raised in support of motion for stay were "precisely those" the court previously rejected).

Moreover, defendants have not shown that they "will be irreparably injured absent a stay." *Nken*, 556 U.S. at 434. As plaintiffs point out, during an Emergency Telephone Conference held on March 27, 2025, Acting SSA Commissioner Dudek claimed that the anti-fraud related efforts of the SSA DOGE Team include matters that the SSA has considered for years but had "never gotten around" to doing. ECF 71 (Tr., 3/27/25), at 10. To claim irreparable harm based, at least in part, on the desire to now perform certain actions that could have been done earlier is not persuasive.

Notably, defendants have also agreed to extend the TRO to the maximum time permitted by law. This is not consistent with a claim of irreparable harm. The parties also submitted a proposed briefing schedule in connection with the motion for preliminary injunction contemplated by plaintiffs. As indicated, it is scheduled to be heard on April 15, 2025. *See* ECF 69.

For these reasons, I shall deny the Motion.

An Order follows.

Date: March 31, 2025            /s/
                                Ellen Lipton Hollander
                                United States District Judge

---

Declaration in support of their argument that they are likely to succeed on plaintiffs' Privacy Act claim.