IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL
EMPLOYEES, AFL-CIO, *et al.*,

        Plaintiffs,

        v.

SOCIAL SECURITY
ADMINISTRATION, *et al.*,

        Defendants.

Case No. 1:25-cv-00596-ELH

**DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF COMPLIANCE**

In its March 20, 2025 Order, the Court created a mechanism for SSA's employees to regain access to agency data, provided that SSA ensured there were no irregularities with respect to employees' paperwork, background investigations, and training. ECF No. 50. As demonstrated in Defendants' Notice of Compliance and accompanying declarations, SSA has now addressed the Court's concerns regarding onboarding and training. Moreover, SSA has provided significant detail regarding the nature of its employees' work and a thorough explanation of why four members of the agency's DOGE Team require access to specific types of data to implement the agency's priorities. Accordingly, SSA has now satisfied the criteria in paragraphs two and three of the Court's Order as to the projects identified in Defendants' Notice.

Plaintiffs disagree. But their response brief (ECF No. 77) only reveals their policy preference that members of the SSA DOGE Team never obtain access to the agency's data systems. Plaintiffs' proposed standard is unworkable and goes far beyond the requirements of the Privacy

Act. Plaintiffs' arguments would work to prohibit all SSA employees—not just those working on the President's DOGE agenda—from ever performing programmatic-level reviews of agency data.

Plaintiffs submit the declaration of Alex Doe, a former detailee to SSA from the former U.S. Digital Service, to suggest that background checks must be fully adjudicated before an agency employee may view PII. Yet, Mr. Doe does not claim to have performed work in Human Resources or to possess agency-wide knowledge of routine access grants to agency employees. *Id.* By contrast, Ms. Felix-Lawson, SSA's Deputy Commissioner of Human Resources—who has direct personal knowledge of SSA's practices in issuing Personal Identity Verification Cards and PII data access to newly onboarded employees—has testified under penalty of perjury that new SSA employees routinely work on and are provided access to PII while the employees' background investigations are pending. ECF No. 62-2 ¶ 9.

Plaintiffs also question Acting Commissioner Dudek's representations that anonymization is not feasible for the projects SSA wants to continue, relying the declaration of Ms. Ann Lewis. Ms. Lewis—who has never worked at SSA—states that her former work at another agency and at a private non-profit allow her to conclude that SSA's Acting Commissioner's statements about the inability to anonymize data are inaccurate. ECF No. 77-2 ¶¶ 1-3. But Ms. Lewis's statements are mere speculation. As even Ms. Lewis appears to concede, she has no personal knowledge of SSA's capabilities. *See, e.g.*, *id.* ¶ 8 (basing her conclusion on her "time at the General Services Administration and conversations I have had with peers"). The Court should not credit Ms. Lewis's conjecture over the sworn statements of Acting Commissioner Dudek, who has direct knowledge of the systems, data, and SSA fraud projects and who has already testified that anonymization is not feasible for the projects at issue in Defendants' Notice of Compliance. Lest

there be any doubt, however, Mr. Dudek confirms in the declaration accompanying this filing that anonymization is not a viable option. *See* Declaration of Leland Dudek (Exhibit A).

At bottom, Acting Commissioner Dudek—the head of an Executive Branch agency—has now provided three declarations and live testimony in this case explaining why *specific* employees require access to *specific* data systems that the agency maintains to carry out *specific* SSA priorities. In other words, he has explained why those employees "have a need for the record[s] in the performance of their duties." 5 U.S.C. § 552a(b)(1). Plaintiffs flyspeck Acting Commissioner Dudek's explanation and speculate that there may be other ways to achieve the agency's goals. But the Privacy Act is not a permission slip for Plaintiffs to superintend agency operations. SSA has satisfied the requirements of paragraphs two and three of the Court's Order as to the access and employees identified in Defendants' Notice of Compliance, and Defendants respectfully ask that the Court allow those employees to get on with their important work.

## CONCLUSION

Defendants respectfully request that the access sought in their Notice of Compliance be granted.

Dated: April 1, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

 */s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
MARIANNE F. KIES
SAMUEL HOLT
BENJAMIN S. KURLAND

3

SIMON G. JEROME
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

Kelly O. Hayes
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4941
Fax: (410) 962-2310
Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I certify that on April 1, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

 <u>/s/ Bradley P. Humphreys</u>
BRADLEY P. HUMPHREYS
