IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.,*<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00596-ELH |

**MOTION FOR ENTRY OF
PROTECTIVE ORDER**

Defendants respectfully move for entry of a protective order in the above-captioned action. There is good cause to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling of certain information in the administrative record and items produced and received in discovery, if discovery is authorized by the Court.

The Social Security Administration's Administrative Record contains sensitive, nonpublic information that includes measures SSA uses to safeguard its information and systems, which if made public could allow bad actors to circumvent agency privacy and security controls. Although these policies and manuals are controlled unclassified information (32 C.F.R. Part 2002), SSA still safeguards these records from unauthorized and public dissemination, and they are not policies that SSA would normally disclose to the public under the Freedom of Information Act (5 U.S.C. § 552). The Administrative Record also includes personnel records and personal information of SSA's DOGE Team members that is protected by the Privacy Act of 1974 and would not be

released under FOIA. Further, the Administrative Record includes agreements with other agencies that may contain nonpublic and sensitive information about or from those other agencies.

To ensure that Plaintiffs and this Court have access to information contained in the Administrative Record for purposes of Plaintiffs' forthcoming motion for preliminary injunction, SSA cannot merely redact all the records. Redaction would also be impractical given the short time SSA has had to compile the Administrative Record in these expedited proceedings. Thus, SSA seeks to produce the Administrative Record pursuant to the proposed Protective Order. Plaintiffs should have no objection to a protective order under the circumstances of this case, in which Plaintiffs have expressed a concern for personal privacy and data protection.

Defendants therefore respectfully request that the Court enter the accompanying proposed protective order.

Defendants have conferred with Plaintiffs' counsel, who oppose this motion. Defendants' understanding is that Plaintiffs object on the basis of what they consider to be the proposed protective order's overbreadth. Any concern about application of the proposed protective order to the Administrative Record, however, or any other alleged overbreadth, can be resolved between the parties in the coming days. In order to enable the timely service of the record to Plaintiffs, Defendants respectfully request that the Court enter the attached protective order.

Dated: April 2, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

 /s/ Bradley P. Humphreys
BRADLEY P. HUMPHREYS

    Senior Trial Counsel
MARIANNE F. KIES
SAMUEL HOLT
BENJAMIN S. KURLAND
SIMON G. JEROME
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

Kelly O. Hayes
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4941
Fax: (410) 962-2310
Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on April 2, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

 */s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS