IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-00596 |

## NOTICE
### REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION FOR EXTENSION OF TIME

Today's deadline for production of the Administrative Record was agreed to by the parties at a meet-and-confer on Tuesday, March 25,[1] and entered by the Court on Thursday, March 27. It was not until 10:36 a.m. today that Defendants first raised the idea of a protective order. They did so via an email and attached draft order totaling 14 pages. Plaintiffs immediately responded agreeing to discuss the issue. At 12:54 p.m., having had the opportunity to briefly review Defendants' draft, Plaintiffs emailed Defendants to indicate that (1) Defendants had not left sufficient time for Plaintiffs to review and agree to a protective order of this scope, (2) Defendants' draft order was far too broad, (3) Plaintiffs did not agree to Defendants' request to file the entire administrative record under seal, and (4) Plaintiffs would be happy to continue discussions if Defendants identified the specific facts contained in the administrative record justifying issuance of a limited protective order. Plaintiffs' email cited applicable case law, stating:

---

[1] Plaintiffs initially requested that Defendants produce the Administrative Record by this Monday, March 31, but agreed to Defendants' request for more time.

> As you know, a party seeking a protective order under Fed. R. Civ. P. 26(c) "bears the burden of making the showing of good cause contemplated by the rule." *Alexander v. F.B.I.*, 186 F.R.D 60, 64 (D.D.C. 1998). The party requesting such an order must "make a specific demonstration of facts in support of the request," rather than "conclusory or speculative statements about the need for a protective order." *Id.* The moving party "has a heavy burden of showing extraordinary circumstances based on specific facts that would justify such an order." *Id.* (cleaned up).

The parties met and conferred regarding the issue from 1:00 p.m. to approximately 1:05 p.m. At 1:37 p.m., Defendants' counsel emailed Plaintiffs stating that his clients were "unable to produce the AR without a protective order given the sensitive information" and offering to produce (but not file) the AR by 3:00 p.m. if Plaintiffs agreed to keep the AR confidential "until the protective order issue is litigated." Plaintiffs responded less than 20 minutes later agreeing to keep the AR confidential until either (1) the protective order issue is litigated or (2) their PI brief is due. Instead of responding, Defendants filed their Motion for Protective Order, ECF 84.[2]

Both of Defendants' motions require review and substantive response, which Plaintiffs plan to file. But Defendants' mismanagement of their time and present refusal to produce the Administrative Record will significantly impact Plaintiffs' preparation of the Motion for Preliminary Injunction due in less than 48 hours. Plaintiffs therefore respectfully request the Court modify the briefing schedule as follows:

---

[2] Defendants did not reply to Plaintiffs' email and counter-offer until 16 minutes after filing their motion.

| Deadline | Filing |
|---|---|
| Thursday, April 3, at 9:00 a.m. | Plaintiffs' response in opposition to Defendants' Motions for Protective Order |
| Thursday, April 3, at 2:00 p.m. | Defendants' reply in support of their Motion |
| Thursday, April 3, at 4:00 p.m. (or as the Court's schedule allows) | Hearing on Defendants' Motion |
| Friday, April 4, at 9:00 a.m. (or earlier if directed by the Court) | Defendants' filing of the Administrative Record |
| Monday, April 7, at 12:00 p.m. | Plaintiffs' Motion for Preliminary Injunction |
| Wednesday, April 9, at 5:00 p.m. | Defendants' response in opposition to Plaintiffs' PI Motion |
| Monday, April 14, at 9:00 a.m. | Plaintiffs' reply in support of their PI Motion |

Defendants oppose this motion.

Dated: April 2, 2025

Respectfully submitted,

*Althea Anne Swift*
Alethea Anne Swift (Bar No. 30829)
Emma R. Leibowitz*+
Mark B. Samburg (Bar No. 31090)
Robin F. Thurston*+
Carrie Y. Flaxman+
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
aswift@democracyforward.org
eleibowitz@democracyforward.org
rthurston@democracyforward.org
msamburg@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

\* Admission to this Court pending
+ Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Alethea Anne Swift, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Northern Division, by using the CM/ECF system, which sent a notice of such filing to all registered CM/ECF users who have appeared in this case.

/s/ Alethea Anne Swift
*Counsel for Plaintiffs*