**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 2, 2025

LETTER TO COUNSEL

    Re:    *American Federation of State, County and Municipal Employees, AFL-CIO, et al. v. Social Security Administration, et al.*
           Civil Action No. ELH-25-0596

Dear Counsel:

    The Court has just received defendants' Motion for Entry of Protective Order (ECF 84) and accompanying proposed Protective Order Regarding Confidential Information ("C.I.") (ECF 84-1, "Proposed Protective Order") (collectively, the "Motion"). Plaintiffs oppose the Proposed Protective Order, as written. ECF 89. They also ask the Court to modify the briefing schedule for the impending motion for preliminary injunction. *Id.* at 3. Upon a quick review of the Proposed Protective Order, I spot several glaring issues.

    First, paragraphs 14 and 36 of the Proposed Protective Order appear to be inconsistent. Paragraph 14 states that ". . . this Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing . . . ." ECF 84-1 at 3. But, in paragraph 36, it states: "No party may disclose Confidential Information in a proceeding in open court for any reason without first giving seven (7) days' notice to the Designating Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court . . . ." *Id.* at 9.

    Paragraph 36 appears problematic and unworkable. For example, the Court may pose a question at a hearing for which the answer requires reference to C.I. Clearly, seven days' notice would not be possible.

    Second, paragraph 35, as written. is unacceptable. SSA is a defendant. Therefore, the provision would seemingly permit disclosure of C.I. to anyone at SSA. Conversely, disclosure to plaintiffs, but not plaintiffs' members, is prohibited. But, paragraph 35 does not specify who at plaintiffs' organizations is entitled to access the C.I.

    The government was previously ordered to produce the Administrative Record to plaintiffs by **3:00 p.m.** today. ECF 69. However, defense counsel advised the Court, by email, that because of the dispute concerning the Motion, the government has not yet produced the Administrative Record to counsel for plaintiffs. *See* ECF 90.

    Delay of the disclosure of the Administrative Record is not acceptable. Therefore, the government is directed to produce the Administrative Record to counsel for plaintiffs **immediately**, so that plaintiffs can begin their work on the motion for preliminary injunction, due

on **April 4, 2025**.  However, until further notice, plaintiffs' counsel shall abide by the terms of the Proposed Protective Order, pending further Order of the Court.

Plaintiffs shall further respond to the Motion by **9:00 a.m. on April 3, 2025**.  Defendants shall reply by **2:00 p.m. on April 3, 2025**.  Due to a speaking engagement on Thursday, I cannot hold a hearing on Thursday afternoon.  Instead, the Court will hold a telephone hearing on the Motion beginning at **10:00 a.m. on April 4, 2025**.  The government is directed to provide conference call information.  A public access line will be provided by the Court.

In view of the time of the hearing on the Motion, the Court will extend the time for plaintiffs' submission of the motion for preliminary injunction to **2:00 p.m. on April 4, 2025**.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

> Very truly yours,
>
> _____/s/_____
> Ellen Lipton Hollander
> United States District Judge