IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-00596 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

On Tuesday, March 25, 2025, Defendants agreed to produce the Administrative Record in this matter. *See* ECF No. 89 at 1. For a week thereafter, Defendants made no mention of a protective order until, a scant 4 hours and 24 minutes before it was due to be filed, Defendants' counsel sent a 12-page proposed protective order to Plaintiffs, asking for agreement to its terms. That proposed order is both contrary to extensive authority governing the use of protective orders under Federal Rule of Civil Procedure 26(c) and overbroad. This Court should decline Defendants' invitation to enter such an order.

A party seeking a protective order "bears the burden of establishing good cause." *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). "In order to establish good cause, a proponent may not rely upon stereotyped and conclusory statements, but must present a particular and specific demonstration of fact, as to why a protective order should issue." *Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (internal quotation marks and citations

omitted). And "protective orders should be sparingly used and cautiously granted." *Id.* (internal quotation marks and citations omitted).

Defendants have not even attempted to meet this high bar. Despite having a full week to identify and articulate the bases for their requested order, their motion only: (1) summarily claims the existence of good cause; (2) states that the Administrative Record contains nonpublic information that could allow malign actors to circumvent agency privacy controls; (3) states that the Administrative Record contains personnel information; and (4) states that the Administrative Record contains interagency agreements. These claims are wholly inadequate to justify a protective order.

Defendants do not establish good cause by simple recitation of the term. Nor do their bare references to documents contained in the Administrative Record establish good cause. Mere inclusion of information about agency privacy protocols, absent more, is inadequate to suggest heightened privacy or security risk. Nor, even if such risk exists, have Defendants attempted to show that minimal redactions would be inadequate to cure it.[1] The District Court for the District of Columbia has already rejected a government effort to seal documents similar to the employment records the government now seeks to subject to their protective order. *See AFL-CIO v. Department of Labor*, No. 1:25-cv-00339, ECF No. 59 (D.D.C., Mar. 17, 2025). Lastly, Defendants do not even argue that the interagency agreements *do* contain nonpublic information, merely that they "may," ECF No. 84 at 2, and, in any event, the government has been ordered to

---

[1] Plaintiffs recognize that the Administrative Record may contain some minimal amount of information which is appropriate for redaction. Despite Defendants' claims that "given the short time SSA has had to compile the Administrative Record," redaction has been "impractical" over the course of a week, ECF No. 84 at 2, Defendants made extensive redactions to the Administrative Record without consulting Plaintiffs or providing a redaction log. Plaintiffs' counsel stand ready to confer on a more ordinary course of appropriate redactions.

produce similar interagency agreements in related litigation without any protective order *AFL*, 1:25-cv-00339 (D.D.C.),ECF No. 44-2 at 6, 48.

The proposed order is also overbroad, both in terms of the information it covers, and in terms of the restrictions it would place on use of that information. It purports to encompass information "improperly in the public domain," ECF No. 84-1 ¶ 3(a), notwithstanding the Supreme Court's guidance that "a protective order prevents a party from disseminating only that information obtained through use of the discovery process. Thus the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Defendants have articulated no basis to defy this instruction and restrict Plaintiffs' use of information to which Plaintiffs otherwise have access.

And the proposed order would unduly restrict Plaintiffs' ability to litigate this matter. The order, as written, would not allow Plaintiffs' counsel to consult with experts who could analyze productions and inform Plaintiffs about technical or factual issue, *see* ECF No. 84-1 ¶ 35, nor would it allow Plaintiffs' counsel to consult with others who have expertise regarding DOGE. Given the speed with which factual information about DOGE is emerging and the short time it has existed, it is uniquely difficult for any one litigant or organization to have a complete picture of all available information about its structure and operations, and consulting with others is essential to contextualizing new information about DOGE.

Finally, in addition to the other concerns the Court noted with the proposed order, *see* ECF No. 91, this is fast-moving litigation, with multiple filings and at least one hearing in the next week. *See* ECF Nos. 69, 91. Under the terms of the proposed protective order, however, once the Defendants designate any piece of information as "confidential," Plaintiffs could not use the

information in court proceedings for at least seven days, absent intervention by the Court. ECF No. 84-1 ¶ 36. This would, at a minimum, hamstring Plaintiffs' counsel at all live proceedings, and, more broadly, would derail this litigation into a sideshow of disputes over classification of information and constant requests for extraordinary relief from the Court.

Dated: April 3, 2025

Respectfully submitted,

/s/ Mark B. Samburg
Mark B. Samburg (Bar No. 31090)
Alethea Anne Swift (Bar No. 30829)
Emma R. Leibowitz[*+]
Robin F. Thurston[*+]
Carrie Y. Flaxman[+]
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
msamburg@democracyforward.org
aswift@democracyforward.org
eleibowitz@democracyforward.org
rthurston@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

* Admission to this Court pending
+ Admitted *pro hac vice*

4

## CERTIFICATE OF SERVICE

I, Mark B. Samburg, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Northern Division, by using the CM/ECF system, which sent a notice of such filing to all registered CM/ECF users who have appeared in this case.

/s/ Mark B. Samburg
*Counsel for Plaintiffs*
