**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.,*<br><br>          Plaintiffs,<br><br>     v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al*.,<br><br>          Defendants. | Case No. 1:25-cv-00596-ELH |

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF
PROTECTIVE ORDER**

Defendants file this reply in support of their motion for a protective order, ECF No. 84. As described in Defendants' motion, there is good cause to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling of certain information in the administrative record and items produced and received in discovery, if discovery is authorized by the Court.

Defendants acknowledge that, in the extremely compressed time schedule to produce the Administrative Record, Defendants designated some material confidential that is not, in fact, confidential under the terms of Defendants' proposed protective order. Defendants are currently working to remove those designations and to provide an updated production to Plaintiffs—a process contemplated by Defendants' proposed protective order, which allows for a Designating Party to remove confidentiality designations. *See* ECF No. 69 ¶ 27. Plaintiffs are in no way prejudiced by the current designations, however, as they have the full administrative record—

which contains only limited redactions of privileged information and some PII—already in their possession. Defendants' proposed protective order would merely require Plaintiffs to file designated information under seal and limit Plaintiffs from sharing such information with others.

With that said, Plaintiffs and the Court now have the full Administrative Record. And Defendants respectfully submit that there should be no question that the Administrative Record contains at least some information that should not be made public, and therefore that a protective order is appropriate. This includes internal SSA policies and manuals containing sensitive information and measures SSA uses to safeguard information and systems, which if publicly released may used by bad actors to harm the agency, its information systems, and the public (whose information SSA maintains). *See, e.g.*, AFSCME Case 000000111–15, AFSCME Case 000291–367, AFSCME Case 000291–367, AFSCME Case 000524–526. The polices and manuals in the Administrative Record are non-public documents, and, to the extent Plaintiffs intend to use information contained in them in support of their motion for preliminary injunction, it is appropriate and not overly burdensome for Plaintiffs to maintain their confidentiality through filing under seal. Further, although Plaintiffs object to Defendants' proposed protective order because it does not allow for the sharing of confidential information with experts (among other reasons), *see* Pls.' Opp'n at 3, Defendants have no objection to extending the scope of paragraph 35 to include experts Plaintiffs retain if those experts agree to be bound by the protective order.

Also contained in the Administrative Record is a significant amount of PII, including employee email addresses, physical addresses, and phone numbers. *See, e.g.*, AFSCME Case 000027–29, 000040, 000610. That information is not relevant to any claim or defense in this litigation and is information protected under Federal laws, such as the Privacy Act of 1974 (5 U.S.C. § 552a) and the Freedom of Information Act (5 U.S.C. § 552) from public disclosure. If

permitted by the Court, Defendants are willing to provide redacted versions of pages in the Administrative Record with that information redacted, but Plaintiffs should be restricted from sharing the current unredacted information publicly. Defendants conferred with Plaintiffs on this topic, and Plaintiffs do not object to the redaction of email addresses (provided domain names remain unredacted), physical addresses, and phone numbers.

Defendants also submit that it is appropriate and necessary to continue to protect the identities of DOGE Team members, because employees associated with DOGE have been subject to harassment and physical threats. If permitted by the Court, Defendants are willing to provide redacted versions of documents bearing their names, but would ask to be permitted to continue to use monikers (*e.g.*, Employee 1, Employee 2) to continue to protect their identities.

Finally, as to the concerns the Court identified in its April 2, 2025 letter to counsel regarding the interplay between paragraph 14 and 36, Defendants consent to the removal of the last sentence of paragraph 36. Regarding paragraph 35, Defendants are willing to consent to limit the disclosure of confidential information obtained from Plaintiffs—which, as a practical matter is likely to be a null set—to only SSA employees in the agency's Office of General Counsel. And Defendants do not object to the sharing of confidential information, subject to the terms of a protective order, to Plaintiffs' counsel and employees of the named Plaintiffs. But it would render the protective order a nullity if Plaintiffs could share confidential information with any of their millions of members.


Dated: April 3, 2025                           Respectfully submitted,

                                               YAAKOV M. ROTH
                                               Acting Assistant Attorney General
                                               Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
MARIANNE F. KIES
SAMUEL HOLT
BENJAMIN S. KURLAND
SIMON G. JEROME
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

Kelly O. Hayes
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4941
Fax: (410) 962-2310
Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 3, 2025, I electronically filed the foregoing and thereby caused a

copy to be served on counsel of record.

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS