IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, *et al.*,

        *Plaintiffs*,

        *vs.*

SOCIAL SECURITY ADMINISTRATION,
*et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-00596

---

**PROPOSED AMENDED MEMORANDUM IN SUPPORT OF PLAINTIFFS' PROPOSED
AMENDED MOTION TO REQUIRE UNREDACTED ADMINISTRATIVE RECORD
OR PRIVILEGE LOG**

Defendants have unilaterally redacted important information from the administrative record without providing a corresponding privilege log, hampering Plaintiffs' ability to protect their members' information from harmful disclosure and access and preventing this Court from obtaining a full and accurate picture of Defendants' unlawful conduct. Pursuant to a schedule submitted by the parties, *see* ECF No. 68 at 2, Plaintiffs seek supplementation or limited discovery related to those redactions in the administrative record produced by Defendants yesterday, *see* ECF No. 86. Specifically, Plaintiffs seek production of an unredacted version of the administrative record, or, at a minimum, a privilege log appropriately detailing Defendants' redactions and the justifications supporting them.

## RELEVANT PROCEDURAL HISTORY

On March 20, 2025, this Court entered a Temporary Restraining Order, ECF No. 48, which remains operative. That Order instructed the parties to file a joint status report on the scheduling of limited discovery and preliminary injunction briefing, which the parties filed on March 27. ECF No. 68. In that joint status report, the parties proposed a schedule requiring Defendants to file the administrative record in this matter by 5 pm on April 2 and agreed that "Plaintiffs must file with the Court any motion for limited discovery related to alleged deficiencies in the administrative record by 9:00 am ET on April 3." *Id*. The Court subsequently adopted a modified version of that schedule, requiring Defendants to file the administrative record by 3:00 pm on April 2 but not including a deadline for Plaintiffs to file a motion for limited discovery. ECF No. 69.

On the morning of April 3, Defendants informed Plaintiffs that they intended to seek a protective order, which Plaintiffs opposed. Defendants moved for that order at approximately 2:00 pm on April 3, ECF No. 84, before filing the administrative record under seal shortly before 3:00 pm, ECF No. 86. At 4:25 pm on April 3, the Court ordered Defendants to provide the administrative record to Plaintiffs, ECF No. 91. Defendants provided the administrative record directly to Plaintiffs shortly thereafter. By order of the Court, ECF No. 91, Plaintiffs are abiding by all terms of Defendants' proposed protective order until the parties' dispute is resolved.

Plaintiffs filed a Motion for Supplementation of the Administrative Record or, in the Alternative, Limited Discovery, ECF No. 96, earlier today. That motion and its accompanying memorandum, ECF No. 96-1, addressed, in large part, blank pages which were present when Plaintiffs' counsel reviewed the administrative record filed by Defendants. ECF No. 86. As Plaintiffs have since notified this Court, ECF No. 105, Defendants contacted Plaintiffs this afternoon about the apparent blank pages, and subsequent to further investigation by Plaintiffs'

counsel, Plaintiffs were able to resolve the problem. Plaintiffs' counsel have since had the opportunity to review the contents of the 49 pages they were previously unable to review, and thus submit this proposed amended motion seeking narrower relief.

## ARGUMENT

**Defendants' unilateral redactions were improper, and, at minimum, require a privilege log.**

Defendants redacted numerous documents in the administrative record and did not provide a redaction log or any other means to assess the redactions or their justifications. Among other redactions, Defendants unilaterally redacted[1]:

1. On Pages AFSCME000006-000008, the "analysis" supporting an adopted final recommendation to grant DOGE personnel access to systems including Numident, MBR, and SSA payment files;

2. On Page AFSCME000010, part of the Acting Commissioner's decision approving certain modifications in Numident;

3. On Pages AFSCME000013-000017, extensive content from an adopted final recommendation to allow certain modifications in Numident;

4. On Page AFSCME000031, content from an adopted final recommendation to approve certain system modifications.

Defendants' unilateral redactions deprive Plaintiffs and the Court of the ability to assess their actions on the basis of "neither more nor less information than" Defendants had when they made their access determinations. *Mayor and City Council of Baltimore v. Trump*, 429 F. Supp. 3d

---

[1] Plaintiffs do not include in this list redactions which appear to be appropriate, for instance the redaction of a phone number on AFSCME000562. Plaintiffs are prepared to meet and confer regarding individual proposed redactions, but absent a redaction log or any effort by Defendants to discuss redactions, Plaintiffs are unable to meaningfully assess whether they agree with any given redaction.

128, 137 (D. Md. 2019) (quoting *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013)). For instance, Plaintiffs are unable to determine whether the redacted content may address DOGE Team members' "need" to access protected information or whether the redacted content may indicate which employees were covered by a given request. Information on either point would bear on the legality of final agency decisions to grant those requests.

"[W]ithout an index of some sort, there is no manner for the Plaintiffs . . . or the Court to know whether there are documents that should have been included in the administrative record that have been improperly excluded." *S. Carolina Coastal Conservation League v. Ross*, 431 F. Supp. 3d 719, 725 (D.S.C. 2020) (requiring a privilege log and noting that the "Courts of Appeal, including the Fourth Circuit have indicated support, though no binding authority for requiring production of a privilege log for the purpose of determining whether the Federal Defendants properly excluded materials from the record"). Defendants should, at an absolute minimum, be ordered to produce a privilege log appropriately detailing their redactions and the justifications supporting them.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' accompanying motion.

*Signatures follow on next page.*

Dated: April 3, 2025

Respectfully submitted,

*/s/ Mark B. Samburg*
Mark B. Samburg (Bar No. 31090)
Alethea Anne Swift (Bar No. 30829)
Emma R. Leibowitz[*+]
Robin F. Thurston[*+]
Carrie Y. Flaxman[+]
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
msamburg@democracyforward.org
aswift@democracyforward.org
eleibowitz@democracyforward.org
rthurston@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

* Admission to this Court pending
+ Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I, Mark B. Samburg, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Northern Division, by using the CM/ECF system, which sent a notice of such filing to all registered CM/ECF users who have appeared in this case.

/s/ Mark B. Samburg
*Counsel for Plaintiffs*