## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, *et al.*,

        *Plaintiffs*,

        *vs.*

SOCIAL SECURITY ADMINISTRATION,
*et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-00596

### PROPOSED AMENDED MEMORANDUM IN SUPPORT OF PLAINTIFFS' PROPOSED AMENDED MOTION FOR SUPPLEMENTATION OF THETO REQUIRE UNREDACTED ADMINISTRATIVE RECORD OR, IN THE ALTERNATIVE, LIMITED DISCOVERY PRIVILEGE LOG

Defendants have produced a woefully inadequateunilaterally redacted important information from the administrative record, severely without providing a corresponding privilege log, hampering Plaintiffs' ability to protect their members' information from harmful disclosure and access, and preventing this Court from obtaining a full and accurate picture of Defendants' unlawful conduct. Pursuant to a schedule submitted by the parties, *see* ECF No. 68 at 2, Plaintiffs seek supplementation or limited discovery related to deficienciesthose redactions in the administrative record produced by Defendants yesterday, *see* ECF No. 86. Plaintiffs' requested discovery broadly falls into two categories: (1) information wholly omitted from86. Specifically, Plaintiffs seek production of an unredacted version of the administrative record provided by

~~Defendants,~~, or, at a minimum, a privilege log appropriately detailing Defendants' redactions and ~~(2) information improperly redacted from~~ the ~~administrative record.~~ justifications supporting them.

**RELEVANT PROCEDURAL HISTORY**

On March 20, 2025, this Court entered a Temporary Restraining Order, ECF No. 48, which remains operative. That Order instructed the parties to file a joint status report on the scheduling of limited discovery and preliminary injunction briefing, which the parties filed on March 27. ECF No. 68. In that joint status report, the parties proposed a schedule requiring Defendants to file the administrative record in this matter by 5 pm on April 2~~,~~ and agreed that "Plaintiffs must file with the Court any motion for limited discovery related to alleged deficiencies in the administrative record by 9:00 am ET on April 3." *Id*. The Court subsequently adopted a modified version of that schedule, requiring Defendants to file the administrative record by 3:00 pm on April 2~~.~~ but not including a deadline for Plaintiffs to file a motion for limited discovery. ECF No. 69.[1]

On the morning of April 3, Defendants informed Plaintiffs that they intended to seek a protective order, which Plaintiffs opposed. Defendants moved for that order at approximately 2:00 pm on April 3, ECF No. 84, before filing the administrative record under seal shortly before 3:00 pm, ECF No. 86. At 4:25 pm on April 3, the Court ordered Defendants to provide the administrative record to Plaintiffs, ECF No. 91~~, and~~. Defendants provided the administrative record directly to Plaintiffs shortly thereafter. By order of the Court, ECF No. 91, Plaintiffs are abiding by all terms of Defendants' proposed protective order until the parties' dispute is resolved.

Plaintiffs filed a Motion for Supplementation of the Administrative Record or, in the Alternative, Limited Discovery, ECF No. 96, earlier today. That motion and its accompanying

---

[1] ~~The Court's scheduling order did not address the time by which Plaintiffs were to file any motion for limited discovery, but in an abundance of caution, Plaintiffs have proceeded on the assumption that the deadline agreed to by the parties, ECF No. 68, is effective.~~

memorandum, ECF No. 96-1, addressed, in large part, blank pages which were present when Plaintiffs' counsel reviewed the administrative record filed by Defendants. ECF No. 86. As Plaintiffs have since notified this Court, ECF No. 105, Defendants contacted Plaintiffs this afternoon about the apparent blank pages, and subsequent to further investigation by Plaintiffs' counsel, Plaintiffs were able to resolve the problem. Plaintiffs' counsel have since had the opportunity to review the contents of the 49 pages they were previously unable to review, and thus submit this proposed amended motion seeking narrower relief.

**ARGUMENT**

As the parties acknowledged in their March 27 joint status report, Plaintiffs "shared the scope of material they expect the administrative record to contain with counsel for Defendants." ECF No. 68 at 2. Although Defendants expressed no position as to the material identified by Plaintiffs, the administrative record is or appears to be missing key documents. The Court should either require Defendants to complete the administrative record by producing those documents or order limited discovery and require their production.

**I.    The administrative record is missing critical information.**

The employment status, training, and records of access decisions pertaining to all DOGE personnel[2] operating at the Social Security Administration are essential portions of the administrative record. Defendants do not appear to dispute that this information is properly included in the administrative record, as they have provided this information with regard to *some* DOGE personnel, but not all. According to the most recent information provided by Defendants, there were at least eleven DOGE personnel operating at the Social Security Administration as of

---

[2] Defined for purposes of this Motion as any of the eleven DOGE Team members disclosed by Defendants or any recent additions not yet disclosed to Plaintiffs or the Court.

March 24. ECF No. 56-1 at 2, n.1. But the administrative record produced by Defendants only contains employment documentation relating to five of those individuals.[3] AFSCME000529-000556.

Similarly, Defendants included only nine certificates of completion of Information Security and Privacy Awareness training. AFSCME000557-000605. Once again, certificates for two DOGE personnel are missing. And Defendants have provided a patchwork of requests for access by DOGE personnel and corresponding grants of access, ASCME000001-000032, but it is clearly an incomplete collection of those requests and decisions. One of the documents provided, AFSCME000029, is an email from a DOGE Team member requesting access to a system, and *specifically* referencing another channel through which they originally made their request. But no request from that channel for that individual is included; indeed, the only requests from that channel that appear in the administrative record all pertain to access requests for a single different individual. AFSCME 000019, 000021, 000025.

More broadly, the administrative record only reflects the "need to know" for system access for a limited subset of the DOGE personnel. The record reflects requests and decisions pertaining to system access for four individual DOGE personnel, AFSCME000019-000029, and several requests for access which appear to pertain to multiple individuals, AFSCME000001-000018, 000030-000032, but there is no indication of which personnel are covered by the batch requests. Finally, with the exception of information that pertains only to some of the DOGE personnel, AFSCME000101-000108, nothing in the administrative record describes the oversight and management relationship between the United States DOGE Service and the United States DOGE

---

[3] In an abundance of caution to ensure compliance with the terms of Defendants' proposed protective order, *see ECF No. 91*, Plaintiffs describe documents from the administrative record in only general terms.

Service Temporary Organization and the DOGE personnel operating at the Social Security Administration.

**II.    Plaintiffs were entitled to this information as part of the administrative record, or, alternatively, are entitled to it through limited discovery.**

The "administrative record . . . consists of all documents and materials directly or indirectly considered by the agency." *Outdoor Amusement Business Association, Inc. v. Department of Homeland Security*, 2017 WL 3189446 at \*7 (D. Md., Jul. 27, 2017) (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993) (emphasis omitted). But, as explained above, the administrative record provided by Defendants is incomplete. On the administrative record provided by Defendants, there is no way to determine what information the agency or Defendant Dudek had about employment status, reporting obligations, training, and need for access when he made decisions granting access. Absent access to that information—on which the agency and Defendant Dudek must have relied in reaching his decisions—neither Plaintiffs nor the Court can assess the validity of his decision on the basis of the "full administrative record that was before the [agency] at the time it made its decision." *Id.* at \*7 (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)) (alteration in original).

"If an agency fails to produce a complete administrative record, a party may request supplementation of the record." *Id.* at \*12 (citing *Otsuka Pharm. Co. v. Burwell*, No. GJH-15-852, 2015 WL 1579127 (D. Md. Apr. 8, 2015)). Courts may order supplementation where a plaintiff identifies (1) "reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record," and (2) "the materials allegedly omitted with sufficient specificity." *Id.* at \*13 (cleaned up). Plaintiffs have made both showings here.

The information identified above as missing from the administrative record, including the training status of the DOGE personnel to whom access was granted, their employment status and

supervisory reporting obligations, and their stated needs for access to systems would have been necessary—though not by itself sufficient—for the Social Security Administration's grant of access to DOGE personnel; otherwise, the agency's provision of access to these individuals would, by default, have violated the Administrative Procedure Act as arbitrary and capricious or unlawful. Indeed, granting access to sensitive systems without knowing whether an individual had been adequately trained and had articulated a need for access to those systems would be *per se* arbitrary and capricious, and likely unlawful. And granting access without any articulated "need" would likewise violate the Privacy Act. As described above, the administrative record provided by Defendants does not include that information in all instances, but its existence is not speculative— either Defendants granted access on the basis of insufficient information or that information was omitted from the administrative record.

And Plaintiffs have identified the information required with specificity—indeed, they have done so with adequate specificity that Defendants provided the appropriate information in *some* instances, but not all. The administrative record is missing employment documentation for some DOGE personnel, training documentation for some DOGE personnel, and records of stated "need to know" justifications for access for some DOGE personnel.

Alternatively, this Court should permit Plaintiffs to obtain this information through limited discovery. Such discovery can be appropriate where the party seeking the discovery can establish "its relevancy and proportionality." *Courthouse News Serv. v. Harris*, No. CV ELH-22-458, 2022 WL 3577255 at *3 (D. Md., Aug. 18, 2022) (cleaned up). For all the reasons discussed above, the information is directly relevant to central issues in this case. As is clear from the fact that the information Plaintiffs seek is of the same type as information Defendants have already produced as part of the administrative record, the information is limited in scope and type, and will not be

burdensome to produce. Considering "the importance of the issues at stake, . . . the parties' relative access to the relevant information, . . . the importance of the discovery in resolving the issues," Fed. R. Civ. P. 26(b)(1), and the low burden of producing it, it is plainly proportional.

**Defendants' unilateral redactions were improper, and, at a minimum, require a privilege log.**

Separately, Defendants redacted numerous documents in the administrative record, and did not provide a redaction log or any other means to assess the redactions or their justifications. Among other redactions, Defendants unilaterally redacted[4]:

1. On Pages AFSCME000006-000008, the "analysis" supporting an adopted final recommendation to grant DOGE personnel access to systems including Numident, MBR, and SSA payment files;

2. On Page AFSCME000010, part of the Acting Commissioner's decision approving certain modifications in Numident;

3. On Pages AFSCME000013-000017, extensive content from an adopted final recommendation to allow certain modifications in Numident;

4. On Page AFSCME000031, content from an adopted final recommendation to approve certain system modifications.

In addition to these redactions, a number of pages of the production are blank. Page AFSCME000007 is blank, which appears to be part of Redaction 1, above. Additionally:

---

[4] Plaintiffs do not include in this list redactions which appear to be appropriate, for instance the redaction of a phone number on AFSCME000562. Plaintiffs do note, however, that, Plaintiffs are prepared to meet and confer regarding individual proposed redactions, but absent a redaction log or any effort by Defendants to discuss redactions, Plaintiffs are unable to meaningfully assess whether they agree with any given redaction.

1.  ~~Page AFSCME000532 is blank. Based on its location within the production and comparing it to the prior document, it appears that it should be the second page of the form which begins on AFSCME000531.~~

2.  ~~Page AFSCME000536 is blank. Based on its location within the production and comparing it to the document that begins on AFSCME000529, it appears that it should be the second page of the form that begins on AFSCME000535.~~

3.  ~~Page AFSCME000543 is blank. Based on its location within the production and comparing it to the document that begins on AFSCME000529, it appears that it should be the second page of the form that begins on AFSCME000542.~~

4.  ~~Pages AFSCME 000545, AFSCME000552, 0005553, and 000557 are blank. Based on their location within the production, it appears they should be forms of the same type which appear on either AFSCME000551 or AFSCME 000554.~~

5.  ~~Pages AFSCME000558, 000559, and 000560 are blank. Based on pagination information on AFSCME000561 and 000562, it appears they should be the first three pages of the form which ends on 000562.~~

6.  ~~Pages AFSCME000563, 000564, 000565, and 000567 are blank. Based on pagination information on AFSCME000566, it appears they should be the first three pages and the final page of the form which includes 000566. The missing pages include information necessary to identify the signatory.~~

7.  ~~Pages AFSCME000568, 000569, 000570, and 000572 are blank. Based on pagination information on AFSCME000571, it appears they should be the first three pages and the final page of the form which includes 000571. The missing pages include information necessary to identify the signatory.~~

8. Pages AFSCME000573, 000574, and 000575 are blank. Based on the surrounding documents in the production, Plaintiffs do not believe they appear blank due to formatting.

9. Pages AFSCME000576, 000577, 000578, and 000580 are blank. Based on pagination information on AFSCME000579, it appears they should be the first three pages and the final page of the form which includes 000579. The missing pages include information necessary to identify the signatory.

10. Pages AFSCME000581, 000582, 000583, and 000585 are blank. Based on pagination information on AFSCME000584, it appears they should be the first three pages and the final page of the form which includes 000584. The missing pages include information necessary to identify the signatory.

11. Pages AFSCME000586, 000587, and 000588 are blank. Based on pagination information on AFSCME000589 and 000590, it appears they should be the first three pages of the form which ends on 000590.

12. Pages AFSCME000591, 000592, 000593, and 000595 are blank. Based on pagination information on AFSCME000594, it appears they should be the first three pages and the final page of the form which includes 000594. The missing pages include information necessary to identify the signatory.

13. Pages AFSCME000596, 000597, 000598, and 000600 are blank. Based on pagination information on AFSCME000599, it appears they should be the first three pages and the final page of the form which includes 000599. The missing pages include information necessary to identify the signatory.

14. Pages AFSCME000601, 000602, 000603, and 000605 are blank. Based on pagination information on AFSCME000604, it appears they should be the first three pages and the

~~final page of the form which includes 000604. The missing pages include information necessary to identify the signatory.~~

~~15. Pages AFSCME000018, 000526, 000527, 000534, 000538 are blank.~~

Defendants' unilateral redactions deprive Plaintiffs and the Court of the ability to assess their actions on the basis of "neither more nor less information than" Defendants had when they made their access determinations. *Mayor and City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 137 (D. Md. 2019) (quoting ~~Hill Dermaceuticals, Inc. v. FDA~~, 709 F.3d 44, 47 (D.C. Cir. 2013)). ~~And these redactions make it impossible for~~For instance, Plaintiffs are unable to ~~assess~~determine whether *each* ~~DOGE personnel had~~ the ~~requisite training, articulated~~ redacted content may address DOGE Team members' "need~~, and appropriate employment and reporting relationships~~" to ~~support~~ access ~~to any sensitive system to~~protected information or whether the redacted content may indicate which ~~they~~employees were covered by a given ~~access. On the record provided, there is no way for Plaintiffs or~~ request. Information on either point would bear on the ~~Court to determine an individual DOGE Team member's characteristics and evaluate the propriety~~legality of ~~the access~~final agency decisions ~~relevant to that individual~~to grant those requests.

~~At an absolute minimum, "without"~~[W]ithout an index of some sort, there is no manner for the Plaintiffs . . . or the Court to know whether there are documents that should have been included in the administrative record that have been improperly excluded." *S. Carolina Coastal Conservation League v. Ross*, 431 F. Supp. 3d 719, 725 (D.S.C. 2020) (requiring a privilege log and noting that the "Courts of Appeal, including the Fourth Circuit have indicated support, though no binding authority for requiring production of a privilege log for the purpose of determining whether the Federal Defendants properly excluded materials from the record"). Defendants should, at an

absolute minimum, be ordered to produce a privilege log appropriately detailing their redactions and the justifications supporting them.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' ~~Motion for Supplementation of the Record, or in the Alternative, Limited Discovery.~~ accompanying motion.

*Signatures follow on next page.*

Dated: April 3, 2025

Respectfully submitted,

/s/ Mark B. Samburg
Mark B. Samburg (Bar No. 31090)
Alethea Anne Swift (Bar No. 30829)
Emma R. Leibowitz[*+]
Robin F. Thurston[*+]
Carrie Y. Flaxman[+]
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
msamburg@democracyforward.org
aswift@democracyforward.org
eleibowitz@democracyforward.org
rthurston@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

* Admission to this Court pending
+ Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I, Mark B. Samburg, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Northern Division, by using the CM/ECF system, which sent a notice of such filing to all registered CM/ECF users who have appeared in this case.

*/s/ Mark B. Samburg*
*Counsel for Plaintiffs*