IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> *vs.* <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-00596 <br><br> SEALED |

**MOTION FOR PRELIMINARY INJUNCTION AND/OR 5 U.S.C. § 705 STAY**

Pursuant to Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705, Plaintiffs American Federation of State, County and Municipal Employees, AFL-CIO; Alliance for Retired Americans; and American Federation of Teachers (together, "Plaintiffs"), on behalf of their members, hereby move for a preliminary injunction, and/or 5 U.S.C. § 705 stay:

1. Enjoining and restraining Defendants United States Social Security Administration ("SSA"), Leland Dudek, and Michael Russo (collective "SSA Defendants") and any and all of their agents and employees, and any person working in concert with them, directly or indirectly from granting access to any SSA system of record containing personally identifiable information ("PII")[1] or to PII obtained, disclosed, derived, copied, or exposed

---

[1] For purposes of this motion, "personally identifiable information" or "PII" shall mean "information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual," and shall include, inter alia, first and last names; physical addresses; email addresses or other online contact information; telephone numbers; Social Security numbers; driver's license or other

1

from any SSA system of record, including but not limited to records known as the Numident, Master Beneficiary Record ("MBR"), and Supplemental Security Record ("SSR"), or the Enterprise Data Warehouse ("EDW"), to the Department of Government Efficiency ("DOGE"), the United States DOGE Service ("USDS-DOGE"), the United States DOGE Service Temporary Organization ("DOGE-STO"); members of the DOGE Team established at SSA ("DOGE Team members");[2] and/or any DOGE Affiliate,[3] unless that access has already been confirmed by the Court, in a written order, to have been in accordance with the Temporary Restraining Order, ECF 48.

2. Requiring USDS-DOGE, DOGE-STO, Elon Musk, Amy Gleason (collectively, "DOGE Defendants"), as well as all DOGE Team members and DOGE Affiliates, within 48 hours of issuance of this Order, to disgorge, destroy, and delete all PII in their possession or under their control that was provided from or obtained, directly or indirectly, from any SSA system of record to which they have or have had access, directly or indirectly, since January 20, 2025.

---

government-issued identification numbers; banking and/or financial records, including but not limited to financial account numbers and credit or debit card information; medical records, including but not limited to medical provider information; records regarding any diagnosis, evaluation, procedure, or treatment, whether for physical or mental health; employer and employee payment records or employee earnings; tax information; and persistent identifiers, such as an individual identification number held in a "cookie," static Internet Protocol ("IP") address, mobile device ID, processor serial number, user ID, or any other persistent identifier that can be used to recognize a user over time and/or across different devices, websites, or online services.

[2] For purposes of this Motion, the term "DOGE Team member" refers to individuals who are assigned to, detailed to, or employed by SSA to implement the DOGE agenda and who can reasonably be considered a member, leader, supervisor, or director of the SSA DOGE Team contemplated by Section 2(c) of Executive Order No. 14158, 90 Fed. Reg. 8441 (Jan. 29, 2025).

[3] For purposes of this Motion, "DOGE Affiliate" means any person working in concert with or at the direction of the DOGE Defendants or DOGE Team members, directly or indirectly, for the purpose of implementing the DOGE agenda at SSA or Executive Order No. 14158.

3. Enjoining and restraining all DOGE Defendants, DOGE Team members, and DOGE Affiliates from installing any software on SSA devices, information systems, or systems of record, and requiring them to remove any software that they installed, or that was installed on their behalf, after January 20, 2025.

4. Enjoining and restraining all DOGE Defendants, DOGE Team members, and DOGE Affiliates from accessing, altering, or disclosing any SSA computer or software code, and from altering any records maintained in an SSA system of record.

5. Requiring all Defendants to comply with all applicable agency guidelines, policies, and procedures, including, but not limited to: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6. Enjoining and restraining all Defendants from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

7. Enjoining and restraining all Defendants from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

8. Enjoining and restraining all Defendants from using system resources which were not ▇▇▇ and software which was not ▇▇▇ as required by ▇▇▇.

9. Requiring all Defendants to comply with agency information protection policies in effect on January 20, including complying with restrictions on the use of ▇▇▇; requirements for ▇▇▇; and requirements for ▇▇▇.

10. This Order does not preclude SSA from providing DOGE Team members with access to redacted or anonymized data and records maintained in SSA systems of record. However, no data shall be provided unless and until each and every one of the following conditions have been met:

    a. The persons to whom access is to be provided have received all training that is typically required of individuals granted access to SSA data systems, including training regarding federal laws, regulations, and policies governing the privacy and protection of PII.

    b. A background investigation is fully adjudicated, with that background investigation being comparable to the quality of background investigation conducted for SSA employees with levels of access to PII comparable to the levels of access the relevant persons plan to seek or which Defendants plan to seek on their behalf.

    c. For any individual assigned to the DOGE Team from another agency, all detailing agreements are completed and fully executed.

   d. All required SSA paperwork is completed, including execution of the SSA documents acknowledging the Systems Sanctions Policy and the duty to protect PII.

11. SSA may provide DOGE Team members with access to discrete, particularized, and non-anonymized data if they do so in accordance with both the Privacy Act and each and every one of the following conditions:

    a. SSA must first comply with the provisions in ¶ 6 of this Order.

    b. SSA must first obtain from the DOGE Team member, in writing, and subject to possible review by this Court, a detailed explanation as to the need for the level of access sought and the relevant record(s), including a detailed explanation as to why, for said particular and discrete record, an anonymized or redacted record is not suitable for the specified use. General and conclusory explanations that the information is needed to search for fraud or waste is not sufficient to establish need.

12. Requiring SSA Defendants, within 48 hours of entry of this Order, to file a Status Report documenting the actions that they have taken to comply with this Order. The Status Report shall:

    a. Include written statements from all Defendants, sworn under penalty of perjury, confirming receipt of this Order.

    b. Certify that DOGE Defendants, DOGE Team members, and DOGE Affiliates have, under the supervision and subject to the review of the SSA Defendants and their counsel, disgorged, destroyed, and deleted all PII in their possession or under their control that was provided from or obtained, directly or indirectly, from any SSA system of record to which they have or have had access, directly or indirectly, since

       January 20, 2025, unless that access has been confirmed by the Court, in a written order, to have been in accordance with the Temporary Restraining Order, ECF 48.

  c. Certify that no DOGE Defendant, DOGE Team member, or DOGE Affiliate shall be provided with access to records contained in any SSA system of record, or records derived, copied, or exposed from any SSA system of record, whether or not anonymized, or be granted access to any SSA systems of record, dashboards, or other data platforms, whether or not those platforms contain PII, unless and until those persons have complied with the provisions set forth in the Preliminary Injunction order.

  d. Certify that no DOGE Defendant, DOGE Team member, or DOGE Affiliate shall be provided with access to discrete, particularized, and non-anonymized data unless (1) they are provided with access in accordance with provisions of the Privacy Act; (2) the SSA Defendants and relevant DOGE Defendants, DOGE Team members, or DOGE Affiliates first comply with the provisions set forth in the Preliminary Injunction order; SSA Defendants first obtain from the DOGE Defendant, DOGE Team member, or DOGE affiliate, in writing and subject to possible review by this Court, a detailed explanation as to the need for the level of access sought and the relevant record(s), including a detailed explanation as to why, for said particular and discrete record, an anonymized or redacted record is not suitable for the specified use. General and conclusory explanations that the information is needed to search for fraud or waste are not sufficient to establish need.

13. Requiring SSA Defendants, within five business days of entry of this Order, to file a Supplemental Status Report documenting the actions that they have taken to comply with

this Order. The Supplemental Status Report shall certify that all DOGE Defendants, DOGE Team members, and DOGE Affiliates have deleted or destroyed all Affected Work Product.[4] To the extent any DOGE Defendants, DOGE Team members, and/or DOGE Affiliates are aware of Affected Work Product not under their supervision or control and thus impossible for them to delete or destroy, Defendants must disclose the identity of the person or entity supervising or controlling the Affected Work Product and provide written evidence of their notice to that person or entity of the existence of this Order and effort to seek deletion and destruction of the Affected Work Product.

SSA Defendants have already unlawfully provided access to, and DOGE Defendants have already unlawfully accessed, SSA's systems of record and the highly sensitive, personally identifiable, and non-anonymized information of Plaintiffs' members contained therein. Defendants have acted in violation of the Privacy Act, the Social Security Act, the Internal Revenue Code, and the Administrative Procedure Act, as well as in a manner that is *ultra vires*. This Court's temporary restraining order put a halt to those unlawful practices, but, absent continuing injunctive relief, Plaintiffs and their members will continue to suffer injuries.

Plaintiffs respectfully move this Court to issue the requested preliminary injunction.

---

[4] For purposes of this Motion, "Affected Work Product" means any models or algorithms developed in whole or in part using PII obtained, disclosed, derived, copied, or exposed from any SSA system of record, including but not limited to records known as the Numident, Master Beneficiary Record ("MBR"), and Supplemental Security Record ("SSR"), or the Enterprise Data Warehouse ("EDW").

Dated: April 4, 2025

Respectfully submitted,

*/s/ Alethea Anne Swift*
Alethea Anne Swift (Bar No. 30829)
Emma R. Leibowitz\*+
Mark B. Samburg (Bar No. 31090)
Robin F. Thurston\*+
Carrie Y. Flaxman +
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
aswift@democracyforward.org
eleibowitz@democracyforward.org
msamburg@democracyforward.org
rthurston@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

\* Admission to this Court pending
+ Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

    I, Alethea Anne Swift, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Northern Division, by using the CM/ECF system. Plaintiffs' counsel also emailed a copy of the motion and all its attachments to counsel at the Department of Justice.

/s/ Alethea Anne Swift
*Counsel for Plaintiffs*
