IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-00596 |

**[PROPOSED]**
**ORDER GRANTING PLAINTIFFS' MOTION**
**FOR A PRELIMINARY INJUNCTION AND/OR 5 U.S.C. § 705 STAY**

For the reasons set forth in the accompanying Memorandum Opinion, it is on this ____ day of April 2025, at _____ by the United States District Court for the District of Maryland, **ORDERED** that Plaintiffs' Motion for Preliminary Injunction and/or 5 U.S.C. § 705 stay (ECF ___) is **GRANTED**.

1. For purposes of this Order, the following definitions apply:

    a. The term "DOGE Team member" refers to individuals who are assigned to, detailed to, or employed by SSA to implement the DOGE agenda and who can reasonably be considered a member, leader, supervisor, or director of the SSA DOGE Team contemplated by Section 2(c) of Executive Order No. 14158, 90 Fed. Reg. 8441 (Jan. 29, 2025).

    b. "DOGE Affiliate" means any person working in concert with or at the direction of the DOGE Defendants or DOGE Team members, directly or indirectly, for the purpose of implementing the DOGE agenda at SSA or Executive Order No. 14158.

    c. "Personally identifiable information" or "PII" shall mean "information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual," and shall include, *inter alia*, first and last names; physical addresses; email addresses or other online contact information; telephone numbers; Social Security numbers; driver's license or other government-issued identification numbers; banking and/or financial records, including but not limited to financial account numbers and credit or debit card information; medical records, including but not limited to medical provider information; records regarding any diagnosis, evaluation, procedure, or treatment, whether for physical or mental health; employer and employee payment records or employee earnings; tax information; and persistent identifiers, such as an individual identification number held in a "cookie," static Internet Protocol ("IP") address, mobile device ID, processor serial number, user ID, or any other persistent identifier that can be used to recognize a user over time and/or across different devices, websites, or online services.

    d. "Affected Work Product" means any models or algorithms developed in whole or in part using PII obtained, disclosed, derived, copied, or exposed from any SSA system of record, including but not limited to records known as the Numident, Master Beneficiary Record ("MBR"), and Supplemental Security Record ("SSR"), or the Enterprise Data Warehouse ("EDW").

2. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the United States Social Security Administration ("SSA"), Leland Dudek, and Michael Russo (collectively, "SSA Defendants"), and any and all of their agents and employees, and any person working in

concert with them, directly or indirectly, are **ENJOINED** and **RESTRAINED** from granting access to any SSA system of record containing personally identifiable information ("PII"), as defined in ¶ 1(c), or PII obtained, disclosed, derived, copied, or exposed from any SSA system of record, including but not limited to records known as the Numident, Master Beneficiary Record ("MBR"), and Supplemental Security Record ("SSR"), or the Enterprise Data Warehouse ("EDW"), to the Department of Government Efficiency ("DOGE"), the United States DOGE Service ("USDS-DOGE"), the United States DOGE Service Temporary Organization ("DOGE-STO"); members of the DOGE Team established at SSA, as defined in ¶ 1(a) ("DOGE Team members"); and/or any DOGE Affiliate, as defined in ¶ 1(b), unless that access has already been confirmed by the Court, in a written order, to have been in accordance with the Temporary Restraining Order, ECF 48.

3. USDS-DOGE, DOGE-STO, Elon Musk, Amy Gleason (collectively, "DOGE Defendants"), as well as all DOGE Team members and DOGE Affiliates, **SHALL,** within 48 hours of issuance of this Order, disgorge, destroy, and delete all PII in their possession or under their control that was provided from or obtained, directly or indirectly, from any SSA system of record to which they have or have had access, directly or indirectly, since January 20, 2025.

4. All DOGE Defendants, DOGE Team members, and DOGE Affiliates are **ENJOINED** and **RESTRAINED** from installing any software on SSA devices, information systems, or systems of record, and shall remove any software that they installed, or that was installed on their behalf, after January 20, 2025.

3

5. All DOGE Defendants, DOGE Team members, and DOGE Affiliates are **ENJOINED** and **RESTRAINED** from accessing, altering, or disclosing any SSA computer or software code, and from altering any records maintained in an SSA system of record.

6. All Defendants **SHALL** comply with all applicable agency guidelines, policies, and procedures, including, but not limited to: ████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

7. All Defendants are **ENJOINED** and **RESTRAINED** from ████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████

8. All Defendants are **ENJOINED** and **RESTRAINED** from ████████████
████████████████████████████████████████
████████████████████████████████████████

9. All Defendants are **ENJOINED** and **RESTRAINED** from using system resources which were not ████████████████████████████████
████████████████████████████████████████
████████████████████

4

10. All Defendants **SHALL** comply with agency information protection policies in effect on January 20, including complying with restrictions on the ███████████████ ███████████████████████████████████████████; ███████████████████████████████████████████ and ███████████████████████████████;

11. This Order does not preclude SSA from providing DOGE Team members with access to redacted or anonymized data and records maintained in SSA systems of record. However, no data shall be provided unless and until each and every one of the following conditions have been met:

    a. The persons to whom access is to be provided have received all training that is typically required of individuals granted access to SSA data systems, including training regarding federal laws, regulations, and policies governing the privacy and protection of PII.

    b. A background investigation is fully adjudicated, with that background investigation being comparable to the quality of background investigation conducted for SSA employees with levels of access to PII comparable to the levels of access the relevant persons plan to seek or which Defendants plan to seek on their behalf.

    c. For any individual assigned to the DOGE Team from another agency, all detailing agreements are completed and fully executed.

    d. All required SSA paperwork is completed, including execution of the SSA documents acknowledging the Systems Sanctions Policy and the duty to protect PII.

12. SSA may provide DOGE Team members with access to discrete, particularized, and non-anonymized data if they do so in accordance with both the Privacy Act and each and every one of the following conditions:

    a. SSA must first comply with the provisions in ¶ 11 of this Order.

    b. SSA must first obtain from the DOGE Team member, in writing, and subject to possible review by this Court, a detailed explanation as to the need for the level of access sought and the relevant record(s), including a detailed explanation as to why, for said particular and discrete record, an anonymized or redacted record is not suitable for the specified use. General and conclusory explanations that the information is needed to search for fraud or waste is not sufficient to establish need.

13. Within 48 hours of entry of this Order, the SSA Defendants **SHALL** file a Status Report documenting the actions that they have taken to comply with this Order. The Status Report shall:

    a. Include written statements from all Defendants, sworn under penalty of perjury, confirming receipt of this Order.

    b. Certify that DOGE Defendants, DOGE Team members, and DOGE Affiliates have, under the supervision and subject to the review of the SSA Defendants and their counsel, disgorged, destroyed, and deleted all PII in their possession or under their control that was provided from or obtained, directly or indirectly, from any SSA system of record to which they have or have had access, directly or indirectly, since January 20, 2025, unless that access has been confirmed by the Court, in a written order, to have been in accordance with the Temporary Restraining Order, ECF 48.

    c. Certify that no DOGE Defendant, DOGE Team member, or DOGE Affiliate shall be provided with access to records contained in any SSA system of record, or records derived, copied, or exposed from any SSA system of record, whether or not anonymized, or be granted access to any SSA systems of record, dashboards, or other data platforms, whether or not those platforms contain PII, unless and until those persons have complied with the provisions set forth in ¶ 11 of this Order.

    d. Certify that no DOGE Defendant, DOGE Team member, or DOGE Affiliate shall be provided with access to discrete, particularized, and non-anonymized data unless (1) they are provided with access in accordance with provisions of the Privacy Act; (2) the SSA Defendants and relevant DOGE Defendants, DOGE Team members, or DOGE Affiliates first comply with the provisions in ¶ 12 of this Order; SSA Defendants first obtain from the DOGE Defendant, DOGE Team member, or DOGE affiliate, in writing and subject to possible review by this Court, a detailed explanation as to the need for the level of access sought and the relevant record(s), including a detailed explanation as to why, for said particular and discrete record, an anonymized or redacted record is not suitable for the specified use. General and conclusory explanations that the information is needed to search for fraud or waste are not sufficient to establish need.

14. Within five business days of entry of this Order, the SSA Defendants **SHALL** file a Supplemental Status Report documenting the actions that they have taken to comply with this Order. The Supplemental Status Report shall certify that all DOGE Defendants, DOGE Team members, and DOGE Affiliates have deleted or destroyed all Affected Work Product. To the extent any DOGE Defendants, DOGE Team members, and/or DOGE

Affiliates are aware of Affected Work Product not under their supervision or control and thus impossible for them to delete or destroy, Defendants must disclose the identity of the person or entity supervising or controlling the Affected Work Product and provide written evidence of their notice to that person or entity of the existence of this Order and effort to seek deletion and destruction of the Affected Work Product.

15. The Court may require further Status Reports, which may, in turn, require Defendants to provide further detail as to their compliance activities. The Court may also enter further orders as necessary to ensure compliance with this Order.

16. This Order applies to SSA at every and any place where the EDW and/or systems of record are located, maintained, accessed, or available.

17. Pursuant to Fed. R. Civ. P. 65(c), each plaintiff organization SHALL POST BOND in the nominal amount of $____, for a total of $_____, by 3:00 p.m. ET on the second business day following entry of this Order.

This Order shall apply to the maximum extent provided for by Rule of Civil Procedure 65(d)(2) and 5 U.S.C. §§ 705 and 706.

DATED this ___ day of March, 2025                     _____
                                                      Hon. Ellen Lipton Hollander
                                                      United States District Judge