## United States District Court
## District Of Maryland

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 7, 2025

LETTER TO COUNSEL

Re:     *American Federation of State, County and Municipal Employees,*
        *AFL-CIO, et al. v. Social Security Administration, et al.*
        Civil Action No. ELH-25-0596

Dear Counsel:

I write to address several concerns.

**1.**

As you know, defendants filed the Administrative Record, under seal, on April 2, 2025. ECF 86; ECF 86-1 to ECF 86-6; *see also* ECF 100-1 (certification); ECF 100-2 (index). On April 4, 2025, the Court held a hearing to resolve several disputes, including with respect to the Administrative Record. ECF 108; ECF 115 (transcript).

Of relevance here, the government seeks to refer to members of the SSA DOGE Team using monikers (*i.e.*, "Employee 1, Employee 2" etc.), so as to protect their identities. *See* ECF 102 at 3. At the hearing, the Court directed the government to ascertain from the eleven SSA DOGE Team members whether they object to the use of their names in court filings. ECF 115 at 11, 12. In the meantime, the government indicated that it would provide plaintiffs with a list matching the moniker of each SSA DOGE employee to a particular individual, subject to the proposed protective order. *Id.* at 8, 12.

On April 4, 2025, shortly after the hearing, and in accordance with the briefing schedule set by the Court (ECF 69), plaintiffs filed a Motion for Preliminary Injunction. ECF 110. Defendants filed their opposition on April 7, 2025. ECF 113.

The parties' briefing and previous declarations almost exclusively refer to DOGE Team members by employee number. But, with limited exceptions, the Administrative Record refers to members of the SSA DOGE Team by name, not by employee number. The Court has not been provided with any mechanism to match an employee's moniker to an individual name. The task of doing so is very time consuming and, given the upcoming preliminary injunction hearing, time here is of the essence.

1

Therefore, by **10:00 a.m. on April 8, 2025**, counsel for the government is directed to provide the Court, under seal, with a list that matches each moniker to the name of a specific individual working on the SSA DOGE Team.

**2.**

Today, a divided panel of the Fourth Circuit issued an Order in *American Federation of Teachers, et al. v. Bessent, et al.*, DLB-25-0430, granting the government's motion to stay the preliminary injunction issued by Judge Boardman, pending appeal. *See* Appeal No. 25-1282, Docket Entry No. 17. Judge Agee and Judge Richardson wrote concurrences. *See id.* at 3–6 (Judge Agee); *id.* at 7–16 (Judge Richardson). Judge King dissented. *Id.* at 17–23. Judge Agee concluded that the plaintiffs likely do not have standing to pursue their claims. *Id.* at 3–6. Judge Richardson concluded the same, and also raised concerns regarding, *inter alia*, the matter of a final agency action, a violation of the Privacy Act, and irreparable harm. *See id.* at 7–16.

As has been previously discussed, there are similarities between this case and *American Federation of Teachers, et al. v. Bessent, et al.* Therefore, by **3:00 p.m. on April 8, 2025**, I ask counsel for plaintiffs to submit a supplemental memorandum that addresses the import of the rulings of Judge Richardson and Judge Agee with respect to this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

_____
             /s/
Ellen Lipton Hollander
United States District Judge

2