**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 11, 2025

LETTER TO COUNSEL

    Re:    *American Federation of State, County and Municipal Employees, AFL-CIO, et al. v. Social Security Administration, et al.*
            Civil Action No. ELH-25-0596

Dear Counsel:

I write to address several matters.

**1.**

As you know, I issued a Temporary Restraining Order ("TRO") on March 20, 2025. ECF 48. The government noted an appeal of the TRO to the Fourth Circuit on March 24, 2025. ECF 57. Then, on March 26, 2025, almost a week after I issued the TRO, defendants filed in this Court a motion to stay the TRO, "as clarified" by my letters of March 21, 2025 (ECF 51, ECF 52). *See* ECF 60 ("Stay Motion").[1] Several hours later, defendants also moved for a stay in the Fourth Circuit. *See* Case No. 25-1291, Docket Entry No. 5.

By agreement of the parties on March 27, 2025 (ECF 68), I extended the TRO through April 17, 2025. *See* ECF 69 (Order of 3/27/25, extending TRO). And, by Memorandum (ECF 78) and Order (ECF 79) of March 31, 2025, I denied the Stay Motion. The Fourth Circuit dismissed the appeal on April 1, 2025, based on lack of jurisdiction. ECF 81 (Order); ECF 82 (Judgment); ECF 83 (Corrected Order).

On April 7, 2025, the government filed a "Notice of Recent Decision and Request for Reconsideration." ECF 117 ("Motion for Reconsideration"). In the Motion for Reconsideration, the government notified the Court that the Fourth Circuit granted a stay pending appeal in the case of *American Federation of Teachers, et al v. Bessent, et al.*, DLB-25-0430 (D. Md.). ECF 117 at 1; *see American Federation of Teachers, et al. v. Bessent, et al.*, No. 25-1282, 2025 WL 1023638

---

[1] ECF 51 and ECF 52 were intended to correct Acting Commissioner Dudek's interpretation of the TRO.

1

(4th Cir. Apr. 7, 2025) (Order).[2] Defendants noted that Judge Agee and Judge Richardson concluded that the plaintiffs in *Bessent* likely do not have standing to pursue their claims. ECF 117 at 1; *see Bessent,* 2025 WL 1023638, at *1–5. In light of *Bessent*, defendants ask the Court to "reconsider its earlier decision to deny Defendants' request for a stay during the pendency of the preliminary injunction proceedings and any subsequent appeal." ECF 117 at 2.

Plaintiffs oppose the Motion for Reconsideration. *See* ECF 119. They ask the Court to consider *Bessent*, to the extent applicable, "in the regular course when deciding the preliminary injunction . . . ." *Id.* at 10.

As noted, defendants expressly agreed to extend the TRO through April 17, 2025. ECF 68. By Order of March 27, 2025 (ECF 69), I extended the TRO through that date. The hearing on the preliminary injunction motion (ECF 110, "P.I. Motion") is scheduled for Tuesday, April 15, 2025. ECF 69. Given the impending P.I. Motion hearing and the agreement of the parties to extend the TRO through April 17, 2025, I shall **DENY** the Motion for Reconsideration (ECF 117).

**2.**

As indicated, a hearing is scheduled for Tuesday, April 15, 2025, with respect to the P.I. Motion. ECF 69. In a joint status report of March 27, 2025 (ECF 68), the "parties agreed to address the need for witness testimony in their respective briefing, with Plaintiffs stating their position in their reply." *Id.* at 2. The government's brief does not address the matter of witness testimony. *See* ECF 113. Plaintiffs, for their part, "defer to the Court regarding whether testimony from Defendants would aid the Court's evaluation of Plaintiffs' motion." ECF 122 at 15 n.18.

A recent news article reports that the Social Security Administration is "repurposing Social Security's 'death master file'" in an effort to pressure immigrants to "'self deport.'" Alexandra Berzon, et al., *Pushing 'Self-Deportation,' White House Moves to Cut Migrants' Social Security*, N.Y. TIMES (Apr. 10, 2025), https://perma.cc/H67G-6L2M. The article also mentions that Acting Commissioner Dudek sent an email to SSA staff regarding this project. But, no details concerning this project are contained in the Administrative Record. *See* ECF 86. Moreover, according to information provided by defendants, the SSA DOGE Team is working on a project involving the death master file that does not correspond to what was described in the news. *See, e.g.*, ECF 62-1, ¶ 10; ECF 73 (Tr. 3/27/25), at 7.

Testimony from Acting Commissioner Dudek may be helpful as to the various SSA projects that Mr. Dudek has referenced in his declarations, and for which he claims the DOGE Team requires access to PII. Therefore, I ask that Acting Commissioner Dudek appear at the P.I. Motion hearing on April 15, 2025, in order to clarify information that has been provided.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

---

[2] The Court was already aware of the ruling, as reflected in a letter to counsel. *See* ECF 116.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge