**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br><br> Defendants. | **REDACTED** <br> Civil Action No. 1:25-cv-00596 |

**PLAINTIFFS' MOTION TO EXPAND HEARING SCOPE**
**AND FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS**

As the Court is aware, "[a] recent news article reports that the Social Security Administration is 'repurposing Social Security's 'death master file' in an effort to pressure immigrants to 'self deport.'" ECF 127 (quoting Alexandra Berzon, et al., *Pushing 'Self-Deportation,' White House Moves to Cut Migrants' Social Security*, N.Y. Times (Apr. 10, 2025)) (the "Times Article").[1] Plaintiffs appreciate the Court's order directing Defendant Dudek to appear at the upcoming hearing. Because this reporting raises questions about Defendants' compliance with the TRO and the veracity of representations made to the Court, which are pertinent to Plaintiffs' motion for a preliminary injunction, Plaintiffs respectfully request that the Court (1) expand the scope of Tuesday's hearing to include those topics, and (2) grant leave for Plaintiffs to file one or more supplemental declarations regarding the Times Article before 3:00 p.m. on Monday, April 14.

---

[1] The Times article was updated at 10:34 a.m. this morning. *See* Alexandra Berzon, et al., *By placing migrants in Social Security's 'death master file,' the Trump administration is seeking to cut off their access to credit cards, bank accounts and other financial services*, N.Y. Times (updated April 11, 2025), https://perma.cc/38U2-QWLH.

The Times Article reports that Employee ████████ (hereinafter, the "DOGE Employee"), on Tuesday, April 8, sent Defendant Dudek a list of more than 6,300 people identified by "homeland security officials" to be added to SSA's "death master file." Such activity would contradict declarations filed with the Court and violate Paragraphs 2 and/or 3 of the TRO.

*First*, if the Times Article is accurate—and there is no reason to think it is not—it contradicts Defendant Dudek's previous representations to this Court that SSA has "revoked all SSA DOGE Team members' access to SSA systems containing personally identifiable information (PII) or systems of record" and that "the SSA DOGE Team is not directing, or involved, in any SSA projects." ECF 56-1 ¶¶ 4–5.

*Second,* the TRO enjoins SSA from granting DOGE Team Members access to any SSA system of record containing non-anonymized PII without satisfying certain requirements, including that their background check be completed and that they have a "need to know" in accordance with the Privacy Act. TRO ¶¶ 1–3, ECF 48. Defendants have represented to this Court that, since the TRO was issued, SSA has only sought to provide access to four individuals who Defendants argue (and Plaintiffs contest) "now satisfy the criteria for data access" in the TRO. ECF 62 at 1. The DOGE Team member identified in the article is not one of those four. Moreover, it is unclear whether a background check for the DOGE Employee has been fully adjudicated. *See* ECF 36-2 ███ (████████); *see generally* Administrative Record, ECFs 86, 112, 121 (providing no information about subsequent developments).

*Third,* any SSA employees' disclosure[2] of the information described in the Times Article for the purpose described in the Times Article—encouraging noncitizens to self-deport—would

---

[2] SSA regulations describe disclosure as "making a record about an individual available to . . . another party." 20 C.F.R. § 401.25

violate the Privacy Act, which, with few and limited exceptions, limits the need-to-know inquiry to the relevant agency's mission and purpose. It would also likely violate other laws and SSA policies regarding inter-agency disclosures of data. *See, e.g.*, Am. Compl. ¶ 102 (alleging that the SSA Defendants "entered inter-agency data sharing agreements without abiding [by] the process prescribed by law"); Flick Decl. ¶ 8, ECF 22-10 ("SSA also has a detailed process for entering agreements with other agencies when there is a need to share data between agencies, such as computer matching agreements," which "generally takes months and involves levels of review"); Computer Matching and Privacy Protection Act of 1988, 5 U.S.C. § 552a(o) ("Matching Agreements").

*Fourth,* the Times Article suggests that the DOGE Employee, and potentially other DOGE Team members, violated the TRO and the Privacy Act by (1) accessing PII in SSA systems (or PII provided or obtained therefrom); and (2) unlawfully sharing it with the White House. *See* Times Article (quoting a White House official as saying that "nearly 1,000 of the [affected] migrants had received federal benefits worth a total of roughly $600,000 before their parole was cut off, including Medicaid . . ."); TRO ¶¶ 2-3, ECF 48; PI Mot. at 15-19 (discussing the Privacy Act).

*Fifth,* Defendants represented in sworn declarations filed on March 12 that the DOGE Employee ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Russo Decl. ▮▮ ECF 36-1, and because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Felix-Lawson Decl. ▮▮ ECF 36-2.[3] On March 15, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



None of these alleged needs are sufficient to satisfy the Privacy Act, and, as discussed above, Defendants subsequently represented that the DOGE Employee's access to SSA systems was revoked. ECF 56-1 ¶¶ 4–5.

Plaintiffs thus respectfully request that this Court formally expand the scope of Tuesday's hearing to include these topics and their relevance to Plaintiffs' motion for a preliminary injunction. Because this news did not break until yesterday afternoon, Plaintiffs further request that the Court grant them leave to file supplemental declarations regarding the Times Article before 3:00 p.m. on Monday, April 14.

*Signatures follow on next page.*

---

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dated: April 11, 2025

Respectfully submitted,

*/s/ Alethea Anne Swift*
Alethea Anne Swift (Bar No. 30829)
Emma R. Leibowitz[*+]
Mark B. Samburg (Bar No. 31090)
Robin F. Thurston[*+]
Carrie Y. Flaxman[+]
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
aswift@democracyforward.org
eleibowitz@democracyforward.org
rthurston@democracyforward.org
msamburg@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

\* Admission to this Court pending
+ Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

      I, Alethea Anne Swift, certify that I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Maryland, Northern Division, by using the CM/ECF system, which sent a notice of such filing to all registered CM/ECF users who have appeared in this case.

/s/ Alethea Anne Swift
*Counsel for Plaintiffs*
