IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00596-ELH |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXPAND HEARING SCOPE AND FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS**

Defendants oppose Plaintiffs' motion to expand the scope of the preliminary injunction hearing scheduled for April 15 at 10:00 a.m. and for leave to file supplemental declarations. ECF No. 130. This Court provisionally granted Plaintiffs' Motion for leave to file supplemental declarations but allowed Defendants to request to rescind the Order as improvidently granted. ECF No. 131. The Court did not rule on the motion to expand the scope of the hearing.

The Court should rescind its order as improvidently granted, because Plaintiffs' requested relief is at odds with basic principles of fairness. In addition, the Court should deny the motion to expand the scope of the hearing fewer than 24 hours before the hearing is set to begin. The purpose of the hearing scheduled for tomorrow at 10:00 a.m. is to address Plaintiffs' motion for preliminary injunction, which is fully briefed and ready for decision by the Court. Defendants produced the administrative record in this case on April 2, and, upon review of its contents, Plaintiffs did not pursue discovery.

Having effectively conceded that the Court may decide their motion for a preliminary injunction based on the administrative record, Plaintiffs should not be heard to now insist that live testimony or extra-record evidence is necessary for the purposes of this hearing. That is particularly true given that Plaintiffs' request came on the afternoon of Friday, April 11, less than two business days before the scheduled hearing, and that Plaintiffs propose to file additional declarations late in the afternoon the day before the hearing. Defendants requested that Plaintiffs provide their proposed declarations to Defendants in advance of their filing, but Plaintiffs declined.[1] Without knowing what Plaintiffs propose to introduce, Defendants cannot prepare adequately to address any new information contained in those declarations for a hearing the following morning. *See Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 17970213, at *1 (N.D. Cal. Sept. 28, 2022) (holding that "litigation by surprise and shortness of time to prepare a response is not part of the judicial process").

Defendants have prepared to argue Plaintiffs' motion tomorrow morning based on the record that has been available to both sides for more than a week. Plaintiffs' approach would give them an unfair advantage—allowing them to supplement the record for tomorrow's hearing with declarations they have known they want to submit for at least three days but that Defendants will have fewer than 24 hours to analyze. Because of the closeness in time to tomorrow's hearing, Plaintiffs' approach also denies Defendants the opportunity to respond in writing to Plaintiffs' written submission.

Plaintiffs point to an April 10, 2025, article published in the *New York Times* to raise the specter of non-compliance with this Court's temporary restraining order. Defendants have been

---

[1] On Sunday, April 13, 2025, counsel for Defendants emailed Plaintiffs' counsel to ask for copies of the forthcoming declarations or, alternatively, for any information about their contents. Plaintiffs' counsel responded: "We're not in a position to do that."

2

working diligently to understand the relevant facts since the article's publication. Based on Defendants' understanding of the facts, the conclusions that Plaintiffs draw from the *New York Times* article are largely inaccurate and overblown. If Plaintiffs wish to litigate Defendants' compliance with the TRO, they should file a standalone motion identifying their concerns, and Defendants should be allowed to respond in the normal course. Plaintiffs should not be allowed to shoehorn their TRO compliance concerns into the hearing the Court scheduled on their motion for a preliminary injunction based on declarations produced to the Court and Defendants mere hours before the hearing begins.

Dated: April 14, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

 /s/ *Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
MARIANNE F. KIES
SAMUEL HOLT
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

Kelly O. Hayes
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970

          Assistant United States Attorney
          36 S. Charles St., 4th Floor
          Baltimore, Maryland 21201
          Tel: (410) 209-4941
          Fax: (410) 962-2310
          Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on April 14, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

/s/ Bradley P. Humphreys
BRADLEY P. HUMPHREYS