**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 14, 2025

LETTER TO COUNSEL

Re: *American Federation of State, County and Municipal Employees,*
*AFL-CIO, et al. v. Social Security Administration, et al.*
Civil Action No. ELH-25-0596

Dear Counsel:

As you know, I issued a Temporary Restraining Order ("TRO") in this case on March 20, 2025. ECF 48. By agreement of the parties (ECF 68), the TRO was extended through April 17, 2025. ECF 69. A preliminary injunction ("P.I.") hearing is scheduled for tomorrow, Tuesday, April 15, 2025, at 10:00 a.m. *Id.*

At approximately 2:30 p.m. on April 11, 2025, the Court sent a letter to counsel. ECF 127. In relevant part, I addressed the matter of witness testimony at the P.I. hearing. *Id.* at 2. In particular, I noted that the government did not address the matter in its briefing, and plaintiffs deferred to "'the Court regarding whether testimony from Defendants would aid the Court's evaluation of Plaintiffs' [P.I.] motion.'" *Id.* (quoting ECF 122 at 15 n.18).

In the letter, I referenced a New York Times article that reported that the Social Security Administration is "'repurposing Social Security's death master file' in an effort to pressure immigrants to 'self deport.'" ECF 127 at 2 (quoting Alexandra Berzon, et al., *Pushing 'Self-Deportation,' White House Moves to Cut Migrants' Social Security*, N.Y. TIMES (Apr. 10, 2025), https://perma.cc/H67G-6L2M ("N.Y. Times Article")) (some internal quotations omitted). Acting SSA Commissioner Dudek stated during a telephone hearing on March 27, 2025, that the SSA DOGE Team is working on a project involving the "master death record." ECF 73 (Tr. 3/27/25), at 7; *see also* ECF 62-1 (Dudek Declaration of March 26, 2025), ¶ 10 (referencing "Death Data Clean Up Project"). But, the Administrative Record does not "correspond to what was described in the news." ECF 127 at 2. Because testimony from Mr. Dudek "may be helpful as to the various SSA projects that Mr. Dudek has referenced . . .," the Court has asked the government to produce Mr. Dudek at the P.I. hearing, "in order to clarify information that has been provided." *Id.*

Thereafter, at approximately 7:10 p.m. on Friday, April 11, 2025, plaintiffs filed under seal a "Motion to Expand Hearing Scope and For Leave to File Supplemental Declarations." ECF 129 ("Motion"); *see also* ECF 130 (public, redacted version). The Motion is based on the content of the N.Y. Times Article. *See* ECF 129. Plaintiffs ask the Court to (1) "expand the scope" of the

1

P.I. hearing to include defendants' "compliance with the TRO and the veracity of representations made to the Court"; and (2) "grant leave for Plaintiffs to file one or more supplemental declarations regarding the [N.Y.] Times Article before 3:00 p.m. on Monday, April 14." *Id.* at 1.

That evening, April 11, 2025, I entered an Order granting the Motion, in part. ECF 131. Specifically, I permitted plaintiffs to file "supplemental declarations related to the New York Times reporting described in ECF 127 by 3:00 p.m. on Monday, April 14." *Id.* However, I declined to rule on the request to expand the hearing. *Id.* And, I stated that "by noon on 4/14/25, defendants may move to rescind this Order as improvidently granted." *Id.*

Defendants timely filed an opposition to the Motion on April 14, 2025. ECF 132 ("Opposition"). The government argues that the Court "should rescind its order as improvidently granted, because Plaintiffs' requested relief is at odds with basic principles of fairness." *Id.* at 1. In short, the government reasons that (1) it produced the Administrative Record on April 2, 2025, and plaintiffs did not pursue discovery; (2) plaintiffs' Motion was filed less than two business days before the scheduled P.I. hearing; (3) plaintiffs propose to file "additional declarations late in the afternoon on the day before the hearing"; and (4) "[w]ithout knowing what Plaintiffs propose to introduce, Defendants cannot prepare adequately to address any new information contained in those declarations for a hearing the following morning." *Id.* at 1, 2. For these reasons, the government contends that allowing plaintiffs "to supplement the record for tomorrow's hearing with declarations they have known they want to submit for at least three days but that Defendants will have fewer than 24 hours to analyze[]" would give plaintiffs "an unfair advantage." *Id.* at 2. Defendants also stated, *id.* at 3: "If Plaintiffs wish to litigate Defendants' compliance with the TRO, they should file a standalone motion identifying their concerns, and Defendant should be allowed to respond in the normal course."

At approximately 2:57 p.m. on today's date, plaintiffs filed a Third Supplemental Declaration of Tiffany Flick. ECF 136; ECF 136-1 (the "Flick Declaration"). It is approximately four pages in length and primarily pertains to SSA's "Death Master File." *See* ECF 136-1.

The Court agrees with the government that the issue of compliance with the TRO is a standalone matter separate from the merits of plaintiffs' P.I. Motion. The hearing tomorrow shall focus solely on the issues pertaining to the merits of the P.I. Motion. To that extent, plaintiffs' Motion to expand the scope of the P.I. hearing is **DENIED**.

On the other hand, the Flick Declaration may be relevant to the resolution of the P.I. Motion. It does not concern the issue of the government's compliance with the TRO. Instead, it purports to explain the operation of a data system central to the dispute. Therefore, I shall **GRANT** plaintiffs' request to submit the Flick Declaration.

The Court understands the government's concern regarding a lack of time to analyze and respond to the Flick Declaration. But, the Flick Declaration is only four pages long, and the assertions are not complicated. *See* ECF 136-1. The allegations largely provide background information.

The government may file a written submission or an additional declaration in response to the Flick Declaration, due by **9:00 a.m. on April 15, 2025**.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge

3