IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
*et al.*,

                Plaintiffs,

                v.

SOCIAL SECURITY ADMINISTRATION,
*et al.*,

                Defendants.

Case No. 1:25-cv-00596-ELH

**PROTECTIVE ORDER**[1]

IT IS HEREBY ORDERED as follows:

1. <u>Covered Information</u>. "Covered Information" is defined for the purposes of this Order as the portions of the administrative record designated by the government as confidential and not filed on the public docket. Nothing in this Order shall bar Plaintiffs from challenging Defendants' redactions in the publicly filed version of the administrative record or in subsequent filings. The Court will determine by separate Order whether any redacted portion of the administrative record shall remain redacted.

2. <u>Persons to Whom Disclosures May Be Made</u>. Disclosure of Covered Information is limited to the Court, the Court's staff, Plaintiffs, Plaintiffs' employees, and Plaintiffs' counsel. Plaintiffs' counsel includes associated personnel necessary to assist Plaintiffs' counsel in this litigation, such as litigation assistants, paralegals, secretarial or other clerical personnel, litigation

---

[1] The parties dispute one issue relevant to the Protective Order and have provided their respective arguments at the end of this document.

support services, retained experts, experts whose services Plaintiffs' counsel otherwise engage for purposes of this litigation, declarants, consultants, and outside copying services. Engaged experts, declarants, and consultants shall agree to abide by the terms of this Order by signing the agreement in the form attached hereto as Exhibit A. Disclosure may not be made to Plaintiffs' members unless the recipient of the information is otherwise covered by this paragraph.

3.  <u>Nondisclosure of Covered Information</u>.  Plaintiffs and Plaintiffs' counsel may use Covered Information only for the purpose of this litigation (and all appeals thereof). Plaintiffs and Plaintiffs' counsel shall not disclose, in any manner whatsoever, Covered Information to any other person or entity beyond those indicated in Paragraph 2 or for any purpose other than this litigation (and all appeals thereof) without further court order.

4.  <u>Covered Information to Be Filed Under Seal</u>.  Those portions of any filings with the Court that include Covered Information shall be made under seal pursuant to the applicable rules of this Court. The party whose filing includes Covered Information must file a redacted version of the filing on the public docket within 24 hours. Plaintiffs retain the right to challenge Defendants' redactions in both the sealed and publicly filed versions of the filing, as described in Paragraph 1 and Paragraph 9 of this Order.

5.  <u>Use of Covered Information at Hearing.</u>  This Order does not determine the use of Covered Information at a Court hearing. To the extent Defendants seek to keep Covered Information confidential from the public as part of a hearing, Defendants shall file a motion to that effect as far in advance of the hearing as practicable, which Plaintiffs will have an opportunity to oppose. That includes any motion to seal the courtroom.

6.  <u>Continued Effect</u>.  This Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are submitted to the

court as exhibits (unless such exhibits were filed under seal), and (b) a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

7.  Unauthorized Disclosure.  Should any Covered Information be disclosed, through inadvertence or otherwise to any person not authorized to receive the same under this Order, then the disclosing party shall use its best efforts to bind such persons to the terms of this Order.  In particular, the disclosing party shall (a) promptly inform such person in writing of all the provisions of this Order and use its best efforts to immediately retrieve all copies of the Covered Information; (b) simultaneously serve, by electronic mail upon counsel for Defendants, copies of the inadvertently disclosed material or a full description of the inadvertently disclosed material; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A.  The executed agreement shall promptly be served by electronic mail upon counsel for Defendants.

8.  Nonparty Demand.  If any Plaintiff or their counsel in this Action receives or is served with a third-party subpoena, request for production, or some other legal demand seeking Covered Information, the served person or entity shall give prompt actual written notice, within ten days of receipt of such subpoena, demand, or legal process, to counsel for Defendants. Defendants may then object to the production of Covered Information to the extent permitted by law.  Should the third-party seeking access to the Covered Information take action to enforce such a subpoena, demand, or other legal process, the receiving party shall respond by setting forth the existence of this Order.

9.  Challenge to Designation as Covered Information.  Plaintiffs may, at any time, notify Defendants of their disagreement with the designation of any information as Covered Information. Defendants shall review the designation and inform Plaintiffs within three business

days whether they consent to remove the designation. Plaintiffs retain the right to challenge any designation of Covered Information by Motion to this Court.

10. <u>Change in Covered Information Status</u>. Upon information previously considered Covered Information no longer being considered Covered Information:

    a) Defendants shall file on the public docket all portions of the Administrative Record or relevant filing no longer deemed Covered Information within a reasonable time of the information no longer constituting Covered Information; and

    b) All parties shall file on the public docket updated versions of any redacted filings removing redactions for information previously considered Covered Information within a reasonable time of the information no longer constituting Covered Information.

11. Defendants agree to promptly make Plaintiffs aware of any Department of Justice filing or production that discloses Covered Information when DOJ counsel in this case become aware of such filing or production. Defendants also agree to promptly make Plaintiffs aware of any Covered Information that the government has officially confirmed or disclosed when DOJ counsel in this case become aware of such official confirmation or disclosure.

12. This Order constitutes a court order under 5 U.S.C. § 552a(b)(12).

13. Nothing in this Order shall bar amendment of this Order by agreement of the parties or by order of the Court. Any such amendment of the parties shall be made in writing and filed with the Court.

14. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or further Order of the Court.

15. Nothing in this Order shall be construed as prohibiting or otherwise restricting Defendants' own use or disclosure of Covered Information.

16. Nothing in this Order shall be construed as prohibiting Defendants from redacting email addresses (excluding domains), phone numbers, or other information covered by Rule 5.2 of the Federal Rules of Civil Procedure, or the policy of the Judicial Conference of the United States to protect sensitive information.

17. Nothing in this Order requires Defendants to include in the administrative records any specific information, including information that would otherwise be properly withheld as privileged.

18. Nothing in this Order shall be construed as indicating that Plaintiffs agree with designation of any part of the Administrative Record as confidential.

19. This Order supersedes Defendants' previously proposed protective order, ECF 84.

IT IS SO ORDERED.

Dated: _____

                                                      Hon. Ellen Lipton Hollander
                                                     United States District Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00596-ELH |

**AFFIDAVIT OF** _____

I, _____, declare under penalty of perjury that:

  (a) My present address is _____.

  (b) My present employer is _____.

  And the address of my present employer is _____.

  (c) My present occupation or job description is _____.

  (d) I have received a copy of the Protective Order in this Action and have carefully read and understand its provisions.

  (e) I will comply with all provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order,

and will not copy or use for purposes other than for this Action, any "Covered Information" (as that term is defined in the Protective Order) that I receive in this Action.

**Signature:** _____

**Date:** _____

**PARTIES' POSITIONS RELEVANT TO PROTECTIVE ORDER DISPUTES**

## PLAINTIFFS' POSITION

Plaintiffs would change the definition of "Covered Information" (¶ 1) as shown below to exclude publicly available information from the scope of the Protective Order:

> "Covered Information" is defined for the purposes of this Order as the portions of the administrative record designated by the government as confidential ~~and~~, not filed on the public docket, and not otherwise available publicly. Nothing in this Order shall bar Plaintiffs from challenging Defendants' redactions in the publicly filed version of the administrative record or in subsequent filings. The Court will determine by separate Order whether any redacted portion of the administrative record shall remain redacted.

Separately, if the Court agrees with Plaintiffs' first change, Plaintiffs request a second conforming edit for clarity, adding the language shown below to Paragraph 10:

> Upon information previously considered Covered Information no longer being considered Covering Information, including but not limited to a change in status resulting from: (1) court order, (2) public availability of the information; or (3) the government no longer maintaining that the information is confidential:

Plaintiffs propose including this language only for clarity; Plaintiffs do not believe it alters any substantive provision of the protective order.

Absent this change, the Protective Order as drafted would restrict Plaintiffs' ability to freely cite or introduce material from the Administrative Record even if it had otherwise been made publicly available.[1]

The proposed order covers a *broader* scope of information than the prior (and presently effective) proposed order—which this Court noted already covered more information than was permissible. *Compare* ECF No. 84-1, ¶ 3(a) (excluding information

---

[1] Over Plaintiffs' request that they not do so, Defendants have elected to describe negotiations between the parties *and* to unilaterally characterize Plaintiffs' position during those negotiations. Plaintiffs note only that their reason for declining Defendants' offer to include language purporting to permit Plaintiffs to rely on public documents was to preclude any possible inference that Defendants' permission would otherwise have been necessary for Plaintiffs to do so.

"in the public domain" unless "improperly in the public domain" from scope of protective order), *with* ¶ 1 (no exception for publicly available information), *supra*. This Court has already indicated that the protective order cannot extend to information in the public domain, *Trans. Apr. 7 Hearing*, 16-15 to 16-19; 50-7-8. And Plaintiffs made clear a week ago that they would not agree to any Protective Order which purported to include information available to the public. *Id.*, 50-9-11.

Defendants respond only that Plaintiffs are free to ask the government to reconsider its confidentiality designation of information once it appears in the public domain.[2] The ability to challenge a designation is of limited value when the protective order does not clarify that the basis for that challenge constitutes a reason to exclude information from the protective order. Absent Plaintiffs' requested change, Defendants could, consistent with the terms of the protective order, simply decline to re-designate publicly available information, requiring Plaintiffs to seek intervention from this Court.

Nor is it any answer to Plaintiffs' concerns that Defendants will not "contend" that citation to newspaper articles or other public sources constitutes a violation of the protective order. Citing to public reporting is, by its nature, less reliable than a citation to administrative record evidence. At later stages of this matter, it could require Plaintiffs to move the Court to take judicial notice of the information, and even then, it would lack the imprimatur of being a part of the administrative record. And, should Plaintiffs rely on public reporting which contains "confidential" information from the administrative

---

[2] Plaintiffs' understanding is that Defendants will, when appropriate, affirmatively redesignate administrative record information and release it pursuant to ¶¶ 10(a) and (b) without waiting for a *pro forma* request from Plaintiffs under ¶ 9.

2

record, Defendants would not be able to deny the accuracy of that information, further eroding any interest that may exist in maintaining its prior confidentiality.

   Plaintiffs still maintain that Defendants have not identified any countervailing interest to justify withholding any portion of the Administrative Record from public view, but any such interest evaporates once the information is already public.

**DEFENDANTS' POSITION**

Under the express terms of the agreed-upon Protective Order, Plaintiffs "retain the right to challenge any designation of Covered Information by Motion to this Court." ¶ 9. Consistent with common practice, the Protective Order outlines the challenge process: Plaintiffs notify Defendants; Defendants review the disputed designation and inform Plaintiffs whether they consent to remove the designation; and, if the parties do not resolve the dispute, motions practice follows. *Id.* Therefore, if Plaintiffs believe that certain Covered Information has somehow appeared in the public domain, such that it should no longer be designated Confidential, the Protective Order provides them a vehicle to raise this argument and for the Court to resolve it if Defendants disagree.

To facilitate expedient resolution of disputes over confidentiality, Defendants have even agreed to "promptly make Plaintiffs aware of any Department of Justice filing or production that discloses Covered Information when DOJ counsel in this case become aware of such filing or production." ¶ 11. Plaintiffs, of course, are equally (if not more) incentivized to monitor and identify information that they believe should be de-designated; triggering the process set forth in Protective Order ¶ 9.

Plaintiffs offer no explanation for why the dispute-resolution process in Paragraph 9 is inadequate. Nonetheless, they contend that it is necessary for the definition of "Covered Information" to categorically exempt information that is "available publicly." *See* Pls.' insert, *supra* (discussing, *inter alia*, proposed edits to Protective Order ¶ 1). Plaintiffs' proposed insertion is inappropriate for three reasons. First, it is unnecessary: the Protective Order outlines a process for Plaintiffs to challenge designations, including on the basis that the designated

1

information is publicly available. Second, whether Covered Information *is* actually publicly available is virtually certain to be in dispute. If, for example, a newspaper article purports to paraphrase or characterize Covered Information, Defendants may properly dispute whether disclosure to one news agency is disclosure to the "public." *See, e.g. Judicial Watch, Inc. v. U.S. Dept. of Def.,* 963 F. Supp. 2d 6, 16 (D.D.C. 2013) (observing that disclosure to certain parties does not equate with disclosure to the public). Defendants may also properly dispute if the article characterizes all the Covered Information, or only some of it.

Third and fundamentally, the mere public availability of information does not render it automatically releasable, as there is a difference between information released in a news article for example and information officially confirmed by the government. *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1370 (4th Cir. 1975) ("It is one thing for a reporter or author to speculate or guess that a thing may be so or even, quoting undisclosed sources, to say that it is so; it is quite another thing for one in a position to know of it officially to say that it is so."); *see also Moore v. CIA*, 666 F.3d 1330, 1333 (D.C. Cir. 2011) ("[T]he information requested must already have been made public through an official and documented disclosure."). This is why, in the Protective Order, Defendants have already agreed to "promptly make Plaintiffs aware of any Covered Information *that the government has officially confirmed or disclosed* when DOJ counsel in this case become aware of such official confirmation or disclosure." ¶ 11 (emphasis added).

To be clear: If Plaintiffs wish to directly cite newspaper articles or other public sources purporting to discuss Covered Information, Defendants will not contend that such citation violates the Protective Order. Defendants had understood this to be Plaintiffs' primary concern and offered to include a Protective Order paragraph specifically addressing it. Namely,

Defendants proposed inserting the following language: "*Nothing in this Order shall prevent Plaintiffs from citing information in the public domain. In the event that public domain information purports to duplicate Covered Information, citing to the public record shall not be construed as a violation of this Order.*" Plaintiffs declined Defendants' offer and removed the language from the agreed-upon Protective Order.

In short, Defendants have agreed to language in the Protective Order to protect Plaintiffs'—and the public's—interest in the free-flow of non-confidential information. Plaintiffs may cite public sources directly, even if they purport to characterize Covered Information. By order, Defendants will notify Plaintiffs if any Department of Justice filing or production discloses Covered Information. ¶ 11. By order, Defendants will notify Plaintiffs if the government officially confirms or discloses Covered Information. *Id.* By order, if Plaintiffs disagree with any designation, for any reason, there is a process for Plaintiffs to raise their dispute and for it to be swiftly resolved. ¶ 9. Plaintiffs' proposal to categorically exclude information "available publicly" from the Protective Order's protection would render Paragraph 9 meaningless—essentially adjudicating a key legal issue without ever bringing it to Court.

Because Defendants properly reserve the right to dispute what "publicly available" means and its legal import for purposes of otherwise Covered Information, Defendants respectfully request that the Court enter the agreed-upon Protective Order without further amendments.