# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00596-ELH |

**DEFENDANTS' MOTION FOR A STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF THE MOTION**

**INTRODUCTION**

Defendants respectfully move for a stay pending appeal of this Court's Memorandum Opinion and Order entering a preliminary injunction, *see* ECF Nos. 146, 147. A motions panel of the United States Court of Appeals for the Fourth Circuit has already granted a stay of preliminary injunctive relief in *American Federation of Teachers v. Bessent*, which presents substantially identical legal issues. *See* No. 25-1282, 2025 WL 1023538 (4th Cir. Apr. 7, 2025) ("*AFT*"). Moreover, the full Fourth Circuit voted to deny initial hearing *en banc*. *Id.* at *1. For the reasons given by Judge Agee and Judge Richardson in their opinions concurring in the grant of a stay in *AFT*—and in Defendants' opposition to Plaintiffs' motion for preliminary injunction in this action—Defendants are likely to prevail on appeal.

Specifically, this Court lacks jurisdiction because Plaintiffs have not alleged any concrete harm and because the data access decisions Plaintiffs challenge are not reviewable under the Administrative Procedure Act. Moreover, assuming jurisdiction, Defendants are likely to prevail on the merits on Plaintiffs' claims that Defendants acted in violation of the Privacy Act and arbitrarily and capriciously. The equities also weigh in favor of a stay. Neither Plaintiffs nor their members will be harmed during the pendency of an appeal, and the Court's injunction intrudes on the basic operation of federal agencies and thwarts implementation of a critical Presidential directive.

At a minimum, the decision in *AFT*—and the substantial overlap with the issues presented in this case—should give this Court pause sufficient to delay the effect of the extraordinary relief granted to Plaintiffs until the Fourth Circuit can decide Defendants' appeal.

Plaintiffs oppose this motion.

1

## ARGUMENT

## THE COURT SHOULD STAY ITS INJUNCTION PENDING APPEAL

Defendants request a stay pending appeal of the Court's injunction under Federal Rule of Civil Procedure 62. In evaluating whether to grant a stay pending appeal, courts consider four factors: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

For the reasons stated in Defendants' opposition to Plaintiffs' preliminary injunction motion, Defendants are likely to prevail on appeal. *See* ECF No. 113. First, Plaintiffs lack Article III standing because they fail to allege concrete injury. *Id.* at 6–12; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). Plaintiffs claim a purely intangible form of injury: They allege that SSA's decision to grant SSA DOGE Team members permission to access their personal information—without any disclosure outside the agency—constitutes an invasion of privacy. That injury is not concrete. Nor does the tort of intrusion upon seclusion have a "close relationship" to Plaintiffs' claimed injury. *TransUnion*, 594 U.S. at 417. "At its core, the harm contemplated by the common-law tort of intrusion upon seclusion includes an intrusion into an individual's private space." *AFT*, 2025 WL 1023638 at *2 (Agee, J., concurring). Mere access by government employees to data housed by a government agency is not akin to that kind of offensive intrusion into personal space. *See AFT*, 2025 WL 1023638 at *2 (Agee, J., concurring); *id.* at *4–5 (Richardson, J, concurring); *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 246 (4th Cir. 2023). *Compare Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 919, 922 (4th Cir. 2022) (finding standing where defendants had obtained plaintiffs information to mail unsolicited advertising materials to

2

the plaintiffs' homes); *Krakauer v. Dish Network*, 925 F.3d 643, 653 (4th Cir. 2019) (addressing "intrusions made via phone calls"); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) (finding standing based on "irritating intrusions" caused by unwanted text messages, which is "analogous to [the] type of "intrusive invasion of privacy" covered by the tort of intrusion upon seclusion); *Dickson v. Direct Energy, LP*, 69 F.4th 338, 345 (6th Cir. 2023) (concluding that "invasion-of-privacy-like harm flow[s] from unwanted telephonic communications" in part because such communications "interject[] [the caller] into[the recipient's] private sphere"); *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1192 (10th Cir. 2021) (standing based on unwanted telephone communications because they were an "unwanted intrusion into [the plaintiff's] peace and quiet"); *Six v. IQ Data Int'l, Inc.*, 129 F.4th 630, 634 (9th Cir. 2025) (explaining that other courts have "found that the harm caused by *unwanted communications* bears a close relationship to intrusion upon seclusion" (emphasis added)).

Here, there is no intrusion at all into Plaintiffs' members' *seclusion*, as there is no allegation that the SSA DOGE Team has even accessed their data, much less made use of it to disturb Plaintiffs' members in any tangible way. Plaintiffs' alleged intrusion upon seclusion is also not "highly offensive" to a reasonable person. Restatement (Second) of Torts § 652B. Plaintiffs' members have no reasonable expectation that SSA employees will not access data housed in agency systems. *Cf. Jabara v. Webster*, 691 F.2d 272, 278–79 (6th Cir. 1982) (holding in the Fourth Amendment context that there is no reasonable expectation of privacy with respect to information held by a government agency), *cert. denied*, 464 U.S. 863 (1983).

The Court also lacks jurisdiction because Plaintiffs do not challenge final agency action reviewable under the APA. *See* ECF No. 113 at 12–18; *see also AFT*, 2025 WL 1023638 at *5 (Richardson, J., concurring). Plaintiffs sought, and have now received, an injunction that manages

3

the day-to-day operations of the defendant agencies. But the APA does not provide oversight of the types of decisions such as which agency employees get access to which data systems. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 899 (1990); *Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004). As Judge Richardson observed, a decision to "grant[] IT access to certain employees" "does not fit comfortably" into the "traditional[]" categories of reviewable agency action. *See AFT*, 2025 WL 1023638 at *5. And personnel decisions about which particular agency personnel have access to any particular agency data system is not "final" because they are not decisions by which "rights and obligations have been determined" or from which "legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

On the merits, Plaintiffs fail to show any violation of the Privacy Act because the DOGE team members of the Social Security Administration are employed (or effectively employed through detail arrangements) by their respective agencies and have a "need to know" within the meaning of 5 U.S.C. § 552a(b)(1). ECF No. 113 at 19–22; *AFT*, 2025 WL 1023638 at *6 (Richardson, J., concurring). The Court's contrary conclusion is inconsistent with federal agency practice broadly and imposes obligations on agencies beyond what the Privacy Act requires. Defendants are also likely to prevail on Plaintiffs' claim that Defendants acted arbitrarily and capriciously. ECF No. 113 at 25–28. It was not arbitrary and capricious for Defendants to grant access to data systems to agency personnel engaged in implementing the President's Executive Order of "improv[ing] the quality and efficiency of government-wide software, network infrastructure, and information technology (IT) systems." 90 Fed. Reg. 8441, § 4. It is sufficient and reasonable that members of the SSA DOGE Team were employed by SSA and that Defendants, in their broad discretion to manage agency operations, found it appropriate to grant

access so that those employees could perform duties within the scope of their employment, including detecting fraud, waste, and abuse in SSA programs.

The remaining factors—irreparable harm, the balance of harms, and the public interest—likewise favor the requested stay. In their motion for injunctive relief and reply brief in support, Plaintiffs repeatedly claim that the continued disclosure of the Plaintiffs' members' personal information *within* each agency is irreparable harm that money damages cannot rectify. ECF Nos. 111-1, 122. But as other courts have found in cases addressing similar issues, that kind of harm is not irreparable because of the availability of an adequate remedy at law; the mere possibility of misuse of data is conjectural, and Plaintiffs fail to provide evidence that their information has been improperly made public. *See AFT*, 2025 WL 1023638 at *6 (Richardson, J., concurring) (finding that in the Privacy Act context, plaintiffs had likely failed "to establish irreparable injury for preliminary injunction purposes" because "their injury was the type redressable through 'monetary damages'"); *see also Univ. of Cal. Student Ass'n v. Carter*, 2025 WL 542586, at *5 (D.D.C. Feb. 17, 2025); *Elec. Privacy Info. Ctr. v. U.S. Office of Pers. Mgmt.*, 2025 WL 580596, at *6–7 (E.D. Va. Feb. 21, 2025); *All. for Retired Americans v. Bessent*, 2025 WL 740401, at *20–24 (D.D.C. Mar. 7, 2025).

By contrast, the preliminary injunction causes direct irreparable injuries to the government and the public, whose interests "merge" in this context. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). As explained in multiple sworn declarations filed by the Acting Commissioner of the Social Security Administration, Leland Dudek—the head of an Executive Branch agency—the injunction harms the agency's operations by halting ongoing efforts to detect and eliminate fraud. *See* ECF Nos. 60-1, 62-1, 74-1. Preventing the SSA DOGE Team from continuing their work, moreover, deprives the agency of valuable expertise and effectively stops work on projects that

could otherwise reduce improper payments to the tune of millions of dollars per day. *E.g.*, ECF No. 60-1.

More broadly, the Court's injunction impinges on the President's broad authority over and responsibility for directing agency employees. It is therefore "an improper intrusion by a federal court into the workings of a coordinate branch of the Government." *Immigr. & Naturalization Serv. v. Legalization Assistance Project of the L.A. Cty. Fed'n of Labor*, 510 U.S. 1301, 1305–06 (1993) (O'Connor, J., in chambers). By instructing the government who can and cannot access SSA's data systems, the Court curtails the Executive Branch's core duty to manage the day-to-day operations of its agencies. *See City of New York v. United States Dep't of Def.*, 913 F.3d 423, 431 (4th Cir. 2019) ("This distinction between discrete acts, which are reviewable, and programmatic challenges, which are not, is vital to the APA's conception of the separation of powers."); *see also Walmart Inc. v. U.S. Dep't of Just.*, 517 F. Supp. 3d 637, 655 (E.D. Tex. 2021) (finding that challenges to agency action "must identify specific and discrete governmental conduct, rather than launch a 'broad programmatic attack' on government's operations."), *aff'd*, 21 F.4th 300 (5th Cir. 2021).

## CONCLUSION

For these reasons, Defendants ask the Court to stay its preliminary injunction pending resolution on appeal. Defendants intend to seek relief from the Fourth Circuit tomorrow, April 18, if this Court's order is not stayed.

Dated: April 17, 2025                     Respectfully submitted,

                                              YAAKOV M. ROTH
                                              Acting Assistant Attorney General
                                              Civil Division

                                              ELIZABETH J. SHAPIRO
                                              Deputy Branch Director

Civil Division, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
MARIANNE F. KIES
SAMUEL S. HOLT
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

Kelly O. Hayes
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4941
Fax: (410) 962-2310
Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on April 17, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

                                                /s/ Bradley P. Humphreys
                                                BRADLEY P. HUMPHREYS