IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERTION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*<br><br>*Defendants*. | Civil Action No. ELH-25-0596 |

**MEMORANDUM AND ORDER**

This Memorandum addresses the "Nunc Pro Tunc Motion to Extend Response Deadline to Plaintiffs' Amended Complaint" filed by defendants on May 5, 2025. ECF 159 ("Motion"). Plaintiffs filed an opposition on May 7, 2025. ECF 161 ("Opposition"). Defendants replied on May 8, 2025. ECF 162 ("Reply").

The parties are familiar with the procedural background. Therefore, I will only highlight some of the filings, for context. And, for convenience, I shall sometimes refer to defendants as the "government."

**A. Background**

Plaintiffs filed an Amended Complaint on March 7, 2025. ECF 17. On April 4, 2025, they moved for a preliminary injunction (ECF 110, ECF 110-1) (collectively, the "P.I. Motion"), which defendants opposed. ECF 113. By Memorandum Opinion (ECF 146) and Order (ECF 147) of April 17, 2025, the Court granted the P.I. Motion and issued a Preliminary Injunction. *See* ECF 147. That evening, the government filed a notice of appeal to the Fourth Circuit. ECF 148. In

1

addition, the government filed a motion in this Court to stay the Preliminary Injunction, pending appeal. ECF 149. And, on April 18, 2025, defendants moved for a stay in the Fourth Circuit. Case No. 25-1411, Docket Entry No. 6.

By Memorandum and Order (ECF 154) of April 22, 2025, I denied the government's motion for stay. *Id.* And, by Order of April 30, 2025, the Fourth Circuit, sitting en banc, denied the government's motion for stay. Case No. 25-1411, Docket Entry No. 20.

Accordingly, on May 2, 2025, the government filed an application for stay in the United States Supreme Court. *See* Application for Stay, *Soc. Security Admin. v. Am. Fed'n of State, Cnty. and Municipal Employees, AFL-CIO*, No. 24A1063. The government also requested an administrative stay of this Court's order pending the Supreme Court's consideration of the government's stay application. *Id.* The Supreme Court has directed plaintiffs to respond by 4:00 P.M. on May 12, 2025. The matter is pending.

In the interim, the Fourth Circuit has agreed to hear en banc the merits of the appeal concerning the Preliminary Injunction. Case No. 25-1411, Docket Entry No. 27. The government's opening brief on appeal is due June 9; plaintiffs' response is due July 9; and the government's reply is due within 21 days of service of plaintiffs' response. *Id.*, Docket Entry No. 21.

### B. The Motion

In the Motion, the government acknowledges that, pursuant to Fed. R. Civ. P. 12(a)(2), it was required to respond to the Amended Complaint by April 28, 2025. ECF 159 at 1.[1] The

---

[1] Fed. R. Civ. P. 12(a)(2) provides: "The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."

2

government explains that it did not do so because "counsel for the government inadvertently failed to include the response deadline in its litigation calendar." *Id.* Defendants now ask the Court to extend "the deadline to answer or otherwise respond to the amended complaint . . ., nunc pro tunc, until thirty days after the conclusion of Defendants' ongoing appeal to the United States Court of Appeals for the Fourth Circuit from this Court's April 17 Preliminary Injunction." *Id.* The government states, *id.* at 3: "[I]f required to respond to the amended complaint at this time, Defendants would move to dismiss based on many of the same arguments that are already before the Fourth Circuit. It would be highly inefficient for the parties to brief those issues again—having already done so recently on Plaintiffs' motion for a preliminary injunction—before the Fourth Circuit has decided them on appeal." In addition, defendants maintain that plaintiffs "will not be prejudiced by the requested extension", as plaintiffs "have already obtained preliminary injunctive relief . . . ." *Id.*

As noted, plaintiffs oppose the Motion. ECF 161. In their view, "there is no reason to accept the uncertainty of an indefinite extension and the attendant delay to Plaintiffs obtaining permanent relief from this Court." *Id.* at 2. They posit, *id.* at 3: "Even if the Fourth's Circuit decision on the preliminary injunction—which will not be entered until at least mid-July, and likely much later—were favorable to Defendants, it would demonstrate only that the Fourth Circuit deemed Plaintiffs not likely to succeed on the merits of their claims. That determination would have limited applicability to the less stringent and far narrower question on a motion to dismiss . . . ." Plaintiffs add, *id.*: "Analysis from the appellate court on the likelihood of Plaintiffs suffering irreparable harm is likewise far from dispositive on a motion to dismiss."

In the Reply, the government asserts that, "[a]t a minimum, a decision from the Fourth Circuit would provide the parties and this Court prospective guidance." ECF 162 at 2. According

to the government, this is especially true on the issue of standing. *Id.*

In effect, the government seeks an indefinite extension to respond to the suit. The briefing in the Fourth Circuit will not be completed until late July, at the earliest. To my knowledge, the Fourth Circuit has not set an argument date. And, even after argument, it is not known how long it will take the Court to rule.

As indicated, the government posits that plaintiffs will not be injured by the requested extension, because they have already obtained a Preliminary Injunction. ECF 159 at 3. But, the government does not engage with the fact that it has asked the Supreme Court to stay the preliminary injunction pending resolution of the appeal in the Fourth Circuit. The matter is pending. But, if the government is successful, the Preliminary Injunction will essentially become inoperative. The Social Security Administration ("SSA") would then be permitted to provide the DOGE Team with unfettered access to SSA's systems of record, which contain sensitive, personally identifiable information of plaintiffs' members. *See, e.g.*, Alan S. Blinder, *What Social Security Could Teach DOGE About Efficiency*, WALL ST. J. (May 8, 2025). And, that circumstance would continue throughout the pendency of the matter in the Fourth Circuit. At a minimum, several months will elapse before the Fourth Circuit resolves the appeal.

For the reasons set forth in my Memorandum Opinion (ECF 146), defendants have not established that the DOGE Team has a need for access to such a broad swath of confidential information, as is required by the Privacy Act, 5 U.S.C. § 552a. *Id.* at 116–35. Moreover, for the reasons set forth in my Memorandum Opinion, the DOGE Team's broad, unfettered access to the sensitive information at issue, without adequate need, irreparably harms plaintiffs' members, by way of a severe and ongoing invasion of privacy. *See id.* at 138–42.

Access to confidential information would continue indefinitely if the stay is granted by the

Supreme Court. And, if the government's Motion is also granted, the litigation itself would be stalled.

Conversely, in the event that the Supreme Court denies the government's request for a stay, the SSA would have the right to disclose non-anonymized data, but only as outlined in and consistent with the Preliminary Injunction. With such a restriction, any injury to plaintiffs from access to SSA records would be limited. In that circumstance, it would be reasonable to extend the government's response deadline pending resolution of the appeal in the Fourth Circuit, particularly because the Fourth Circuit's opinion will presumably provide guidance on at least some of the arguments the government may raise in a motion to dismiss. On balance, however, if the stay is granted, SSA's provision of the access to confidential information would create urgency, such that a delay in the progress of the litigation could not be justified.

Therefore, the deadline for defendants to file a responsive pleading to the Amended Complaint is hereby **EXTENDED** through fourteen days after the Supreme Court rules on defendants' application for stay. In the event that the Supreme Court denies the stay request, the government may seek a further extension of time to respond to the Amended Complaint.

It is so **ORDERED** this 9th day of May 2025.

/s/
Ellen Lipton Hollander
United States District Judge