**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

August 1, 2025

Re:  *American Federation of State, County and Municipal Employees,*
 *AFL-CIO, et al. v. Social Security Administration, et al.*
 Civil Action No. ELH-25-0596

Dear Counsel:

The parties are familiar with the factual and procedural history of this case. To address the "Request For Hearing" filed by plaintiffs on July 31, 2025 (ECF 178), I shall reference only a handful of filings. I shall sometimes refer to "defendants" as the government.

The Amended Complaint was filed on March 7, 2025. ECF 17. By Memorandum Opinion (ECF 146) and Order (ECF 147) of April 17, 2025, I issued a Preliminary Injunction. *See* ECF 147. Defendants promptly appealed to the Fourth Circuit. ECF 148. In addition, the government asked this Court to stay the Preliminary Injunction, pending appeal. ECF 149. Almost simultaneously, on April 18, 2025, defendants moved for a stay in the Fourth Circuit. Case No. 25-1411, Docket Entry No. 6.

By Memorandum and Order (ECF 154) of April 22, 2025, I denied the government's motion for stay. *Id.* And, by Order of April 30, 2025, the Fourth Circuit, sitting en banc, also denied the government's motion for stay. Case No. 25-1411, Docket Entry No. 20. In addition, the Fourth Circuit agreed to hear, en banc, the merits of the appeal concerning the Preliminary Injunction. Case No. 25-1411, Docket Entry No. 27. Oral argument is scheduled for September 11, 2025. *Id.*, Docket Entry No. 48.

On May 2, 2025, the government asked the Supreme Court to stay the Preliminary Injunction. *See* Application for Stay, *Soc. Security Admin. v. Am. Fed'n of State, Cnty. and Municipal Employees, AFL-CIO*, No. 24A1063. As discussed, *infra*, the stay was granted on June 6, 2025. *See Soc. Security Admin. v. Am. Fed'n of State, Cnty. and Municipal Employees, AFL-CIO*, 605 U.S. __ (2025); *see also* Supreme Court Docket, No. 24A1063.

In the meantime, on May 5, 2025, the government asked this Court to extend "the deadline to answer or otherwise respond to the amended complaint . . . nunc pro tunc, until thirty days after the conclusion of Defendants' ongoing appeal to the United States Court of Appeals for the Fourth Circuit from this Court's April 17 Preliminary Injunction." ECF 159 at 1. Plaintiffs opposed the request for extension, stating that they saw "no reason to accept the uncertainty of an indefinite extension and the attendant delay to Plaintiffs obtaining permanent relief from this Court." ECF 161 at 2.

By Memorandum and Order of May 9, 2025 (ECF 163), I extended "the deadline for defendants to file a responsive pleading to the Amended Complaint . . . through fourteen days after the Supreme Court rules on defendants' application for stay." *Id.* at 5.[1] But, I recognized that "the Fourth Circuit's opinion will presumably provide guidance on at least some of the arguments the government may raise in a motion to dismiss." *Id.*

On June 6, 2025, in a six to three ruling, the Supreme Court summarily granted the stay of the Preliminary Injunction. *Soc. Security Admin. v. Am. Fed'n of State, Cnty. and Municipal Employees, AFL-CIO*, 605 U.S. __ (2025); *see also* Supreme Court Docket, No. 24A1063. And, on June 20, 2025, defendants timely filed a "Motion to Dismiss or, in the Alternative, for Summary Judgment." ECF 168 (the "Motion").

Plaintiffs' opposition to the Motion was initially due by July 7, 2025. *See* ECF 169 at 1; *see also* Local Rule 105.2(a). However, based on two extension requests filed by plaintiffs, to which the government consented, the opposition is now due by August 8, 2025. *See* ECF 169; ECF 170; ECF 171; ECF 172.[2]

At approximately 4:10 p.m. on July 31, 2025, plaintiffs filed a "Request For Hearing." ECF 178 ("Request"). They state that they "intend to oppose" the Motion, but they also "plan to seek limited discovery before filing a cross-motion for summary judgment." *Id.* at 1. Plaintiffs do not specify what additional discovery they seek, beyond the Administrative Record that was previously filed. *See* ECF 86; ECF 100; ECF 121.

The suit implicates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.* Ordinarily, "'claims brought under the APA are adjudicated without a trial or discovery, on the basis of an existing administrative record . . . .'" *Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 137 (D. Md. 2019) (quoting *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.,* 524 F. Supp. 2d 642, 660 (D. Md. 2007)); *see also Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013). However, there are "narrow exceptions . . ." with regard to the record. *Mayor & City Council of Baltimore*, 429 F. Supp. 3d at 137.

For example, "[d]iscovery beyond the [administrative] record may be appropriate where the record is incomplete; where additional information would provide helpful context; where supplemental information would assist the court in determining whether the agency failed to consider relevant factors; and, where the record's integrity has been impugned." *Id.* (citation omitted). In addition, "a 'strong showing of bad faith or improper behavior' . . . may justify extra-record discovery." *Dep't of Commerce v. New York*, 588 U.S. 752, 781 (2019) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

---

[1] I also indicated that, if the stay request were denied, the government could request a further extension of time to respond.

[2] The Court approved plaintiffs' second extension request (ECF 171) on July 17, 2025. ECF 172.

The Request offers little in the way of justification for the discovery request, legally or factually. Plaintiffs advise that defendants' view is "that Plaintiffs should file a Rule 56(d) motion alongside their response in opposition to the pending motion." ECF 178 at 1. But, plaintiffs point out that "Rule 56(d) governs situations in which a non-movant 'cannot present facts essential to justify its opposition to a motion for summary judgment.'" *Id.* (quoting *Jenkins v. Woodard*, 109 F.4th 242, 250 (4th Cir. 2024)) (internal quotation omitted). In contrast, they explain that they need discovery "to support their *own* future motion for summary judgment." ECF 178 at 1 (emphasis in ECF 178). They also suggest that "staggered briefing" is "an inefficient use of the Court's and the parties' resources." *Id.* Therefore, they seek a "status conference to ascertain how the Court would prefer to proceed." *Id.* at 1–2. Plaintiffs also state that they "would be happy to expand on their position. . . ." *Id.* at 2.

It is unclear whether the Request is a veiled attempt to procure an extension of time to file the opposition. As indicated, the government initially sought an extension to respond to the Amended Complaint after resolution of the appeal in the Fourth Circuit. ECF 159. And, given that the Fourth Circuit will undoubtedly provide useful guidance when it rules on the appeal, the request had merit. However, plaintiffs opposed the government's request.

As counsel knows, the Court endeavors to respond promptly to genuine emergencies. But, the Request is not an emergency, particularly because plaintiffs requested the filing date of August 8, 2025, and have known of the date since July 17, 2025. ECF 172. Moreover, beginning Monday, August 4, 2025, I will be presiding over a five-day jury trial. Therefore, barring an emergency, I am not available for a telephone conference next week.

The Court will hold a telephone conference at **4:00 p.m. on August 12, 2025.** Plaintiffs shall provide conference call information. A court reporter will participate.

In the meantime, plaintiffs should plan to file their opposition and cross motion on **August 8, 2025**, unless an extension is obtained. And, by **noon on August 12, 2025,** plaintiffs may move for discovery. If discovery is deemed appropriate, I will permit plaintiffs to supplement their cross motion after discovery. And, of course, defendants would be permitted to respond to any supplement.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge

3