**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

August 5, 2025

Re:   *American Federation of State, County and Municipal Employees,*
*AFL-CIO, et al. v. Social Security Administration, et al.*
Civil Action No. ELH-25-0596

Dear Counsel:

I write to address plaintiffs' "Motion For Briefing Schedule Or Extension Of Time," filed on August 5, 2025. ECF 180 ("Motion to Extend"). Plaintiffs seek, *inter alia*, clarification of certain briefing deadlines. *See id.* I incorporate here my Order of August 1, 2025. *See* ECF 179.

As the parties are aware, on June 20, 2025, defendants timely filed a "Motion to Dismiss or, in the Alternative, for Summary Judgment." ECF 168 ("Motion"). Plaintiffs have received several extensions of time to file their opposition to the Motion. ECF 170; ECF 172. The opposition is presently due by August 8, 2025. ECF 179 at 3.

On Thursday July 31, 2025, at 4:10 p.m., plaintiffs filed a "Request For Hearing." ECF 178 ("Request"). In the Request, plaintiffs stated that they "intend to oppose" the Motion, but they also "plan to seek limited discovery before filing a cross-motion for summary judgment." *Id.* at 1. Noting that no deadline has been set for their summary judgment motion, they requested a hearing to clarify whether the Court would prefer plaintiffs to defer the filing of the opposition until such time as the summary judgment motion is filed.

In the Request, plaintiffs also advised that defendants' view is "that Plaintiffs should file a Rule 56(d) motion alongside their response in opposition to the pending" Motion. *Id.* But, plaintiffs pointed out that "Rule 56(d) governs situations in which a non-movant 'cannot present facts essential to justify its opposition to a motion for summary judgment.'" *Id.* (quoting *Jenkins v. Woodard*, 109 F.4th 242, 250 (4th Cir. 2024)) (internal quotation omitted). In contrast, they explained that they need discovery "to support their *own* future motion for summary judgment." ECF 178 at 1 (emphasis in ECF 178). They also suggested that "staggered briefing" is "an inefficient use of the Court's and the parties' resources." *Id.* Therefore, they sought a "status conference to ascertain how the Court would prefer to proceed." *Id.* at 1–2.

In my response of August 1, 2025 (ECF 179), I advised counsel that I am presiding over a week-long jury trial beginning August 4, 2025. *Id.* at 3. Therefore, I scheduled a telephone conference for the following week, on August 12, 2025, at 4:00 p.m. *Id.* I also stated that plaintiffs' opposition to the Motion, and any cross motion for summary judgment, are due by August 8, 2025. *Id.* And, I allowed plaintiffs until noon on August 12, 2025, to move for discovery. *Id.* Notably, I indicated that plaintiffs would be permitted to supplement the summary judgment motion, if warranted, based on discovery, if any. *Id.*

  Upon review of the Motion to Extend (ECF 180), plaintiffs are directed to file their opposition to the Motion by **August 8, 2025**, as scheduled. Moreover, the deadline for the motion for discovery is unchanged; it is due by noon on **August 12, 2025**. But, I shall **STAY** the filing of plaintiffs' summary judgment motion pending the result of the upcoming telephone conference.

  Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                Very truly yours,

                _____/s/_____
                Ellen Lipton Hollander
                United States District Judge