IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00596-ELH |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' THIRD EXTENSION REQUEST AND DEFENDANTS' RENEWED MOTION TO STAY PROCEEDINGS**

Defendants oppose Plaintiffs' request for an extension of time to file their cross motion for summary judgment (ECF 180). Defendants also renew their request for a stay of these proceedings pending the Fourth Circuit's resolution of Defendants' appeal from the preliminary injunction issued by this Court. *See* ECF 159.

**BACKGROUND**

The Court entered a preliminary injunction on April 17, 2025. ECF 147. Defendants appealed that ruling to the Fourth Circuit, which denied their request for a stay of the injunction. Case No. 25-1411, Dkt. ## 6, 20. Defendants then sought a stay from the Supreme Court. While those matters were pending, Defendants asked this Court to stay their deadline to respond to the operative Complaint until the Fourth Circuit resolved the appeal. ECF 159. Plaintiffs opposed, asserting that they wanted a swift path to final judgment. ECF 161 at 4 (arguing that a stay would "prejudice" Plaintiffs by "delaying permanent resolution of their case" and "risking spoliation or

the future unavailability of relevant parties"). This Court adopted a middle ground between the parties' proposals by ordering Defendants to respond to Plaintiffs' Complaint after the Supreme Court ruled on their stay request. Still, this Court recognized that "the Fourth Circuit's opinion will presumably provide guidance on at least some of the arguments the government may raise in a motion to dismiss." ECF 163.

The Supreme Court stayed the preliminary injunction, and in accordance with this Court's order (ECF 163), Defendants moved to dismiss or, in the alternative, for summary judgment (hereafter, "Defendants' Motion"). ECF 168. Plaintiffs' opposition to Defendants' Motion was originally due July 7, 2025. However, Plaintiffs sought and received two extensions of time—to which Defendants consented—giving Plaintiffs a full month of additional time to respond to Defendants' Motion. ECF 169–172. When seeking Defendants' position on their extension requests, Plaintiffs never indicated to Defendants (or this Court) that they intended to pursue discovery or raise additional issues that would further delay resolution of Defendants' Motion.

Before their August 8, 2025, filing deadline to oppose Defendants' Motion and cross move, Plaintiffs claimed for the first time that they needed discovery to cross move and asked this Court for a hearing on that request. ECF 178. They never moved for discovery under Federal Rule of Civil Procedure 56(d) to explain what specific discovery was necessary to oppose the government's motion, nor did they explain why in an APA record review case they would be entitled to depart from the Administrative Record. The Court set a telephonic hearing for August 12, 2025. ECF 179. But the Court ordered Plaintiffs to file their combined opposition and cross-motion for summary judgment by August 8. *Id.* The Court expressly indicated that Plaintiffs could supplement their cross-motion if their request for discovery was granted. *Id.* Instead of heeding the Court's instruction, Plaintiffs filed yet another request for an extension—this time

2

seeking to prolong summary judgment briefing until at least December 2025. ECF 180. When Plaintiffs sought Defendants' position on their third extension request, Defendants opposed Plaintiffs' request, but Defendants suggested that a stay of proceedings pending the Fourth Circuit's decision was the more logical path forward. Plaintiffs did not acknowledge that proposal—thus seemingly rejecting it—and sought the extension request instead. Plaintiffs' new proposed briefing schedule abandons an efficient four-brief cycle; would separate Defendants' dispositive motion briefing from Plaintiffs' dispositive motion briefing; and would stretch resolution of the case into 2026. *See id.* at 2. In seeking these requests, Plaintiffs still has not described the discovery they putatively need to file their cross motion for summary judgment, much less explain why they waited until the eleventh hour to lodge their request (ECF 178).

On August 5, 2025, the Court responded to Plaintiffs' request and resolved it in part. ECF 182. Namely, the Court ordered Plaintiffs to file their Opposition to Defendants' Motion by August 8, 2025, and to file their discovery motion by August 12, 2025, but stayed the deadline for Plaintiffs' cross-summary judgment motion only pending the result of the August 12 telephonic conference. *Id.*

## ARGUMENT

The Court should deny Plaintiffs' request to delay Plaintiffs' summary judgment briefing until at least December 2025, and Defendants respectfully request that this Court stay all proceedings until the Fourth Circuit issues a decision on Defendants' appeal of the preliminary injunction.

**1. The Court should deny Plaintiffs' extension request.** Plaintiffs' third request for an extension reflects an increasingly inefficient and piecemeal approach to litigation. Plaintiffs now propose to separate Defendants' dispositive motion briefing from Plaintiffs' dispositive motion

3

briefing, potentially forcing the parties—and the Court—to brief and decide the same issues at least four times: first in the TRO stage, then preliminary injunction, then Defendants' dispositive briefing, and finally Plaintiffs' dispositive briefing. If the Fourth Circuit's decision alters the legal landscape, further rounds of briefing may be needed. Plaintiffs' proposal invites inefficiency and duplication—not quick and efficient resolution of this case.

Plaintiffs' attempt to stretch discovery and briefing into the end of the year while simultaneously opposing a stay pending the Fourth Circuit's decision is difficult to square. Plaintiffs initially opposed Defendants' stay request by insisting that any further delay would prejudice them. Now, when it is time for Plaintiffs to brief the merits of their case, they instead seek the very delay they vigorously opposed. If Plaintiffs want final judgment quickly, as they recently claimed, then this case should proceed on the schedule set by the Court in its August 1, 2025 Order (ECF 179), which accounted for the efficiency of combining dispositive briefing while contemplating supplemental briefing (if appropriate) in light of discovery (if granted). If, instead, Plaintiffs prefer to wait for a final judgment, then a stay of proceedings is the more sensical approach. What Plaintiffs ask for is the worst of both worlds: serial extensions, prolonged briefing schedules, and duplicative filings without guidance from the Fourth Circuit, which wastes the parties' and the Court's resources.

**2. The Court should stay proceedings pending the Fourth Circuit's decision.** A stay would preserve judicial resources, avoid unnecessary and potentially duplicative briefing, and ensure that the parties' motion to dismiss and summary judgment arguments can incorporate and account for the Fourth Circuit's reasoning. That decision is likely to shed light on many threshold issues that remain central to this case, and courts routinely stay proceedings in such circumstances. *See* Order, *Am. Fed'n of Teachers v. Bessent*, No. 8:25-cv-00430 (D. Md. Apr. 9, 2025) (granting

the parties' joint motion to extend defendants' response deadline until 30 days after resolution of defendants' appeal to the Fourth Circuit); *Fowler-Bey v. Johnson*, No. CV PX-18-1235, 2018 WL 11476084, at *1–2 (D. Md. Nov. 30, 2018) (staying case where a "central issue" affecting plaintiff's claim was pending before the Fourth Circuit); *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 732 (D. Md. 2018) ("Here, this Court concludes that judicial economy will be served by a stay of this case because the resolution of the issues before the [appellate court] will likely have a direct impact on the future course of the case, including on the next decisions this Court must make."); *Dawoudi v. Nationstar Mortg.*, LLC, No. 16-CV-2356, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) ("Because a decision in the pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court, the stay requested by Plaintiffs is warranted in this case.").

Defendants proposed a similar stay in May. ECF 159. Plaintiffs resisted, arguing it would cause "attendant delay." ECF 161. But with Plaintiffs now asking to delay briefing into December 2025 and potentially beyond,[1] their opposition to a stay no longer makes sense—if it ever did. Given the potential for the Fourth Circuit's ruling to materially affect the issues before this Court, a stay is the most efficient path forward. Defendants thus respectfully renew their request for a stay and ask the Court to deny Plaintiffs' request for another extension.

Dated: August 12, 2025                    Respectfully submitted,

                                                BRETT A. SHUMATE
                                                Assistant Attorney General
                                                Civil Division

---

[1] If the Court grants Plaintiffs' request for discovery (which it should not), this Court may have to adjudicate discovery disputes, which would likely lead to further delays. So, this case could stretch well into 2026, which just underscores why a stay of this case makes much more sense.

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

BRADLEY P. HUMPHREYS
Senior Trial Counsel

 /s/ Samuel Holt
MARIANNE F. KIES
SAMUEL HOLT
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Samuel.Holt2@usdoj.gov

Kelly O. Hayes
Interim United States Attorney

MICHAEL J. WILSON
USDC Md Bar No. 18970
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4941
Fax: (410) 962-2310
Michael.Wilson4@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on August 12, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

                                                       */s/ Samuel Holt*
                                                      SAMUEL HOLT