IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> *vs.* <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-00596 |

## PLAINTIFFS' UNOPPOSED MOTION TO WITHDRAW MOTION FOR LIMITED DISCOVERY

Plaintiffs respectfully request to withdraw their Motion for Limited Discovery, ECF No. 187. On the basis of intervening events since filing their motion, Plaintiffs believe that it may be appropriate to move for substantially different discovery at a later date and therefore seek to withdraw their pending motion to preserve judicial economy. Plaintiffs have conferred with counsel for Defendants; Defendants do not oppose the withdrawal of Plaintiffs' discovery motion, but Defendants would oppose any further motion for discovery.

On August 12, 2025, Plaintiffs filed a motion for discovery, ECF No. 187, seeking depositions and information concerning DOGE Affiliates' access to sensitive systems at the Social Security Administration (SSA), DOGE activities to facilitate that access, and DOGE Affiliates' use of artificial intelligence on SSA systems. Later that day, the Court held a telephonic hearing, indicating its intent to stay proceedings in this matter pending appellate guidance on the issues raised in the case. The Court subsequently issued an order on August 13, 2025, ECF No. 189, staying the case pending the Fourth Circuit's resolution of the appeal of this Court's preliminary

injunction. Notwithstanding the stay, the Court ordered Defendants to oppose Plaintiffs' discovery motion by September 2, and ordered Plaintiffs to file their reply, if any, by September 25. The Court indicated that it would not rule on the discovery motion until the Fourth Circuit resolved the pending appeal of the Court's preliminary injunction. Defendants subsequently filed their opposition to the discovery motion on September 2, 2025, ECF No, 191.

Multiple disclosures have come to light in recent weeks. On August 26, 2025, after the Court's order, Chuck Borges, then-Chief Data Officer at SSA, made an extensive whistleblower disclosure to Congress and the Office of Special Counsel regarding "serious data security lapses, evidently orchestrated by DOGE officials."[1] Among other unlawful actions, the whistleblower disclosure reported specific unlawful access being granted in potential violation of this Court's temporary restraining order,[2] relocation of extensive and highly-sensitive SSA data to an unsecured cloud environment with unmonitored and unfettered access by specific DOGE Affiliates,[3] and database access being granted to DOGE Affiliates outside the "Systems Access Management process."[4] And on September 8, 2025, after Defendants filed their opposition brief, *ProPublica* published an article based on 15 hours of interviews with former SSA Acting Administrator and former Defendant Leland Dudek, which, among other things, made clear that Dudek felt that "suggestions" from DOGE were in fact orders, and described extensive interactions between Dudek and DOGE leadership or White House officials.[5]

---

[1] *Protected Whistleblower Disclosure of Charles Borges Regarding Violation of Laws, Rules & Regulations, Abuse of Authority, Gross Mismanagement, and Substantial and Specific Threat to Public Health and Safety at the Social Security Administration*, Aug. 26, 2025, https://whistleblower.org/wp-content/uploads/2025/08/08-26-2025-Borges-Disclosure-Sanitized.pdf, 1.
[2] *Id.* at 11.
[3] *Id.* at 12-16.
[4] *Id.* at 10.
[5] Eli Hager, *The Untold Saga of What Happened When DOGE Stormed Social Security*, Sept. 8, 2025, https://www.propublica.org/article/inside-doge-social-security-takeover-leland-dudek.

These disclosures, if true, would substantially inform various components of Plaintiffs' claims; if Plaintiffs had known of their substance before moving for discovery, Plaintiffs would have made meaningfully different discovery requests. Among other things, Plaintiffs would likely have sought discovery specifically relevant to communications between Acting Commissioner Dudek and the identified officials with whom he reports having spoken, discovery relevant to the relocation of SSA data to a cloud environment, and discovery relevant to specific identified instances of unlawful access being granted in circumvention of this Court's temporary restraining order.

Further, this Court has made clear that it will not take further action in this case until it has the benefit of the Fourth Circuit's resolution of the current appeal of this Court's preliminary injunction. That resolution may provide guidance which would narrow the scope of meaningfully contested issues in this case, including guidance that could narrow Plaintiffs' claims. Such guidance may render one or more of Plaintiffs' current discovery requests moot or otherwise unnecessary.

Rather than completing briefing on the discovery motion, only to later seek to amend it substantially, Plaintiffs believe that judicial economy and the parties will benefit from Plaintiffs withdrawing the motion with the understanding that they reserve the right to later move for different discovery.

Dated: September 17, 2025

Respectfully submitted,

*/s/ Mark B. Samburg*
Mark B. Samburg (Bar No. 31090)
Alethea Anne Swift (Bar No. 30829)
Robin F. Thurston (Bar No. 31584)
Carrie Y. Flaxman[+]
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
msamburg@democracyforward.org
aswift@democracyforward.org
rthurston@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

+ Admitted *pro hac vice*