IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*,<br><br>*Plaintiffs*,<br><br>*vs.*<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-00596 |

### PLAINTIFFS' MOTION TO SUPPLEMENT RECORD ON APPEAL

Plaintiffs respectfully move for an order supplementing the record of this matter on appeal. *See* 4th Cir. R. 10(d). Supplementation is necessary because of the exceptional circumstances created by the Notice filed with this Court by Defendants on January 16, 2026, disclosing inaccuracies and misstatements to the Court. Counsel for Plaintiffs have consulted with Counsel for Defendants, who take no position on this motion.

On April 17, 2025, this Court entered a preliminary injunction, ECF No. 147, which Defendants appealed. ECF No. 150. That appeal has been fully briefed and argued in the Fourth Circuit.

On January 16, 2026, Defendants filed a "Notice of Corrections to the Record," ECF No. 197 ("Notice"), which disclosed a number of material inaccuracies in information Defendants had previously provided to the Court. Among other things, that document identified numerous misstatements and omissions in declarations submitted to this Court by Defendants. Those misstatements and omissions could not have been identified by Plaintiffs or the Court. Plaintiffs now seek supplementation of the appellate record to include Defendants' corrections.

Federal Rule of Appellate Procedure 10(e)(2)(B) provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded." Fourth Circuit Rule 10(d) further provides authority for a district court to supplement the appellate record as appropriate. *See* 4th Cir. R. 10(d) (stating the record on appeal "may be supplemented . . . by order of the district court at any time during the appellate process"). The Fourth Circuit has permitted supplementation of the appellate record when additional information would "likely be useful" in rendering a decision. *Valentine v. Sugar Rock, Inc.*, 745 F.3d 729, 733 (4th Cir. 2014); *see also, e.g., In re Barsh*, 197 F. App'x 208, 210 (4th Cir. 2006); *S.E.C. v. Zandford*, 114 F. App'x 118, 118 (4th Cir. 2004).

Supplementation of the record is particularly important when, as here, a party has submitted and relied upon evidence that paints an "incomplete picture" of the relevant issues. *Dakota Indus. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993). "If an appellate court could never consider new evidence in such cases, parties would have a distinct incentive to deceive the district courts, and the appellate courts would be powerless to remedy such deceptions." *Id.* at 63-64.

This case presents exceptional circumstances: the record as transmitted to the Fourth Circuit contains numerous misstatements and omissions by Defendants on relevant factual issues, knowable only to Defendants. And there is no question that Defendants' errors and omissions are material to issues on appeal. For example:

- Defendants' acknowledgment that SSA PII was disclosed to two individuals without a formal relationship with SSA, Notice at 2, is relevant to, and likely dispositive of, the merits of Plaintiffs' Privacy Act claims;

- Defendants' acknowledgment that an SSA DOGE Team member entered into a "Voter Data Agreement" after being asked by a non-government actor to analyze state voter rolls, Notice at 5, is relevant to both the merits of Plaintiffs' Privacy Act claims and to the relevant standing inquiry of whether DOGE's access to Plaintiffs' data was offensive; and

- Defendants' acknowledgment that SSA DOGE Team members had an unmonitored ability to move SSA data to a non-government Cloudflare server, Notice at 6, is relevant to, and likely dispositive of, the merits of Plaintiffs' Privacy Act claims and to the relevant standing inquiry of whether DOGE's access to Plaintiffs' data was offensive.

Plaintiffs do not seek to supplement the appellate record with information about developments that occurred after certification of the record. C*f. Carroll v. Nw. Fed. Credit Union*, 2019 WL 7900791 (E.D. Va. Mar. 4, 2019). Nor do Plaintiffs seek to add materials that were available during district court proceedings but not originally included in the record. *Cf. Maryland Shall Issue v. Hogan*, 2019 WL 5102920 (D. Md. Oct. 11, 2019) (Hollander, J.). Plaintiffs seek only to ensure a factually accurate appellate record that includes Defendants' own notice of material misstatements and factual errors, as permitted by Fed. R. App. P. 10(e)(2)(B).

Plaintiffs reserve their right to seek further relief associated with the Notice and the disclosures therein.

Dated: January 21, 2026                    Respectfully submitted,

                                               */s/ Alethea Anne Swift*
Alethea Anne Swift (Bar No. 30829)
Mark B. Samburg (Bar No. 31090)
Robin F. Thurston (Bar No. 31584)
Carrie Y. Flaxman[+]
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
aswift@democracyforward.org
msamburg@democracyforward.org
rthurston@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

[+] Admitted *pro hac vice*

4