## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL
EMPLOYEES, AFL-CIO, *et al.*,

      *Plaintiffs*,

      *vs.*

SOCIAL SECURITY
ADMINISTRATION, *et al.*,

      *Defendants*.

Civil Action No. 1:25-cv-00596

## PLAINTIFFS' NOTICE OF FACTUAL DEVELOPMENT

Plaintiffs submit this notice to inform the Court of factual developments which have only become public today, but which bear on several issues relevant to this matter and reinforce the justifications for Plaintiffs' pending Motion to Lift Stay and Authorize Limited Discovery.

At approximately 2:30 P.M. today, the Washington Post published the attached article, *Whistleblower claims ex-DOGE member says he took Social Security data to new job* (Ex. A). The article reports credible allegations, first made to the SSA Inspector General on January 9, that an unidentified "U.S. DOGE Service employee" claimed "that he possessed two tightly restricted [Social Security Administration] databases of U.S. citizens' information, and had at least one on a thumb drive," and that he intended to use that information in his post-DOGE work at a private-sector employer. The two databases—NUMIDENT and SSA's "Death Master File"—include "a wide swath of confidential and sensitive PII," *AFSCME v. SSA*, 778 F.Supp. 3d 685, 732 (D. Md. 2025), concerning hundreds of millions of individuals. The article also reports credible allegations that, following the Supreme Court's stay of this Court's preliminary injunction, the unnamed

DOGE Employee represented himself as "permitted to have unfettered access to Americans' Social Security data," and that his agency credentials "carried largely unrestricted '[G-d] level' security access" to SSA systems.

These disclosures, if verified, are consistent with the substantial issues, both raised in Defendants' Notice of Corrections to the Record, of disclosures beyond SSA and the federal government as a whole and the ongoing risk of further disclosures of such uncontrolled data. ECF 197. They also squarely disprove any claim that the scope of SSA DOGE Team access to SSA data was carefully proscribed, or that it was permitted only for *any* of the alleged permissible purposes Defendants have alleged.  Misuse of government PII to enrich a private corporation does not assist with the modernization of government information systems, and it furthers—rather than combats—fraud, waste, and abuse. *See Motion to Lift Stay and Authorize Limited Discovery*, ECF 200 at 8.  The article thus also reinforces Plaintiffs' preliminary showing that Defendants have acted in bad faith and the appropriateness of discovery on the issue of whether "the putative reasons for disclosing information to the SSA DOGE Team were at least in part pretextual," ECF 207 at 7.  And the disclosures also eviscerate any claims Defendants have made that the SSA DOGE Team did not illicitly distribute PII from SSA systems, *see Reply in Support of Motion to Lift Stay and Authorize Limited Discovery*, ECF 207 at 5—if any such doubt still remained after Defendants' admissions of illicit distribution of PII in their "Notice of Corrections to the Record." ECF 197.  Plaintiffs' injuries from the export of their PII for unauthorized use in the private sector are self-evident.

Dated: March 10, 2026

Respectfully Submitted,

*/s/Mark B. Samburg*___
Mark B. Samburg (Bar No. 31090)
Alethea Anne Swift (Bar No. 30829)
Robin F. Thurston (Bar No. 31584)
Carrie Y. Flaxman*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
msamburg@democracyforward.org
aswift@democracyforward.org
rthurston@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*

**admitted* pro hac vice