**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*,<br><br>*Plaintiffs*,<br><br>*vs.*<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-00596 |

**PLAINTIFFS' NOTICE REGARDING SUPPLEMENTAL AUTHORITY**

Earlier today, the U.S. Court of Appeals for the Fourth Circuit decided Defendants' appeal of this Court's preliminary injunction, vacating the injunction and remanding the case to this Court for further proceedings. *See* ECF Nos. 210, 210-2. As a threshold matter, after today's decision, the Court should lift the stay which it entered "pending resolution of the Appeal by the Fourth Circuit." ECF No. 189. Plaintiffs submit this notice to highlight two facets of that decision which bear directly on Plaintiffs' pending motion for discovery, ECF No. 200.

Critically, the majority opinion affirmed this Court's conclusions regarding the injury-in-fact Defendants have caused to Plaintiffs and Plaintiffs' Article III standing in this matter. *See* ECF No. 210-2 at 15 (majority opinion) ("plaintiffs have carried their burden of showing they are likely to establish each element of standing"). This resolves Defendants' repeated refrain that any discovery would be premature before "the Fourth Circuit has resolved whether this Court has subject-matter jurisdiction to consider Plaintiffs' claims at all." ECF No. 204, at 6.

Further, several judges underscored that the government's "alarming" admissions, which formed the basis of Plaintiffs' pending discovery motion, "raise serious questions." ECF No. 210-2, at 15 n.8 (opinion of Heytens, J.); *see also id.* at 53, 62-63 (King, J., concurring in part and dissenting in part). And "[t]he same goes for the even more recent—and even more alarming—allegations that plaintiffs flagged in their March 10 district court filing." *Id.* at 15 n.8 (opinion of Heytens, J.); *see* ECF No. 208. In light of these admissions, the judges noted both that "'the parties will be able to introduce further evidence' on these points," ECF No. 210-2, at 15 n.8 (quoting *Ashcroft v. ACLU*, 542 U.S. 656, 673 (2004)) and that "the district court will be free to consider any future requests for appropriate relief or corrective action." *Id.*; *see also id.* at 23 n.2 (Wilkinson, J., concurring in the judgment) ("The district court may assess this [whistleblower] report, as well as all new revelations, when considering whether a permanent injunction is appropriate upon remand."). Discovery is necessary for—as the Fourth Circuit contemplated—the parties to be able to introduce further evidence, and for the Court to have an adequate record to consider further requests for relief or corrective action.

Dated: April 10, 2026

Respectfully submitted,

Alethea Anne Swift

Alethea Anne Swift (Bar No. 30829)
Mark B. Samburg (Bar No. 31090)
Robin F. Thurston (Bar No. 31584)
Carrie Y. Flaxman*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
msamburg@democracyforward.org
aswift@democracyforward.org
rthurston@democracyforward.org
cflaxman@democracyforward.org

*Counsel for Plaintiffs*
**admitted* pro hac vice