IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERATION OF
STATE, COUNTY AND
MUNICIPAL EMPLOYEES, AFL-
CIO, *et al.*

    *Plaintiffs*,

    v.

SOCIAL SECURITY
ADMINISTRATION, *et al.*

    *Defendants*.

Civil Action No. ELH-25-0596

**ORDER**

1.  The parties are familiar with the procedural history of the case.  Therefore, I need not recount it here.

2.  On August 12, 2025, the Court held a "Telephone Status Conference" with counsel.  *See* Docket.  The call concerned, *inter alia*, plaintiffs' "Motion for Limited Discovery" (ECF 187), and the government's motion to stay the case (ECF 149) pending resolution of the government's appeal to the Fourth Circuit (ECF 148) with respect to the Preliminary Injunction issued by this Court on April 17, 2025 (ECF 147).

3.  The transcript from the telephone conference is docketed at ECF 190.  In particular, during the telephone conference, the government argued: "I think plaintiffs want to have the Court press ahead with discovery but if there's no [Article III] standing, really there should be no discovery." *Id.* at 16.  The Court said: "I don't know how I can authorize discovery when [the appeal] is pending . . . I'm not sure I would agree to put the Government through [plaintiffs' discovery] until I know the case survives." *Id.* at 21, 22.

4.  Therefore, by Order of August 13, 2025 (ECF 189), this Court entered a stay of the case, pending appeal.

5.  The appeal was argued to the Fourth Circuit, sitting en banc, on September 11, 2025.  As discussed, *infra*, the Fourth Circuit issued its ruling on April 10, 2026.

6.  On January 16, 2026, defendants filed a "Notice of Corrections to the Record."  ECF 197 ("Notice").  The Notice disclosed several inaccuracies in regard to information previously provided by defendants to the Court.

7.  On January 21, 2026, plaintiffs moved to supplement the record on appeal. ECF 198.  They advised that defendants "take no position" on the motion.  *Id.* at 1.  Therefore, the Court granted that motion on the same date.  ECF 199.

8.  On February 9, 2026, plaintiffs filed a "Motion to Lift Stay and Authorize Limited Discovery" (ECF 200, the "Motion").  It was predicated on defendants' "Notice of Corrections to the Record" (ECF 197).  With their Motion, plaintiffs included proposed Requests for Admission, Interrogatories, Requests for Production of Documents, and Requests for Deposition.  ECF 200-1.  Defendants opposed the Motion.  ECF 204. Plaintiffs replied.  ECF 207.  The Motion is pending.  No hearing is necessary to resolve it.  *See* Local Rule 105.6.

9.  On March 10, 2026, plaintiffs filed a "Notice of Factual Development" (ECF 208), in which they provided the Court with an article from the Washington Post, titled "Whistleblower claims ex-DOGE member says he took Social Security data to new job." ECF 208-1.  Defendants responded to plaintiffs' "Notice of Factual Development."  ECF 209.  They emphasized that the Washington Post had not "independently confirmed" the accusations contained in the article.  *Id.* at 1.  Further, defendants maintained: "Plaintiffs'

speculation, based on media reporting, is not a factual basis for Article III injury-in-fact." *Id.* at 2.

10. As to the appeal of this Court's Preliminary Injunction (ECF 147), the Fourth Circuit, sitting en banc, issued its decision on April 10, 2026. *See* ECF 210; ECF 210-1; ECF 210-2; *Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.,* No. 25-1411, 2026 WL 969670 (4th Cir. Apr. 10, 2026). In a nine to six ruling, the Court vacated the Preliminary Injunction issued by this Court (ECF 147). *AFSCME*, 2026 WL 969670, at *1. And, it remanded the case to the District Court for further proceedings. *Id.* The Mandate has not yet issued, however.

11. Notably, nine members of the Court agreed with the District Court's ruling as to Article III standing. *Id.* at *4. Moreover, "[l]ike the District Court," the Fourth Circuit concluded that the disclosure of personally identifiable information to DOGE "inflicts a harm that is a 'close . . . analogue' to the common law tort of intrusion upon seclusion." *Id.* However, the majority concluded that plaintiffs did not satisfy the second preliminary injunction factor under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 23-24 (2008), concerning irreparable harm. *AFSCME*, 2026 WL 969670, at *7.

12. In the Fourth Circuit's majority opinion, the Court characterized the government's admissions in the supplemental record (ECF 197) as "alarming" and stated that they "raise serious questions about its earlier conduct before the district court." *AFSCME*, 2026 WL 969670, at *6 n.8. With respect to plaintiffs' filing of March 10, 2026 (ECF 208), and the article from the Washington Post, the Court wrote: "The same goes for the even more recent—and even more alarming—allegations that plaintiffs flagged in their March 10

district court filing, which have not been made part of the record on appeal and thus are not properly before us in any sense." *AFSCME*, 2026 WL 969670, at *6 n.8.

13. In light of defendants' admissions and the allegations of the whistleblower report, the Court majority stated: "'On remand, however, the parties will be able to introduce further evidence on' these points, and the district court will be free to consider any future requests for appropriate relief or corrective action." *Id.* (quoting *Ashcroft v. ACLU*, 542 U.S. 656, 673 (2004)).  Moreover, Judge Wilkinson, concurring in the judgment, said: "The district court may assess this [whistleblower] report, as well as all new revelations, when considering whether a permanent injunction is appropriate upon remand." *AFSCME*, 2026 WL 969670, at *9 n.2.

14. At 6:02 p.m. on Friday, April 10, 2026, plaintiffs filed "Notice Regarding Supplemental Authority."  ECF 211.  They assert: "Discovery is necessary for—as the Fourth Circuit contemplated—the parties to be able to introduce further evidence, and for the Court to have an adequate record to consider further requests for relief or corrective action." *Id.* at 2.

15. Defendants have not yet responded to ECF 211.  But, the time to do so has not expired.  As noted, as a result of the conference call with counsel on August 12, 2025, the Court was persuaded to defer discovery until after disposition of the appeal.  ECF 190 at 16, 17.  The appeal has been decided.  The majority opinion makes clear that discovery is appropriate.

16. Therefore, it is hereby **ORDERED** that the Clerk is directed to lift the stay.

17. And, it is further **ORDERED** that plaintiffs' Motion (ECF 200) is **GRANTED**, provided, however, that by April 21, 2025, defendants may move to rescind this Order as improvidently granted.

It is so **ORDERED** this 13th day of April, 2026.

/s/
Ellen Lipton Hollander
United States District Judge