**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al*.,<br><br>Defendants. | Case No. 1:25-cv-00596-ELH |

**DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S ORDER**

Defendants respectfully request clarification of the Court's April 14, 2026, Order granting Plaintiffs' motion for discovery "provided . . . that by April 21, 202[6], defendants may move to rescind this Order as improvidently granted." Order, ECF 212. Defendants intend on moving to rescind the Order as improvidently granted on or before April 21, 2026, as this Court directed. However, at 10:30 PM on April 14, 2026, Plaintiffs served discovery on Defendants' counsel, demanding a response to Requests for Admissions ("RFAs") by this Monday, April 20; a response to Interrogatories and Requests for Production ("RFPs") by next Friday, April 24; and a 30(b)(6) deposition on May 4 (without checking with Defendants whether this date even works). It is neither appropriate nor feasible for Plaintiffs to demand that the Social Security Administration respond to broad discovery in this unnecessarily compressed timeline, especially because this Court has not issued a final order on discovery. Defendants thus seek two points of clarification:

1. Defendants request clarification on whether the Court's April 14, 2026, Order was a final order. Plaintiffs should not be permitted to serve discovery on Defendants until there is a final order permitting discovery that has considered Defendants' arguments. Defendants did not understand the Court's April 14, 2026, Order as a final order on discovery for at least two reasons. *First*, the Order stated that the time for Defendants to respond to Plaintiffs' Notice at ECF 211 "has not expired" and the Order was contingent on Defendants being permitted to move to rescind the Order as improvidently granted, which Defendants intend to do. But Plaintiffs have moved forward with serving discovery and demanding responses without giving Defendants the opportunity to respond to the Order by April 21, which is contrary to what the April 14 Order contemplates. *Second*, the Order did not identify the scope or basis for extra record discovery in this APA case. Without a final order defining those limits, the Social Security Administration ("SSA") does not know how to frame objections under Federal Rule of Civil Procedure 26(b)(1). Defendants ask (1) that the Court clarify that its April 14, 2026, Order was not a final order on discovery; (2) that the Court direct Plaintiffs to wait to serve discovery on Defendants until there is a final order on discovery; and (3) that a final order permitting discovery define the parameters of permissible discovery.

2. Defendants also seek clarification on the time to respond to Plaintiffs' discovery requests. The Court's Order did not provide a timeline for responding to the discovery. Therefore, Defendants understand the Order as providing at least the default 30-day timeline set forth in the Federal Rules. By contrast, Plaintiffs seek responses to their discovery in a highly compressed timeline (literally, for some of the requests, four working days) that is impossible for SSA to meet. Plaintiffs' discovery requests are broad and burdensome, and would require *at least* the normal 30-day response timeline. Some of the discovery requests touch on privileges and would need to

go through proper channels within SSA to determine what could be disclosed and could not be disclosed, which would take time. Some of the discovery requests intersect with outside audits and investigations that are ongoing at SSA, which would mean that SSA needs to consult with the authorities conducting those reviews and the individuals involved so as not to undermine the governing laws and integrity and process of those reviews. Beyond these and many other logistical issues, the information Plaintiffs seek is broad—seeking, for instance, "any and all documents and communications" related to a variety of topics in SSA's Notice that will require extensive research, investigation, collections, and searches of electronically stored information and other access-controlled records to identify responsive information. The gathering alone of such sensitive electronically stored information—from a technical perspective—will take time. The discovery requests also touch on information held by multiple subcomponents at SSA, and would require consultation with subject matter experts from different agency subcomponents to ensure accuracy in all agency replies. SSA thus asks that the Court clarify that Defendants have the normal 30-day deadline to file responses to Plaintiffs' discovery requests, to the extent the Court permits such discovery even after considering and ruling on Defendants' forthcoming motion to rescind the April 14 Order.

In sum, Defendants ask that the Court provide prompt clarification on its April 14 Order.

Dated: April 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

*/s/ Samuel Holt*
MARIANNE F. KIES
SAMUEL HOLT
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Samuel.Holt2@usdoj.gov