IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERATION OF
STATE, COUNTY AND
MUNICIPAL EMPLOYEES, AFL-
CIO, *et al.*

    *Plaintiffs*,

    v.

SOCIAL SECURITY
ADMINISTRATION, *et al.*

    *Defendants*.

Civil Action No. ELH-25-0596

**ORDER**

1.  Defendants have filed a "Motion for Clarification of the Court's Order."  ECF 213 (the "Motion").  It pertains to the Court's Order of April 14, 2026.  ECF 212.

2.  Defendants advise that, on or before April 21, 2026, as permitted by the Court, they intend to move to rescind the Order of April 14, 2026, as improvidently granted.  ECF 213 at 1.

3.  Defendants also seek clarification of two matters: (1) whether the Order of April 14, 2026, is a final order on discovery; and (2) the applicable timeline for responding to plaintiffs' discovery requests.  *Id.* at 2–3.

4.  Given defendants' intention to move to rescind the Order of April 14, 2026, it is logical—and consistent with the orderly administration of this case—to await the outcome of that motion before requiring defendants to respond to discovery.  Requiring defendants to respond to discovery requests before the Court has had the opportunity to consider defendants' rescission arguments would be premature and, in the event the Court rules in defendants' favor, could create an undue burden for defendants.

5. In the Motion, defendants assert that "the Order did not identify the scope or basis for extra record discovery in this APA case." *Id.* at 2. The Court anticipates that defendants will address this issue in the recission motion. And, if defendants wish to propose limitations for the scope of discovery, they should include such proposed parameters in their forthcoming motion to rescind.

6. Rule 30 of the Federal Rules of Civil Procedure requires "reasonable written notice" before taking a deposition. Fed. R. Civ. P. 30(b)(1). Moreover, Rule 33 of the Federal Rules of Civil Procedure provides thirty days to respond to interrogatories, and Rule 34 of the Federal Rules of Civil Procedure provides thirty days to respond to requests for production. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). A party seeking a shorter response time must obtain leave of Court. *See id.* In their "Motion to Lift Stay and Authorize Limited Discovery" (ECF 200), plaintiffs requested expedited timelines for discovery. *See* ECF 200. But, the Court did not grant that request.

7. Plaintiffs' request for expedited response deadlines appears unduly burdensome and unnecessary. If discovery is permitted, defendants shall respond in accordance with the Federal rules.

It is so **ORDERED** this 17th day of April, 2026.

/s/
Ellen Lipton Hollander
United States District Judge