**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.,*

Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION, *et al*.,

Defendants.

Case No. 1:25-cv-00596-ELH

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO RESCIND OR STAY COURT'S APRIL 14 ORDER AS IMPROVIDENTLY GRANTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. Defendants' Motion to Dismiss Is on File and Should Be Resolved Before Discovery Is Authorized. ........ 2

II. The Fourth Circuit's Decision Does Not Overwrite Precedent Regarding the Inappropriateness of Extra-Record Discovery in APA Cases. ........ 4

CONCLUSION ........ 6

## TABLE OF AUTHORITIES

**Page(s)**

*Air Line Pilots Ass'n v. Miller*,
523 U.S. 866 (1998) ... 2

*Athletics, Inc. v. Dep't of Educ.*,
504 F. Supp. 2d 88 (W.D. Va. 2007) ... 5

*B.F. v. Lopez*,
2025 WL 2457657 (D. Md. Aug. 26, 2025) ... 2

*Blankenship v. Trump*,
2020 WL 748874 (S.D.W. Va. Feb. 13, 2020) ... 2, 3

*Camp v. Pitts*,
411 U.S. 138 (1973) (per curiam) ... 6

*Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*,
450 F.3d 930 (9th Cir. 2006) ... 5

*Doe v. New Orleans Soccer Acad.*,
2025 WL 2411285 (D. Md. Aug. 20, 2025) ... 2

*Does 4 v. Musk*,
2025 WL 1505305 (D. Md. May 27, 2025) ... 2

*Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv.*,
707 F.3d 462 (4th Cir. 2013) ... 5

*Equity in Athletics, Inc. v. Dep't of Educ.*,
504 F. Supp. 2d 88 (W.D. Va. 2007) ... 5

*Int'l Refugee Assistance Project v. Trump*,
323 F. Supp. 3d 726 (D. Md. 2018) ... 1, 2

*Jones v. Broadwell*,
2013 WL 1909985 (E.D.N.C. May 8, 2013) ... 4

*Lanham v. Town of Louisburg*,
2025 WL 4690435 (E.D.N.C. Nov. 14, 2025) ... 2, 4

*Samma v. U.S. Dep't of Def.*,
136 F.4th 1108 (D.C. Cir. 2025) ... 3

*Sanitary Bd. of Charleston v. Wheeler*,
918 F.3d 324 (4th Cir. 2019) .......................................................................................... 4, 6

*Stone v. Signode Indus. Grp. LLC*,
2021 WL 2894159 (N.D. Ill. July 9, 2021)........................................................................ 6

## INTRODUCTION

There is no justification for extra-record discovery in this APA case—much less on an expedited timetable that conflicts with a motion to dismiss. Plaintiffs nonetheless insist that the Court should order discovery immediately.

*First*, Plaintiffs downplay Defendants' motion to dismiss, which they characterize as a "speculative future motion alleging speculative future mootness." Defendants' motion to dismiss is not speculative. It is on file. Moreover, it is supported by a sworn declaration that the Social Security Administration ("SSA") no longer has a DOGE Team and has no plans to reinstate one in the future. Mem. ISO Mot. to Dismiss (ECF 217-1) ("Mot. to Dismiss"); Sec. Felix-Lawson Decl. (ECF 217-2). This Court should, at minimum, stay discovery pending resolution of the motion to dismiss, which, if granted, would resolve this case in full. That is not, to use Plaintiffs' words, "novel"—it is "the normal practice of this District." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 735 (D. Md. 2018).

*Second*, Plaintiffs contend that extra-record discovery is somehow compelled by the Fourth Circuit's ruling on the appeal of their preliminary injunction. But nothing in the Fourth Circuit decision suggests that this Court should—let alone must—overlook binding precedent governing when extra-record discovery is appropriate in APA cases. And even if any discovery is authorized in this APA case, the parameters must be appropriately set. Whether discovery is warranted, and its scope, turn on the claims Plaintiffs have actually brought. Here, the claims Plaintiffs have brought do not justify the broad discovery they pursue.

Defendants' Motion to Rescind, ECF 215, should be granted. At the very least, discovery should be stayed until Defendants' motion to dismiss is finally resolved.

## ARGUMENT

### I. Defendants' Motion to Dismiss Is on File and Should Be Resolved Before Discovery Is Authorized.

The Court may stay discovery under its inherent power to control the disposition of causes on its docket to ensure efficiency and fairness for itself, litigants, and attorneys. *See Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 878–79 (1998). When a motion to dismiss offers "reasonable arguments," courts in this Circuit regularly put discovery on pause until the motion is decided. *E.g.*, *Lanham v. Town of Louisburg*, 2025 WL 4690435, at *1 (E.D.N.C. Nov. 14, 2025) ("If the motion [to dismiss] is granted, the time and resources devoted to discovery may be for naught. The court is mindful of the interests in moving a case forward. But given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the pending motion."). Indeed, it is the "normal practice of this District" that "discovery does not commence until after resolution of a motion to dismiss." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 735; *see also B.F. v. Lopez*, 2025 WL 2457657, at *1–2 (D. Md. Aug. 26, 2025) (denying plaintiffs' motion for leave to serve discovery while motion to dismiss pending); *Doe v. New Orleans Soccer Acad.*, 2025 WL 2411285, at *8 (D. Md. Aug. 20, 2025) (declining to grant jurisdictional discovery "before resolving the pending motions to dismiss"); *Does 4 v. Musk*, 2025 WL 1505305, at *5 (D. Md. May 27, 2025) (denying even specific expedited discovery largely because of a pending motion to dismiss); *Blankenship v. Trump*, 2020 WL 748874, at *2 (S.D.W. Va. Feb. 13, 2020) ("[A stay of discovery pending the outcome of a dispositive motion] is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (citation omitted)).

Plaintiffs assert that Defendants' Motion to Rescind is based on "unsupported speculation" that the operative Complaint is now moot. Opp'n to Mot. to Rescind (ECF 216) at 2.[1] But Defendants' mootness argument is neither speculative nor unsupported. It appears in a motion to dismiss and is supported not only by the undisputed fact of the DOGE Temporary Organization's imminent expiration but also by sworn testimony that SSA does not have any DOGE Team. The last former DOGE Team member, Aram Moghaddassi, offboarded in January 2026, and SSA has no plans to have a DOGE Team in the future. Mot. to Dismiss at 14–17; Sec. Felix-Lawson Decl. ¶¶ 4–9.[2] Defendants have further demonstrated why the mootness exceptions do not apply here, including because there is no evidence that the SSA DOGE Team left the Agency to "manipulate the court's jurisdiction" or to "strategically avoid judicial review by ceasing [the] challenged activity." *Samma v. U.S. Dep't of Def.*, 136 F.4th 1108, 1113–14 (D.C. Cir. 2025); *see* Mot. to Dismiss at 18–21.

Defendants' motion to dismiss will soon be fully briefed and ready for decision. Plaintiffs' opposition to the motion to dismiss is currently due May 19 (*see* ECF 223), and they will have the opportunity to argue (as they have now foreshadowed) that their Amended Complaint is not moot. Defendants' reply in support of the motion to dismiss is currently due June 2. *See* Local Civ. Rule 105.2(a). Plaintiffs identify no legitimate reason to race to authorize discovery *now*, to inquire into events that occurred more than a year ago, before the Court determines whether it still has

[1] ECF pagination (rather than internal pagination) is cited herein.

[2] Plaintiffs question the role of SSA's Chief Information Officer Michael Russo. *See* Opp'n to Mot. to Rescind at 3. However, as the Declarant has also attested, Mr. Russo is not, and has never been, a member of the SSA DOGE Team. Sec. Felix-Lawson Decl. ¶ 9; ECF 118 (providing list of the SSA DOGE Team members as of April 8, 2025). Mr. Russo had prior association with DOGE *before* onboarding at SSA. Sec. Felix-Lawson Decl. ¶ 9. He has over 30 years' relevant work experience and is non-career Senior Executive Service (SES). *Id.* He was not hired as part of SSA's DOGE Team; nor was he hired to implement the President's DOGE agenda. *Id.*

jurisdiction over the case in the coming weeks. *See, e.g.*, *Lanham*, 2025 WL 4690435, at *2; Aug. 12, 2025, Hr'g Tr. (ECF 190) at 21:9–22:2 (stating disinclination to "put the Government through [actually responding to discovery]" until "I know the case survives").[3]

## II. The Fourth Circuit's Decision Does Not Overwrite Precedent Regarding the Inappropriateness of Extra-Record Discovery in APA Cases.

Setting aside Defendants' pending motion to dismiss, extra-record discovery in this APA case is not proper. *E.g.*, Defs.' Mot. to Rescind (ECF 215) at 11–14; Defs.' Opp'n to Mot. to Lift Stay (ECF 204) at 13–17. *First*, Plaintiffs assert that "the principle of record review in an APA case does not require the Court to limit its review to the contours of a plainly incomplete record." Opp'n to Mot. to Rescind at 7. But Plaintiffs still have not identified *what* about the administrative record in *this* case is "plainly incomplete," or why any putative gaps would be filled by the burdensome discovery they now seek. Moreover, even if the administrative record was incomplete—and it is not—the proper procedural mechanism would be a motion to supplement to fill any demonstrated gaps, not a broad motion for extra-record discovery. *See, e.g.*, *Sanitary Bd. of Charleston v. Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019) (explaining there is a strong presumption that the agency properly designated the full and accurate record); *Jones v. Broadwell*, 2013 WL 1909985, at *2 (E.D.N.C. May 8, 2013) (directing supplementation). Nor do Plaintiffs specify the bad faith they claim "has been so plainly established." Opp'n to Mot. to Rescind at 7–

---

[3] As this Court previously observed, the Supreme Court's June 2025 stay order has long since permitted SSA's then-DOGE Team access to the data that Plaintiffs' Amended Complaint challenges. Aug. 12, 2025, Hr'g Tr. at 17:2–19. And Defendants have confirmed to Plaintiffs in writing that, "[a] litigation hold for records relevant to this case was issued promptly after Plaintiffs filed their original complaint," the hold "will remain in place for the case's duration," and [SSA] and the Department of Justice also have been complying with the Federal Records Act and will continue to do so going forward." Accordingly, SSA "does not have reason to believe that any relevant information in its possession has not been preserved."

8. SSA has acted in good faith, not bad, by voluntarily conducting an internal review and reporting possible discrepancies in the record first to its counsel and then the Court.

*Second*, as shown in Defendants' opening brief, Plaintiffs' existing legal theories, set forth in the Amended Complaint and reiterated repeatedly (by Plaintiffs and the Court) since then, concern the lawfulness of SSA's decision to grant its then-DOGE Team access to SSA records. Mot. to Rescind at 6–7, 11–12. Discovery about alleged misuse of agency data post-access decision is thus not relevant, unless and until Plaintiffs amend their complaint to include claims that would make it so. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (holding in APA case that "[p]arties may not use 'post-decision information as a new rationalization either for sustaining or attacking the Agency's decision'" (citation omitted)); *Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv.*, 707 F.3d 462, 467–69 (4th Cir. 2013) (holding that "a reviewing court may look only to these *contemporaneous* justifications in reviewing the agency action" and finding that the court erred in considering post-decision affidavit). Plaintiffs' claim that they "are not required to amend their pleadings to reflect" a new alleged violation of the law, Opp'n to Mot. to Rescind at 5, is incorrect. *See Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) ("new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs"), *aff'd*, 291 F. App'x 517 (4th Cir. 2008).

*Third*, Plaintiffs argue that the principle of record review "does [not] deny the Court authority to ascertain the details of noncompliance with its own orders." Opp'n to Mot. to Rescind at 7; *see id.* at 8–9 (acknowledging that Plaintiffs' requests "seek discovery into the extent and details" of "noncompliance"). Although compliance with the Court's injunctions is undoubtedly important, it has no bearing on the merits of Plaintiffs' APA case about data-access decisions. Courts should "not . . . allow Plaintiffs to go on the proverbial fishing expedition . . . to accomplish

through standard discovery what should be attempted through . . . enforcement proceedings." *Stone v. Signode Indus. Grp. LLC*, 2021 WL 2894159, at *3 (N.D. Ill. July 9, 2021), *objections overruled*, 2022 WL 393584 (N.D. Ill. Feb. 9, 2022). Plaintiffs cite no case where a court has allowed a party to use APA extra-record discovery to pursue general discovery into compliance with an injunction.

Finally, nothing about the Fourth Circuit's resolution of the preliminary-injunction appeal warrants denial of Defendants' Motion to Rescind. *See* Opp'n to Mot. to Rescind at 8. This Court is obligated to assess its jurisdiction over the case. That issue is now squarely before this Court in Defendants' motion to dismiss. Even if the Court's jurisdiction were not in question, the Court is bound to follow precedent limiting discovery in APA cases to the administrative record. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam); *Sanitary Bd. of Charleston*, 918 F.3d at 334. Plaintiffs recite the narrow exceptions to this rule but do not establish why they apply here. Discovery should not be allowed. At a minimum, though, the prudent, efficient, and proper course of action is to stay discovery until the Court assures itself that Plaintiffs' claims are still live.

**CONCLUSION**

The Court should rescind or stay its April 14, 2026, Order as improvidently granted. There is no reason to proceed immediately with discovery until the motion to dismiss is finally resolved and until it is clear that a case remains to which extra-record discovery conceivably could be directed. Finally, if any extra-record discovery is authorized (now or later), it should be appropriately tailored for the reasons discussed in the Motion to Rescind.

Dated: May 14, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Civil Division, Federal Programs Branch

*/s/ Marianne F. Kies*
MARIANNE F. KIES
JAMES A. RYAN
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street NW
Washington, DC 20005
Marianne.F.Kies@usdoj.gov
202-353-1819