**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, *et al.*,

Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION, *et al.*,

Defendants.

Case No. 1:25-cv-00596-ELH

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY ORDERED as follows:

1. Covered Information. "Covered Information" is defined for the purposes of this Order as the portions of the administrative record and any discovery or supplementation of the administrative record that are designated by the government as confidential and not filed on the public docket in this case. Nothing in this Order shall bar Plaintiffs from challenging Defendants' redactions in the publicly filed version of the administrative record or in subsequent filings. The Court will determine by separate Order whether any Covered Information shall remain redacted.

Nothing in this Order shall prevent Plaintiffs from citing or referencing information in the public domain. In the event that public domain information purports to duplicate Covered Information, citing to the public record shall not be construed as a violation of this Order.

2. Persons to Whom Disclosures May Be Made. Disclosure of Covered Information is limited to the Court, the Court's staff, Plaintiffs, Plaintiffs' employees, and Plaintiffs' counsel. Plaintiffs' counsel includes associated personnel necessary to assist Plaintiffs' counsel in this

litigation, such as litigation assistants, paralegals, secretarial or other clerical personnel, litigation support services, retained experts, experts whose services Plaintiffs' counsel otherwise engage for purposes of this litigation, declarants, consultants, and outside copying services. Engaged experts, declarants, and consultants shall agree to abide by the terms of this Order by signing the agreement in the form attached hereto as Exhibit A. Disclosure may not be made to Plaintiffs' members unless the recipient of the information is otherwise covered by this paragraph.

3. Nondisclosure of Covered Information. Plaintiffs and Plaintiffs' counsel may use Covered Information only for the purpose of this litigation (and all appeals thereof). Plaintiffs and Plaintiffs' counsel shall not disclose, in any manner whatsoever, Covered Information to any other person or entity beyond those indicated in Paragraph 2 or for any purpose other than this litigation (and all appeals thereof) without further court order.

4. Covered Information to Be Filed Under Seal. Those portions of any filings with the Court that include Covered Information shall be made under seal pursuant to the applicable rules of this Court. The party whose filing includes Covered Information must file a redacted version of the filing on the public docket within 24 hours. Plaintiffs retain the right to challenge Defendants' redactions in both the sealed and publicly filed versions of the filing, as described in Paragraph 1 and Paragraph 9 of this Order.

5. Use of Covered Information at Hearing. This Order does not determine the use of Covered Information at a Court hearing. To the extent Defendants seek to keep Covered Information confidential from the public as part of a hearing, Defendants shall file a motion to that effect at least 48 hours before the hearing, which Plaintiffs will have an opportunity to oppose. That includes any motion to seal the courtroom.

6. Continued Effect. This Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are submitted to the court as exhibits (unless such exhibits were filed under seal), and (b) a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

7. Unauthorized Disclosure. Should any Covered Information be disclosed, through inadvertence or otherwise to any person not authorized to receive the same under this Order, then the disclosing party shall use its best efforts to bind such persons to the terms of this Order. In particular, the disclosing party shall (a) promptly inform such person in writing of all the provisions of this Order and use its best efforts to immediately retrieve all copies of the Covered Information; (b) simultaneously serve, by electronic mail upon counsel for Defendants, copies of the inadvertently disclosed material or a full description of the inadvertently disclosed material; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A. The executed agreement shall promptly be served by electronic mail upon counsel for Defendants.

8. Nonparty Demand. If any Plaintiff or their counsel in this Action receives or is served with a third-party subpoena, request for production, or some other legal demand seeking Covered Information, the served person or entity shall give prompt actual written notice, within ten days of receipt of such subpoena, demand, or legal process, to counsel for Defendants. Defendants may then object to the production of Covered Information to the extent permitted by law. Should the third-party seeking access to the Covered Information take action to enforce such a subpoena, demand, or other legal process, the receiving party shall respond by setting forth the existence of this Order.

9. Challenge to Designation as Covered Information. Plaintiffs may, at any time, notify Defendants of their disagreement with the designation of any information as Covered Information. Defendants shall review the designation and inform Plaintiffs within three business day whether they consent to remove the designation. Plaintiffs retain the right to challenge any designation of Covered Information by Motion to this Court.

10. Defendants will endeavor to make Plaintiffs aware of any Department of Justice filing, production, or public posting that discloses Covered Information when DOJ counsel in this case becomes aware of it. Defendants also agree to promptly make Plaintiffs aware of any Covered Information that the government has officially confirmed or disclosed when DOJ counsel in this case become aware of such official confirmation or disclosure. Nothing in this paragraph shall be construed as an obligation by Defendants to track any such confirmation or disclosures.

11. This Order shall constitute an order of a Court of Competent Jurisdiction pursuant to 5 U.S.C. 552a(b)(12) authorizing disclosure of material subject to the Privacy Act when the material is within the scope and limits of discovery permissible under applicable law, regulation, and court order. This Order does not compel production of material for which Defendant has raised an objection, absent resolution of the objection or separate court order directing whether the material must be produced.

12. Nothing in this Order shall bar amendment of this Order by agreement of the parties or by order of the Court. Any such amendment of the parties shall be made in writing and filed with the Court.

13. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or further Order of the Court.

14. Nothing in this Order shall be construed as prohibiting or otherwise restricting Defendants' own use or disclosure of Covered Information.

15. Nothing in this Order shall be construed as prohibiting Defendants from redacting email addresses (excluding domains), phone numbers, or other information covered by Rule 5.2 of the Federal Rules of Civil Procedure, or the policy of the Judicial Conference of the United States to protect sensitive information.

16. Nothing in this Order requires Defendants to include in the administrative records any specific information, including information that would otherwise be properly withheld as privileged.

17. Nothing in this Order shall be construed as indicating that Plaintiffs agree with the confidential designation of any Covered Information.

18. This Order supersedes Defendants' previously proposed protective order, ECF 152.

IT IS SO ORDERED.

Dated: 8/11/2026

Ellen L. Hollander

Hon. Ellen Lipton Hollander
United States District Judge

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, *et al.*,

Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION, *et al.*,

Defendants.

Case No. 1:25-cv-00596-ELH

**AFFIDAVIT OF ______________________________**

I, ______________________________, declare under penalty of perjury that:

(a) My present address is ______________________________________________.

(b) My present employer is ____________________________________________.

And the address of my present employer is ______________________________________

__________________________________.

(c) My present occupation or job description is ______________________________

__________________________________.

(d) I have received a copy of the Protective Order in this Action and have carefully read and understand its provisions.

(e) I will comply with all provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order,

and will not copy or use for purposes other than for this Action, any "Covered Information" (as that term is defined in the Protective Order) that I receive in this Action.

**Signature:** ______________________________________________

**Date:** ______________________________________________